FILED
2025 Dec-12  PM 01:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
7/22/2025 8:20 AM
47-CV-2025-901332.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>47<br><br>Date of Filing:<br>07/22/2025 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

**PETER ABASHIAN ET AL v. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY) ET**

First Plaintiff: ☐ Business  ☑ Individual    First Defendant: ☑ Business  ☐ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  - Wrongful Death
- ☐ TONG  - Negligence: General
- ☐ TOMV  - Negligence: Motor Vehicle
- ☐ TOWA  - Wantonness
- ☑ TOPL  - Product Liability/AEMLD
- ☐ TOMM  - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM  - Malpractice-Other
- ☐ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM<br>DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____HOD016_____    _____7/22/2025 8:20:44 AM_____    _____/s/ DAVID J HODGE_____
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☑ NO

ELECTRONICALLY FILED
7/22/2025 8:20 AM
47-CV-2025-901332.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
## TWENTY-THIRD JUDICIAL CIRCUIT

PETER ABASHIAN, ROBERT ALLEN, )
WARREN AYLER, SR., SHERRY BAIRD )
HOGAN, KRISTY BEASON, STEVEN )
BELL, JAMES BELTZ, PAT BINGHAM, )    **CASE NO.**
KYLE BISCHOFF, JASON BLACK, )
ANGELA BLESSING, JOHN BRADLEY, )
JR., PATSY CAIRNS, PHILIP CARSON, )    **COMPLAINT**
ROBERT CLARK, THELMA COLEMAN, )
BOBBY COLLIER, SCOTT COLLIER, )
DAVID COSGROVE, SR., DANNY )    **JURY TRIAL DEMANDED**
CROSSWHITE, FRANK CURATELLA, )
MELODY DAILEY, PATRICK DISMUKES, )
EDGAR DRAKE, MARTHA GARRARD, )
ROBERT GINGRICH, SANDRA GIVENS, )
RHEA GONTARSKI, CHASITI GRAY, )
AMY HAM, SEDRICK HOLSTICK, RYAN )
HUBER, JULIANNA JAMISON, CATHY )
JOHNSON, JOSHUA KING, JOSEPH )
KYSER, HAZEL LANGSTON, JESSIE )
LAVON, LAWRENCE LILES, CATHY )
LOPEZ, FERNANDIUS LOWMAN, )
RONALD MARTIN, PEGGY MAYO, )
TOMMY MCKEE, MICHAEL MCLAIN, )
DAVID MELSON, JR., GREGORY MILLER, )
ROGERS MITCHELL, WANDA MORGAN, )
TIMOTHY NICHOLS, DEIRDRE PARKER, )
MELVIN PARRISH, SHERIA PERKINS, )
WILLIAM PEVAHOUSE, MINNIE )
PICKARD, BESSIE PUGH, LAVONNE )
RAGAN, ROBERT SHEPARD, SAMUEL )
SIDES, SUE SISK, RICHARD SLAYTON, )
GARY SMITH, JAMIE SMITH, LORETTA )
STURKIE, RICHARD TAMBER, MARY )
TARDY, HARVEY THOMAS, RONNIE )
TOOMEY, SUSAN WELLS, DONNIE )
WILLIAMS, RODERICK WILLIAMS, )
DEBORAH WITHERS, AND JOHN WYNN, )
)
       **Plaintiffs,** )
)
vs. )
)
3M COMPANY (f/k/a Minnesota Mining and )

Manufacturing, Co.); AGC CHEMICALS            )
AMERICAS, INC.; AGC, INC. (f/k/a Asahi        )
Glass Co., Ltd.);  ARCHROMA U.S., INC.;       )
ARKEMA, INC.; BASF CORPORATION;               )
BUCKEYE FIRE EQUIPMENT CO.;                    )
CHEMDESIGN PRODUCTS, INC.;                    )
CHEMGUARD, INC.; CLARIANT                      )
CORPORATION; CORTEVA, INC.;                    )
DUPONT DE NEMOURS, INC.; DYNAX                 )
CORPORATION; E.I. DU PONT DE                   )
NEMOURS AND COMPANY; THE                       )
CHEMOURS COMPANY; THE                          )
CHEMOURS COMPANY FC, LLC; TYCO                 )
FIRE PRODUCTS, LP; AND JOHN DOE                )
DEFENDANTS 1-49,                               )
                                               )
        **Defendants.**                        )
                                               )

---

## **COMPLAINT**

Plaintiffs Peter Abashian, Robert Allen, Warren Ayler, Sr., Sherry Baird Hogan, Kristy Beason, Steven Bell, James Beltz, Pat Bingham, Kyle Bischoff, Jason Black, Angela Blessing, John Bradley, Jr., Patsy Cairns, Philip Carson, Robert Clark, Thelma Coleman, Bobby Collier, Scott Collier, David Cosgrove, Sr., Danny Crosswhite, Frank Curatella, Melody Dailey, Patrick Dismukes, Edgar Drake, Martha Garrard, Robert Gingrich, Sandra Givens, Rhea Gontarski, Chaisti Gray, Amy Ham, Sedrick Holstick, Ryan Huber, Julianna Jamison, Cathy Johnson, Joshua King, Joseph Kyser, Hazel Langston, Jessie Lavon, Lawrence Liles, Cathy Lopez, Fernandius Lowman, Ronald Martin, Peggy Mayo, Tommy McKee, Michael McLain, David Melson, Jr., Gregory Miller, Rogers Mitchell, Wanda Morgan, Timothy Nichols, Deirdre Parker, Melvin Parrish, Sheria Perkins, William Pevahouse, Minnie Pickard, Bessie Pugh, Lavonne Ragan, Robert Shepard, Samuel Sides, Sue Sisk, Richard Slayton, Gary Smith,  Jamie Smith, Loretta Sturkie, Richard Tamber, Mary Tardy, Harvey Thomas, Ronnie Toomey, Susan Wells, Donnie Williams, Roderick Williams, Deborah Withers, and John Wynn, by and through undersigned counsel, bring this action against Defendants 3M Company

(f/k/a Minnesota Mining and Manufacturing, Co.), AGC Chemicals Americas, Inc., AGC, Inc. (f/k/a Asahi Glass Co., Ltd.), Archroma U.S., Inc., Arkema Inc., BASF Corporation, Buckeye Fire Equipment Company, Chemdesign Products, Inc., Chemguard, Inc., Clariant Corporation, Corteva, Inc., DuPont De Nemours, Inc., Dynax Corporation, E. I. Du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, and Tyco Fire Products, LP (individually and as successor-in-interest to The Ansul Company).  Plaintiffs hereby allege, upon information and belief, as follows:

## I.    SUMMARY OF THE CASE

1.    Plaintiffs bring this action against Defendants who manufactured aqueous film-forming foam ("AFFF"), exposure to which resulted in Plaintiffs' serious personal injuries.  The AFFF manufactured by Defendants contained per- and polyfluoroalkyl substances ("PFAS") including, but not limited to, perfluorooctanoic acid ("PFOA") and/or perfluorooctane sulfonic acid ("PFOS").

2.    PFOS and PFOA are fluorosurfactants that repel oil, grease, and water. PFOS, PFOA, and/or their chemical precursors, are or were components of AFFF products, which are firefighting suppressant agents used in training and firefighting activities for fighting Class B fires. Class B fires include fires involving hydrocarbon fuels such as petroleum or other flammable liquids.

3.    PFOS and PFOA are mobile, persist indefinitely in the environment, bioaccumulate in individual organisms and humans, and biomagnify up the food chain.  PFOS and PFOA are also associated with multiple and significant adverse health effects in humans, including but not limited to kidney cancer, testicular cancer, high cholesterol, thyroid disease, ulcerative colitis, and pregnancy-induced hypertension.

4.    At various times from the 1960s through today, Defendants designed, manufactured, marketed, distributed, and/or sold AFFF products containing PFOS, PFOA, and/or their chemical

precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or perfluourinated chemicals contained in AFFF.

5.    This Complaint refers to AFFF, PFOA, PFOS, PFAS compounds, and fluorosurfactants collectively as "Fluorosurfactant Products."

6.    Defendants manufactured, marketed and/or sold Fluorosurfactant Products with the knowledge that firefighters would be exposed to these toxic compounds during fire protection, training, and response activities even when the AFFF was used as directed and intended by the manufacturer.

7.    Defendants manufactured, marketed and/or sold Fluorosurfactant Products with the knowledge that PFAS are toxic, persist indefinitely, and would be routinely released into the environment, including the drinking water supply, even when the AFFF was used as directed and intended by Defendants.

8.    Due to the widespread PFAS contamination caused by Defendants' Fluorosurfactant Products, including the contamination of Plaintiffs' drinking water supplies, Plaintiffs have suffered serious personal injuries set forth in detail below. Plaintiffs' injuries are a direct result of their exposure to the PFAS contamination present in their drinking water supplies.

9.    Plaintiffs, as residents and those who visited, worked, or resided in the contaminated areas, have been unknowingly exposed for many years to dangerous PFAS levels.

10.    Plaintiffs' unwitting exposure to PFAS in their water supply as a result of Defendants' conduct set forth below is the direct and proximate cause of Plaintiffs' injuries.

11.    Plaintiffs file this lawsuit to recover compensatory and all other damages, including but not limited to past and future (1) expenses for care, treatment and hospitalization incident to their injuries;  (2) compensation for physical pain and suffering;  (3) loss of income, wages, or earning capacity; (4) compensation for mental or emotional pain and anguish; (5) physical impairment; (6)

loss of companionship and society;   (7) inconvenience; (8) loss of enjoyment of life; and (9) exemplary damages.

## II.    PARTIES

### A. Plaintiffs

12.    Plaintiff Peter Abashian is a citizen and resident of Madison, Alabama in Madison County. From approximately 1961 to 2025, Plaintiff Peter Abashian was regularly exposed to PFAS through drinking water at residences and workplaces in Vestal, New York; Huntsville, and Madison, Alabama; and Downingtown and Exton, Pennsylvania.

13.    On or about 2007, Plaintiff Peter Abashian was diagnosed with kidney cancer in Huntsville, Alabama and subsequently underwent a radical nephrectomy.

14.    Plaintiff Robert Allen is a citizen and resident of Albertville, Alabama. From approximately 1991 to 2025, Plaintiff Robert Allen was regularly exposed to PFAS through drinking water at residences and workplaces in Albertville and Boaz, Alabama.

15.    On or about 2012, Plaintiff Robert Allen was diagnosed with clear cell renal carcinoma in Boaz, Alabama and subsequently underwent a right radical nephrectomy.

16.    Plaintiff Warren Ayler, Sr. is a citizen and resident of Eight Mile, Alabama. From approximately 1960 to 2025, Plaintiff Warren Ayler, Sr. was regularly exposed to PFAS through drinking water at a residence in Eight Mile, Alabama. Plaintiff Warren Ayler, Sr. was also exposed to PFAS through drinking water while serving in the army and stationed at Fort Benning in Columbus, Georgia.

17.    On or about 2024, Plaintiff Warren Ayler, Sr. was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent related treatment.

18.     Plaintiff Sherry Baird Hogan is a citizen and resident of Sylacauga, Alabama. From approximately 1970 to 2025, Plaintiff Sherry Baird Hogan was regularly exposed to PFAS through drinking water at residences in Sylacauga, Alabama.

19.     On or about 2017, Plaintiff Sherry Baird Hogan was diagnosed with clear cell renal carcinoma in Anniston, Alabama, and subsequently underwent a left partial nephrectomy.

20.     Plaintiff Kristy Beason is a citizen and resident of Piedmont, Alabama. From approximately 2002 to 2009, Plaintiff Kristy Beason was regularly exposed to PFAS through drinking water at residences and workplaces in Anniston, Oxford, and Jacksonville, Alabama.

21.     On or about 2015, Plaintiff Kristy Beason was diagnosed with thyroid disease in Gadsden, Alabama. On or about 2021, Plaintiff Kristy Beason was diagnosed with kidney cancer in Anniston, Alabama and subsequently underwent a radical nephrectomy.

22.     Plaintiff Steven Bell is a citizen and resident of Fort Payne, Alabama. From approximately 1976 to 2024, Plaintiff Steven Bell was regularly exposed to PFAS through drinking water at residences in Sylvania, Rainsville, and Fort Payne, Alabama.

23.     On or about 2009, Plaintiff Steven Bell was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a radical nephrectomy.

24.     Plaintiff James Beltz is a citizen and resident of Ardmore, Alabama. From approximately 1985 to 2019, Plaintiff James Beltz was regularly exposed to PFAS through drinking water at residences in Salina, Kansas and Athens and Madison, Alabama. Plaintiff James Beltz was also exposed to PFAS through drinking water while serving in the army and stationed at Fort Benning in Columbus, Georgia and Fort Riley in Kansas.

25.     On or about 2011, Plaintiff James Beltz was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a total orchiectomy.

26.    Plaintiff Pat Bingham is a citizen and resident of Huntsville, Alabama. From approximately 1964 to 2025, Plaintiff Pat Bingham was regularly exposed to PFAS through drinking water at residences and workplaces in Montgomery and Huntsville, Alabama. Plaintiff Pat Bingham was also exposed to PFAS through drinking water while serving in the air force and stationed at Lackland Air Force Base in San Antonio, Texas, Sheppard Air Force Base in Texas, the Joint Base McGuire-Dixon-Lakehurst in New Hanover, New Jersey, and McChord Air Force Based in Fort Lewis, Washington.

27.    On or about 2010, Plaintiff Pat Bingham was diagnosed with clear cell renal carcinoma in Huntsville, Alabama and subsequently underwent a partial nephrectomy.

28.    Plaintiff Kyle Bischoff is a citizen and resident of Gadsden, Alabama. From approximately 1994 to 2025, Plaintiff Kyle Bischoff was regularly exposed to PFAS through drinking water at residences in Auburn and Gadsden, Alabama and Chattanooga and Hixson, Tennessee.

29.    On or about 2016, Plaintiff Kyle Bischoff was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a radical nephrectomy.

30.    Plaintiff Jason Black is a citizen and resident of Athens, Alabama. From approximately 1970 to 2025, Plaintiff Jason Black was regularly exposed to PFAS through drinking water at residences and workplaces in Athena and Auburn, Alabama.

31.    On or about 2011, Plaintiff Jason Black was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a total orchiectomy and chemotherapy.

32.    Plaintiff Angela Blessing is a citizen and resident of Anniston, Alabama. From approximately 1992 to 2025, Plaintiff Angela Blessing was regularly exposed to PFAS through drinking water at residences in Anniston, Weaver, Jacksonville, and Oxford, Alabama.

33.     On or about 2000, Plaintiff Angela Blessing was diagnosed with thyroid disease in Oxford, Alabama. On or about 2017, Plaintiff Angela Blessing was diagnosed with kidney cancer in Anniston, Alabama and subsequently underwent a total nephrectomy.

34.     Plaintiff John Bradley, Jr. is a citizen and resident of Muscle Shoals, Alabama. From approximately 1976 to 2025, Plaintiff John Bradley, Jr. was regularly exposed to PFAS through drinking water at residences and workplaces in Tuscumbia, Muscle Shoals, and Decatur, Alabama.

35.     On or about 2012, Plaintiff John Bradley, Jr. was diagnosed with clear cell renal carcinoma in Sheffield, Alabama and subsequently underwent a partial nephrectomy.

36.     Plaintiff Patsy Cairns is a citizen and resident of Birmingham, Alabama. From approximately 1954 to 2025, Plaintiff Patsy Cairns was regularly exposed to PFAS through drinking water at residences and workplaces in Birmingham, Vestavia, Irondale, and Hoover, Alabama.

37.     On or about 2024, Plaintiff Patsy Cairns was diagnosed with clear cell renal carcinoma in Birmingham, Alabama and subsequently underwent immunotherapy.

38.     Plaintiff Philip Carson is a citizen and resident of Bradenton, Florida. From approximately 2011 to 2025, Plaintiff Philip Carson was regularly exposed to PFAS through drinking water at residences in Mobile, Alabama; Sanford, Maine; and Bradenton, Florida.

39.     On or about 2014, Plaintiff Philip Carson was diagnosed with testicular cancer in York, Maine and subsequently underwent a total right orchiectomy.

40.     Plaintiff Robert Clark is a citizen and resident of Huntsville, Alabama. From approximately 1987 to 2025, Plaintiff Robert Clark was regularly exposed to PFAS through drinking water at residences and workplaces in Huntsville, Alabama.

41.     On or about 2021, Plaintiff Robert Clark was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent chemotherapy treatment.

42.    Plaintiff Thelma Coleman is a citizen and resident of Mobile, Alabama. From approximately 1964 to 2025, Plaintiff Thelma Coleman was regularly exposed to PFAS through drinking water at a residence in Mobile, Alabama.

43.    On or about 2010, Plaintiff Thelma Coleman was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent a radical nephrectomy.

44.    Plaintiff Bobby Collier is a citizen and resident of Sylacauga, Alabama. From approximately 1988 to 2025, Plaintiff was regularly exposed to PFAS through drinking water at residences in Morris, Birmingham, Bessemer, and Sylacauga, Alabama.

45.    On or about 2015, Plaintiff Bobby Collier was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a partial nephrectomy. On or about 2015, Plaintiff Bobby Collier was diagnosed with thyroid disease in Sylacauga, Alabama.

46.    Plaintiff Scott Collier is a citizen and resident of Irvington, Alabama. From approximately 1998 to 2012, Plaintiff was regularly exposed to PFAS through drinking water at residences in Grand Bay and Theodore, Alabama.

47.    On or about 2017, Plaintiff Scott Collier was diagnosed with testicular cancer in Mobile, Alabama and subsequently underwent a left total orchiectomy and chemotherapy. On or about November 2020, Plaintiff Scott Collier was again diagnosed with testicular cancer that metastasized to his kidney in Mobile, Alabama and subsequently underwent a radical nephrectomy.

48.    Plaintiff David Cosgrove, Sr. is a citizen and resident of Huntsville, Alabama. From approximately 1998 to 2025, Plaintiff David Cosgrove, Sr. was regularly exposed to PFAS through drinking water at residences and workplaces in Huntsville and Madison, Alabama.

49.    On or about 2007, Plaintiff David Cosgrove, Sr. was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a total orchiectomy and chemotherapy.

50.     Plaintiff Danny Crosswhite is a citizen and resident of Sheffield, Alabama. From approximately 1982 to 2025, Plaintiff was regularly exposed to PFAS through drinking water at residences and workplaces in Tuscumbia, Sheffield, and Muscle Shoals, Alabama.

51.     On or about 2025, Plaintiff Danny Crosswhite was diagnosed with testicular cancer in Sheffield, Alabama and subsequently underwent a total orchiectomy.

52.     Plaintiff Frank Curatella is a citizen and resident of Hoover, Alabama. From approximately 1988 to 2025, Plaintiff Frank Curatella was regularly exposed to PFAS through drinking water at residences and workplaces in Florence, Hoover, and Birmingham, Alabama and Cockeysville, Maryland.

53.     On or about 2013, Plaintiff Frank Curatella was diagnosed with testicular cancer in Baltimore, Maryland and subsequently underwent a total orchiectomy.

54.     Plaintiff Melody Dailey is a citizen and resident of Tuscumbia, Alabama. From approximately 1985 to 2025, Plaintiff Melody Dailey was regularly exposed to PFAS through drinking water at residences in Kenosha and Ladysmith, Wisconsin; Waukegan and Zion, Illinois; and Hillsboro, Russellville, and Tuscumbia, Alabama.

55.     On or about 2008, Plaintiff Melody Dailey was diagnosed with thyroid disease in Red Bay, Alabama. On or about 2021, Plaintiff Melody Dailey was diagnosed with kidney cancer in Nashville, Tennessee and subsequently underwent a radical nephrectomy.

56.     Plaintiff Patrick Dismukes is a citizen and resident of Prattville, Alabama. From approximately 1985 to 2025, Plaintiff Patrick Dismukes was regularly exposed to PFAS through drinking water at residences in Rockford, Millbrook, and Prattville, Alabama.

57.     On or about 2016, Plaintiff Patrick Dismukes was diagnosed with kidney cancer in Montgomery, Alabama and subsequently underwent a partial nephrectomy.

58.    Plaintiff Edgar Drake is a citizen and resident of Leeds, Alabama. From approximately 1949 to 2025, Plaintiff Edgar Drake was regularly exposed to PFAS through drinking water at residences and workplaces in Leeds and Birmingham, Alabama.

59.    On or about 2019, Plaintiff Edgar Drake was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left radical nephrectomy.

60.    Plaintiff Martha Garrard is a citizen and resident of Boaz, Alabama. From approximately 1989 to 2025, Plaintiff Martha Garrard was regularly exposed to PFAS through drinking water at residences in Boaz, Guntersville, and Albertville, Alabama.

61.    On or about 2021, Plaintiff Martha Garrard was diagnosed with kidney cancer in Guntersville, Alabama and subsequently underwent a right partial nephrectomy.

62.    Plaintiff Robert Gingrich is a citizen and resident of Falkville, Alabama. From approximately 1990 to 2024, Plaintiff Robert Gingrich was regularly exposed to PFAS through drinking water at residences and workplaces in Falkville and Vinemont, Alabama.

63.    On or about 2018, Plaintiff Robert Gingrich was diagnosed with Kidney Cancer in Birmingham, Alabama and subsequently underwent a left radical nephrectomy.

64.    Plaintiff Sandra Givens is a citizen and resident of Salem, Alabama. From approximately 1999 to 2018, Plaintiff Sandra Givens was regularly exposed to PFAS through drinking water at residences in Brunswick, Maine; LaPlace, Louisiana; Fairhope, Alabama; and Marinette, Wisconsin.

65.    On or about 2005, Plaintiff Sandra Givens was diagnosed with thyroid disease. On or about 2022, Plaintiff Sandra Givens was diagnosed with clear cell renal carcinoma in Opelika, Alabama and subsequently underwent a radical nephrectomy.

66.    Plaintiff Rhea Gontarski is a citizen and resident of Loxley, Alabama. From approximately 2013 to 2025, Plaintiff Rhea Gontarski was regularly exposed to PFAS through drinking water at a residence in Loxley, Alabama.

67.    On or about 2021, Plaintiff Rhea Gontarski was diagnosed with kidney cancer in Fairhope, Alabama and subsequently underwent a right radical nephrectomy.

68.    Plaintiff Chasiti Gray is a citizen and resident of Trussville, Alabama. From approximately 1979 to 2025, Plaintiff Chasiti Gray was regularly exposed to PFAS through drinking water at residences in Trussville, Hoover, Birmingham, and Dothan, Alabama.

69.    On or about 2025, Plaintiff Chasiti Gray was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a right partial nephrectomy, an open distal pancreatectomy, and a splenectomy.

70.    Plaintiff Amy Ham is a citizen and resident of Bakerhill, Alabama. From approximately 1998 to 2014, Plaintiff Amy Ham was regularly exposed to PFAS through drinking water at residences and workplaces in Fortson, Georgia and Montgomery and Dothan, Alabama.

71.    On or about 2014, Plaintiff Amy Ham was diagnosed with kidney cancer in Dothan, Alabama and subsequently underwent a left radical nephrectomy.

72.    Plaintiff Sedrick Holstick is a citizen and resident of Gadsden, Alabama. From approximately 1984 to 2025, Plaintiff Sedrick Holstick was regularly exposed to PFAS through drinking water at residences in Gadsden, Birmingham, and Bessemer, Alabama.

73.    On or about 2014, Plaintiff Sedrick Holstick was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a bilateral radical nephrectomy.

74.    Plaintiff Ryan Huber is a citizen and resident of Parowan, Utah. From approximately 2003 to 2015, Plaintiff Ryan Huber was regularly exposed to PFAS through drinking water at residences and workplaces in Logan, Ogen, and Brigham City, Utah and Madison, Alabama.

75.    On or about August 2013, Plaintiff Ryan Huber was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a total right orchiectomy.

76.    Plaintiff Julianna Jamison is a citizen and resident of Birmingham, Alabama. From approximately 1965 to 2025, Plaintiff Julianna Jamison was regularly exposed to PFAS through drinking water at residences and workplaces in Birmingham and Mountain Brook, Alabama.

77.    On or about 2019, Plaintiff Julianna Jamison was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left partial nephrectomy. On or about 2000, Plaintiff Julianna Jamison was diagnosed with thyroid disease in Birmingham, Alabama.

78.    Plaintiff Cathy Johnson is a citizen and resident of Huntsville, Alabama. From approximately 1982 to 2025, Plaintiff Cathy Johnson was regularly exposed to PFAS through drinking water at residences in Gadsden, Huntsville, and Madison, Alabama and Bradenton, Florida.

79.    On or about 2017, Plaintiff Cathy Johnson was diagnosed with stage 2 kidney cancer in Huntsville, Alabama, and subsequently underwent a cryoablation.

80.    Plaintiff Joshua King is a citizen and resident of Ozark, Alabama. From approximately 2001 to 2015, Plaintiff Joshua King was regularly exposed to PFAS through drinking water at residences and workplaces in Ariton, Alabama.

81.    On or about 2020, Plaintiff Joshua King was diagnosed with testicular cancer in Dothan, Alabama and subsequently underwent a right total orchiectomy.

82.    Plaintiff Joseph Kyser is a citizen and resident of Bay Minette, Alabama. From approximately 1987 to 2025, Plaintiff Joseph Kyser was regularly exposed to PFAS through drinking water at residences in Bay Minette, Mobile, and Saraland, Alabama.

83.    On or about 2017, Plaintiff Joseph Kyser was diagnosed with stage 2 kidney cancer in Mobile, Alabama and subsequently underwent a left radical nephrectomy in New Orleans, Louisiana.

84.     Plaintiff Hazel Langston is a citizen and resident of Jemison, Alabama. From approximately 1958 to 1990, Plaintiff Hazel Langston was regularly exposed to PFAS through drinking water at workplaces in Clanton and Warrior, Alabama.

85.     On or about 2022, Plaintiff Hazel Langston was diagnosed with stage 3 kidney cancer in Alabaster, Alabama and subsequently underwent a right radical nephrectomy.

86.     Plaintiff Jessie Lavon is a citizen and resident of Greensboro, Alabama. From approximately 2003 to 2020, Plaintiff Jessie Lavon was regularly exposed to PFAS through drinking water at residences in Irondale and Mobile, Alabama.

87.     On or about 2006, Plaintiff Jessie Lavon was diagnosed with kidney cancer in Tuscaloosa, Alabama and subsequently underwent a right radical nephrectomy.

88.     Plaintiff Lawrence Liles is a citizen and resident of Mobile, Alabama. From approximately 1978 to 2025, Plaintiff Lawrence Liles was regularly exposed to PFAS through drinking water at residences and workplaces in Mobile, Alabama; Bethesda, Maryland; and Santa Barbara, Lafayette, and Moraga, California.

89.     On or about 2024, Plaintiff Lawrence Liles was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent a right partial nephrectomy.

90.     Plaintiff Cathy Lopez is a citizen and resident of Athens, Alabama. From approximately 1991 to 2025, Plaintiff Cathy Lopez was regularly exposed to PFAS through drinking water at residences in Athens, Decatur, and Tanner, Alabama.

91.     On or about 2020, Plaintiff Cathy Lopez was diagnosed with kidney cancer in Madison, Alabama and subsequently underwent a left radical nephrectomy. On or about 2005, Plaintiff Cathy Lopez was diagnosed with thyroid disease in Athens, Alabama.

92.     Plaintiff Fernandius Lowman is a citizen and resident of Bay Minette, Alabama. From approximately 1998 to 2025, Plaintiff Fernandius Lowman was regularly exposed to PFAS through

drinking water at residences and workplaces in Bay Minette, Florence, Mobile, and Sheffield, Alabama.

93.     On or about 2024, Plaintiff Fernandius Lowman was diagnosed with testicular cancer in Mobile, Alabama, and subsequently underwent a right total orchiectomy.

94.     Plaintiff Ronald Martin is a citizen and resident of Castleberry, Alabama. From approximately 1990 to 1994, Plaintiff Ronald Martin was regularly exposed to PFAS through drinking water at a workplace in Mobile, Alabama.

95.     On or about 2025, Plaintiff Ronald Martin was diagnosed with kidney cancer in Pensacola, Florida and subsequently underwent a radical nephrectomy.

96.     Plaintiff Peggy Mayo is a citizen and resident of Anniston, Alabama. From approximately 1990 to 2025, Plaintiff Peggy Mayo was regularly exposed to PFAS through drinking water at residences and workplaces in Anniston, Jacksonville, Oxford, and Southside, Alabama.

97.     On or about 2019, Plaintiff Peggy Mayo was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left radical nephrectomy.

98.     Plaintiff Tommy McKee is a citizen of Pensacola, Florida. From approximately 1997 to 2025, Plaintiff Tommy McKee was regularly exposed to PFAS through drinking water at residences and workplaces in Bay Minette and Mobile, Alabama; Austell, Georgia; and Pensacola, Florida.

99.     On or about June 2016, Plaintiff Tommy McKee was diagnosed with clear cell renal carcinoma in Mobile, Alabama and subsequently underwent a right partial nephrectomy.

100.    Plaintiff Michael McLain is a citizen and resident of Valley, Alabama. From approximately 1981 to 2025, Plaintiff Michael McLain was regularly exposed to PFAS through drinking water at residences in Lanett and Valley, Alabama.

101.    On or about 2006, Plaintiff Michael McLain was diagnosed with testicular cancer in Warm Springs, Georgia and subsequently underwent a left total orchiectomy.

102.    Plaintiff David Melson, Jr. is a citizen and resident of Phenix City, Alabama. From approximately 1991 to 2023, Plaintiff David Melson, Jr. was regularly exposed to PFAS through drinking water at residences and workplaces in Stockbridge, Georgia; Morris, Illinois; East Alton, Illinois; and Phenix City, Alabama.

103.    On or about 2016, Plaintiff David Melson, Jr. was diagnosed with kidney cancer in Columbus, Georgia and subsequently underwent a partial nephrectomy. On or about 2017, Plaintiff David Melson, Jr. was diagnosed with thyroid disease in Columbus, Georgia.

104.    Plaintiff Gregory Miller is a citizen and resident of Falkville, Alabama. From approximately 1993 to 2025, Plaintiff Gregory Miller was regularly exposed to PFAS through drinking water at residences and workplaces in Decatur and Falkville, Alabama.

105.    On or about 2013, Plaintiff Gregory Miller was diagnosed with kidney cancer in Decatur, Alabama and subsequently underwent a left radical nephrectomy.

106.    Plaintiff Rogers Mitchell is a citizen and resident of Millbrook, Alabama. From approximately 1993 to 2025, Plaintiff Rogers Mitchell was regularly exposed to PFAS through drinking water at residences in Millbrook, Montgomery, Prattville, and Wetumpka, Alabama.

107.    On or about 2019, Plaintiff Rogers Mitchell was diagnosed with kidney cancer in Prattville, Alabama and subsequently underwent a right radical nephrectomy in Montgomery, Alabama.

108.    Plaintiff Wanda Morgan is a citizen and resident of Goodwater, Alabama. From approximately 1993 to 2002, Plaintiff Wanda Morgan was regularly exposed to PFAS through drinking water at residences in Alexander City, Alabama.

109.    On or about 2022, Plaintiff Wanda Morgan was diagnosed with clear cell renal carcinoma in Homewood, Alabama and subsequently underwent a left partial nephrectomy. On or about 2009, Plaintiff Wanda Morgan was diagnosed with clear cell renal carcinoma in Alexander City, Alabama and subsequently underwent a cryoablation on the left kidney.

110.    Plaintiff Timothy Nichols is a citizen and resident of Waleska, Georgia. From approximately 1991 to 2025, Plaintiff Timothy Nichols was regularly exposed to PFAS through drinking water at residences in Pleasant Grove and Talladega, Alabama.

111.    On or about 2020, Plaintiff Timothy Nichols was diagnosed with clear cell renal carcinoma in Roswell, Georgia and subsequently underwent a left radical nephrectomy.

112.    Plaintiff Deirdre Parker is a citizen and resident of Anniston, Alabama. From approximately 1989 to 2015, Plaintiff Deirdre Parker was regularly exposed to PFAS through drinking water at residences in Anniston, Alabama.

113.    On or about 2010, Plaintiff Deirdre Parker was diagnosed with kidney cancer in Anniston, Alabama and subsequently underwent a left radical nephrectomy.

114.    Plaintiff Melvin Parrish is a citizen and resident of Lineville, Alabama. From approximately 1977 to 2017, Plaintiff Melvin Parrish was regularly exposed to PFAS through drinking water at residences and workplaces in Birmingham and Fairfield, Alabama. Additionally, Plaintiff Melvin Parrish was regularly exposed to PFAS through drinking water while serving in the army and stationed at Fort Smith in Arkansas, Fort Moore in Georgia, and Columbia, South Carolina.

115.    On or about 2018, Plaintiff Melvin Parrish was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a right partial nephrectomy and radiation treatments.

116.    Plaintiff Sheria Perkins is a citizen and resident of Ohatchee, Alabama. From approximately 1979 to 2025, Plaintiff Sheria Perkins was regularly exposed to PFAS through drinking water at residences in Jacksonville and Ohatchee, Alabama.

117.    On or about 2023, Plaintiff Sheria Perkins was diagnosed with clear cell renal carcinoma in Gadsden, Alabama and subsequently underwent a left radical nephrectomy. On or about 2020, Plaintiff Sheria Perkins was diagnosed with thyroid disease.

118.    Plaintiff William Pevahouse is a citizen and resident of Cullman, Alabama. From approximately 1963 to 2025, Plaintiff William Pevahouse was regularly exposed to PFAS through drinking water at residences in Arley, Cullman, and Hartselle, Alabama.

119.    On or about 2017, Plaintiff William Pevahouse was diagnosed with kidney cancer in Decatur, Alabama and subsequently underwent a right partial nephrectomy and a right cryosurgery.

120.    Plaintiff Minnie Pickard is a citizen and resident of Opelika, Alabama. From approximately 1996 to 2025, Plaintiff Minnie Pickard was regularly exposed to PFAS through drinking water at residences in Opelika, Alabama.

121.    On or about 2025, Plaintiff Minnie Pickard was diagnosed with kidney cancer in Opelika, Alabama and subsequently underwent a right partial nephrectomy.

122.    Plaintiff Bessie Pugh is a citizen and resident of Midway, Alabama. From approximately 2003 to 2019, Plaintiff Bessie Pugh was regularly exposed to PFAS through drinking water at residences in Montgomery, Alabama and Pensacola, Florida.

123.    On or about 2023, Plaintiff Bessie Pugh was diagnosed with kidney cancer in Montgomery, Alabama and subsequently underwent a right radical nephrectomy.

124.    Plaintiff Lavonne Ragan is a citizen and resident of Arab, Alabama. From approximately 1974 to 2025, Plaintiff Lavonne Ragan was regularly exposed to PFAS through drinking water at residences and workplaces in Arab, Huntsville, and Lacey's Spring, Alabama.

125.    On or about 2010, Plaintiff Lavonne Ragan was diagnosed with kidney cancer in Huntsville, Alabama and subsequently underwent a right radical nephrectomy.

126.    Plaintiff Robert Shepard is a citizen and resident of Flowery Branch, Georgia. From approximately 1982 to 1986, Plaintiff Robert Shepard was regularly exposed to PFAS through drinking water at his residence and workplace in Dothan, Alabama.

127.    On or about March 2021, Plaintiff Robert Shepard was diagnosed with kidney cancer in Atlanta, Georgia and subsequently underwent a left radical nephrectomy.

128.    Plaintiff Samuel Sides is a citizen and resident of Cleveland, Alabama. From approximately 1999 to 2025, Plaintiff Samuel Sides was regularly exposed to PFAS through drinking water at residences in Dora and Cleveland, Alabama.

129.    On or about 2025, Plaintiff Samuel Sides was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a right radical nephrectomy.

130.    Plaintiff Sue Sisk is a citizen and resident of Rainsville, Alabama. From approximately 1990 to 2025, Plaintiff Sue Sisk was regularly exposed to PFAS through drinking water at residences in Pisgah and Rainsville, Alabama.

131.    On or about 2015, Plaintiff Sue Sisk was diagnosed with clear cell renal carcinoma in Scottsboro, Alabama and subsequently underwent a right radical nephrectomy.

132.    Plaintiff Richard Slayton is a citizen and resident of Town Creek, Alabama. From approximately 1958 to 1962 and 1990 to 2000, Plaintiff Richard Slayton was regularly exposed to PFAS through drinking water at residences in Hanceville and Town Creek, Alabama.

133.    On or about 2013, Plaintiff Richard Slayton was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left partial nephrectomy. On or about 2023, Plaintiff Richard Slayton was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent an ablation.

134. Plaintiff Gary Smith is a citizen and resident of Boaz, Alabama. From approximately 1977 to 2025, Plaintiff Gary Smith was regularly exposed to PFAS through drinking water at residences and workplaces in Albertville and Boaz, Alabama.

135. On or about 2012, Plaintiff Gary Smith was diagnosed with clear cell renal carcinoma in Boaz, Alabama and subsequently underwent a right radical nephrectomy.

136. Plaintiff Jamie Smith is a citizen and resident of Mount Olive, Alabama. From approximately 1975 to 2025, Plaintiff Jamie Smith was regularly exposed to PFAS through drinking water at residences in Gardendale and Mount Olive, Alabama.

137. On or about 2016, Plaintiff Jamie Smith was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left partial nephrectomy.

138. Plaintiff Loretta Sturkie is a citizen and resident of Lanett, Alabama. From approximately 1972 to 2025, Plaintiff Loretta Sturkie was regularly exposed to PFAS through drinking water at residences and workplaces in Cusseta, Lanett, and Valley, Alabama.

139. On or about 1995, Plaintiff Loretta Sturkie was diagnosed with thyroid disease in Valley, Alabama. On or about 2010, Plaintiff Loretta Sturkie was diagnosed with kidney cancer in Opelika, Alabama and subsequently underwent a right partial nephrectomy and began a cycle of chemotherapy. On or about 2022, Plaintiff Loretta Sturkie was diagnosed with ulcerative colitis in Valley, Alabama.

140. Plaintiff Richard Tamber is a citizen and resident of Odenville, Alabama. From approximately 1943 to 2025, Plaintiff Richard Tamber was regularly exposed to PFAS through drinking water at residences in Odenville, Trussville, Moody, and Birmingham, Alabama and Wheatland, Pennsylvania.

141. On or about 2012, Plaintiff Richard Tamber was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a right radical nephrectomy.

142.    Plaintiff Mary Tardy is a citizen and resident of Grand Bay, Alabama. From approximately 1989 to 2025, Plaintiff Mary Tardy was regularly exposed to PFAS through drinking water at residences in Grand Bay, Mobile, and Theodore, Alabama.

143.    On or about 2023, Plaintiff Mary Tardy was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent a left partial nephrectomy.

144.    Plaintiff Harvey Thomas is a citizen and resident of Opelika, Alabama. From approximately 1989 to 2025, Plaintiff Harvey Thomas was regularly exposed to PFAS through drinking water at residences in Opelika, Lanett, and Auburn, Alabama.

145.    On or about 2023, Plaintiff Harvey Thomas was diagnosed with testicular cancer in Opelika, Alabama and subsequently underwent a left total orchiectomy.

146.    Plaintiff Ronnie Toomey is a citizen and resident of Saraland, Alabama. From approximately 1994 to 2025, Plaintiff Ronnie Toomey was regularly exposed to PFAS through drinking water at residences in Chickasaw, Daphne, and Saraland, Alabama.

147.    On or about 2014, Plaintiff Ronnie Toomey was diagnosed with testicular cancer in Mobile, Alabama and subsequently underwent a right total nephrectomy.

148.    Plaintiff Susan Wells is a citizen and resident of Mountain Brook, Alabama. From approximately 1978 to 2025, Plaintiff Susan Wells was regularly exposed to PFAS through drinking water at residences and workplaces in Birmingham, Fultondale, Gardendale, Homewood, and Mountain Brook, Alabama.

149.    On or about 2019, Plaintiff Susan Wells was diagnosed with clear cell renal carcinoma in Birmingham, Alabama and subsequently underwent a right partial nephrectomy.

150.    Plaintiff Donnie Williams is a citizen and resident of Huntsville, Alabama. From approximately 1976 to 2025, Plaintiff Donnie Williams was regularly exposed to PFAS through drinking water at residences in Evergreen and Huntsville, Alabama. Plaintiff Donnie Williams was

also exposed to PFAS through drinking water while serving in the military at Redstone Arsenal in Huntsville, Alabama.

151.    On or about 2023, Plaintiff Donnie Williams was diagnosed with kidney cancer in Huntsville, Alabama and subsequently underwent a right radical nephrectomy.

152.    Plaintiff Roderick Williams is a citizen and resident of Mobile, Alabama. From approximately 1981 to 2025, Plaintiff Roderick Williams was regularly exposed to PFAS through drinking water at residences in Mobile and Prichard, Alabama; Rancho Santa Margarita, California; Jonesboro and Riverdale, Georgia; and New Orleans, Louisiana.

153.    On or about 2019, Plaintiff Roderick Williams was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent related treatment.

154.    Plaintiff Deborah Withers is a citizen and resident of Foley, Alabama. From approximately 1962 to 2025, Plaintiff Deborah Withers was regularly exposed to PFAS through drinking water at residences and workplaces in Foley, Alabama.

155.    On or about 2022, Plaintiff Deborah Withers was diagnosed with thyroid disease in Fairhope, Alabama. On or about 2014, Plaintiff Deborah Withers was diagnosed with kidney cancer in Foley, Alabama and subsequently a right radical nephrectomy.

156.    Plaintiff John Wynn is a citizen and resident of Athens, Alabama. From approximately 1977 to 2022, Plaintiff John Wynn was regularly exposed to PFAS through drinking water at residences and workplaces in Decatur and Madison, Alabama.

157.    On or about 2017, Plaintiff John Wynn was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a right total orchiectomy. On or about 2019, Plaintiff John Wynn was diagnosed with testicular cancer in Huntsville, Alabama and subsequently began a cycle of chemotherapy.

**B.  <u>Defendants</u>**

158.    Upon information and belief, the following Defendants designed, manufactured, formulated, marketed, promoted, distributed, and/or sold the Fluorosurfactant Products to which Plaintiffs were exposed.

159.    **3M:** Defendant 3M Company (f/k/a Minnesota Mining and Manufacturing Company) ("3M") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 3M Center, St. Paul, Minnesota 55144. At all times relevant, 3M manufactured, marketed, promoted, distributed, and/or sold AFFF containing PFOA and/or PFOS used to fight fires at numerous military bases, airports, and other locations throughout the country.

160.    3M is the only company that manufactured and/or sold AFFF containing PFOS.

161.    **AGC AMERICA:** Defendant AGC Chemicals Americas, Inc. ("AGC America") is a Delaware corporation with its principal business office at 55 E. Uwchlan Avenue, Suite 201, Exton, Pennsylvania 19341. Upon information and belief, AGC America is a subsidiary of AGC, Inc., a Japanese corporation formerly known as Asahi Glass Company, Ltd.

162.    **AGC:** Defendant AGC, Inc. f/k/a Asahi Glass Co., Ltd. ("AGC"), is a corporation organized under the laws of Japan and does business throughout the United States. AGC has its principal place of business at 1-5-1, Marunouchi, Chiyoda-ku, Tokyo 100-8405 Japan.

163.    **ARCHROMA US:** Defendant Archroma U.S., Inc. ("Archroma US") is a Delaware corporation with its principal place of business located at 5435 77 Center Dr., #10, Charlotte, North Carolina 28217. Upon information and belief, Archroma U.S., Inc. is a subsidiary of Archroma Management, LLC, and supplied Fluorosurfactant Products for use in AFFF.

164.    **ARKEMA:** Defendant Arkema, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 900 1st Avenue, King of Prussia, Pennsylvania 19406. Arkema, Inc. is an operating subsidiary of Arkema France, S.A.

165. **BASF:** Defendant BASF Corporation ("BASF") is a Delaware corporation with its principal place of business at 100 Park Avenue, Florham Park, New Jersey 07932. Upon information and belief, BASF acquired Ciba-Geigy Corporation and/or Ciba Specialty Chemicals.

166. **BUCKEYE:** Defendant Buckeye Fire Equipment Company ("Buckeye") is a foreign corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086. This Defendant manufactured and sold AFFF that contained PFOA.

167. **CHEMDESIGN:** Defendant ChemDesign Products, Inc. ("ChemDesign") is a Texas corporation with its principal place of business located at 2 Stanton Street, Marinette, Wisconsin 54143.

168. **CHEMGUARD:** Defendant Chemguard, Inc. ("Chemguard") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143. This Defendant manufactured and sold AFFF that contained PFOA.

169. **CLARIANT:** Defendant Clariant Corporation ("Clariant") is a New York corporation with its principal place of business located at 4000 Monroe Road, Charlotte, North Carolina 28205.

170. **CORTEVA:** Defendant Corteva, Inc. ("Corteva") is a Delaware corporation with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

171. **DUPONT DE NEMOURS:** Defendant DuPont De Nemours, Inc. (f/k/a DowDuPont, Inc.) is a Delaware corporation with its principal place of business located at 974 Centre Road, Building 730, Wilmington, Delaware 19805. DowDuPont, Inc. was formed in 2017 as a result of the merger of Dow Chemical and DuPont.

172. Upon information and belief, Corteva was originally formed in February 2018 as a

wholly-owned subsidiary of DowDuPont, Inc. On June 1, 2019, DowDuPont, Inc. separated its agriculture business through the spin-off of Corteva. In doing so, DowDuPont, Inc. distributed all issued and outstanding shares of Corteva common stock to DowDuPont, Inc. stockholders by way of a pro-rata dividend. Upon information and belief, following that distribution, Corteva became the direct parent of DuPont, and holds certain DowDuPont, Inc. assets and liabilities.

173.    Following the June 1, 2019 spin-off of Corteva and of another entity, Dow, Inc., DowDuPont, Inc. changed its name to DuPont De Nemours, Inc. ("New DuPont"). Upon information and belief, New DuPont retained assets in the specialty products business lines, as well as the balance of the financial assets and liabilities of DuPont not assumed by Corteva.

174.    **DYNAX:** Defendant Dynax Corporation ("Dynax") is a Delaware corporation with its principal place of business located at 103 Fairview Park Drive, Elmsford, New York 10523. Upon information and belief, this Defendant manufactured Fluorosurfactant Products for use in AFFF.

175.    **DUPONT:** Defendant E. I. Du Pont De Nemours and Company ("DuPont") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

176.    **CHEMOURS:** Defendant The Chemours Company ("Chemours") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, Wilmington, Delaware 19899.

177.    In 2015, DuPont spun off its "Performance Chemicals" business to Chemours, along with certain environmental liabilities. Upon information and belief, at the time of the transfer of its Performance Chemicals business to Chemours, DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding DuPont's liability for damages and injuries arising from the manufacture and sale of PFAS compounds and products that contain PFAS compounds.

178.    **CHEMOURS FC:** Defendant The Chemours Company FC LLC ("Chemours FC"), successor in interest to DuPont Chemical Solutions Enterprise, is a Delaware limited liability company that conducts business throughout the United States. Its principal place of business is 1007 Market Street Wilmington, Delaware, 19899.

179.    **TYCO:** Defendant Tyco Fire Products L.P. ("Tyco") is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business located at 1400 Pennbrook Parkway, Lansdale, Pennsylvania 19446.

180.    Tyco is an indirect subsidiary that is wholly owned by Johnson Controls International P.L.C., an Irish public limited company listed on the New York Stock Exchange

181.    Tyco manufactures the Ansul brand of products and is the successor-in-interest to the corporation formerly known as The Ansul Company ("Ansul") (hereinafter, Ansul and/or Tyco as the successor-in-interest to Ansul will be referred to collectively as "Tyco"). At all times relevant, Tyco manufactured, marketed, promoted, distributed, and/or sold fire suppression products, including AFFF that contained fluorocarbon surfactants containing PFAS.

182.    Upon information and belief, Defendant John Does 1-49 were manufacturers and/or sellers of AFFF products. Although the identities of the John Doe Defendants are currently unknown, it is expected that their names will be ascertained during discovery, at which time the Plaintiffs will move for leave of this Court to add those individuals' actual names to the Complaint as Defendants.

183.    All of the foregoing Defendants, upon information and belief, have previously conducted and/or currently conduct their business throughout the United States. Moreover, some of the foregoing Defendants, if not all, have conducted and/or are currently conducting business in the State of Florida.

184.    Any and all references to a Defendant or Defendants in this Complaint include any predecessors, successors, parents, subsidiaries, affiliates and divisions of the named Defendants.

185.    The term "Defendants," without naming any specific one, refers to all Defendants named in this Complaint jointly and severally. When reference is made to any act or omission of the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of Defendants, and did so while acting within the scope of their employment or agency.

### III.    JURISDICTION & VENUE

186.    This Court has subject matter jurisdiction over this action pursuant to Alabama Code § 12-11-30 because this is an action for damages in excess of twenty thousand dollars ($20,000.00).

187.    Venue is appropriate in Madison County pursuant to Alabama Code § 6-3-7 because a substantial part of the events and omissions giving rise to Plaintiffs' causes of action accrued in this County and because property and resources affected by Defendants' conduct are located in this County.#

### IV.    FACTUAL ALLEGATIONS

#### A.  <u>The PFAS Contaminants at Issue: PFOA and PFOS</u>

188.    Both PFOA and PFOS fall within a class of chemical compounds known as perfluoroalkyl acids ("PFAAs"). PFAAs are then part of a larger chemical family recognized as per- and polyfluoroalkyl substances ("PFAS"). PFAA is composed of a chain of carbon atoms in which all but one of the carbon atoms are bonded to fluorine atoms, meanwhile the last carbon atom is attached to a functional group. The carbon-fluorine bond is one of the strongest chemical bonds that occur in nature.

189.    PFAAs are sometimes described as long-chain and short-chain compounds, depending on the number of carbon atoms contained in the carbon chain. PFOA and PFOS are considered long-chain PFAAs because they each have eight carbon atoms in their chains.

190.    PFOA and PFOS are stable, man-made chemicals.  They are highly water soluble, persistent in the environment and resistant to biologic, environmental, or photochemical degradation. Because these compounds are water soluble and do not readily adsorb to sediments or soil, they tend to stay in the water column and can be transported long distances.

191.    Both PFOA and PFOS are readily absorbed in animal and human tissues after oral exposure and accumulate in the serum, kidney, and liver.  They have been found globally in water, soil and air as well as in human food supplies, breast milk, umbilical cord blood, and human blood serum.[1]

192.    Moreover, PFOA and PFOS are persistent in the human body and resistant to metabolic degradation. A short-term exposure can result in a body burden that persists for years and can increase with additional exposures.[2]

193.    Notably, from the time these two compounds were first produced, information has emerged showing negative health effects caused by exposure to PFOA and PFOS. According to EPA, PFOA and PFOS are associated with high cholesterol, thyroid disorders, pregnancy-induced hypertension, preeclampsia, reproductive, developmental, and systemic effects, and cancers.[3]

---

[1] EPA, *Health Effects Support Document for Perfluorooctane Sulfonate (PFOS),* Document No. EPA 822-R-16-002 (May 2016), available at https://www.epa.gov/sites/default/files/2016-05/documents/pfos_hesd_final_508.pdf  (last accessed March 11, 2025);  EPA, *Health Effects Support Document for Perfluorooctanoic Acid (PFOA)*, available at https://www.epa.gov/sites/default/files/2016-05/documents/pfoa_hesd_final-plain.pdf (last accessed March 11, 2025).

[2] *See* notes 1, 2, *supra.  See also* EPA, Technical *Fact Sheet – Perflurooctane Sulfonate (PFOS) and Perfluorooctanoic Acid (PFOA),* available at  https://www.regulations.gov/document/EPA-HQ-TRI-2022-0270-0009 (last accessed March 11, 2025).

[3] *Id.*

194.    The EPA has warned that there is suggestive evidence of the carcinogenic potential for PFOA and PFOS in humans.[4]

195.    The EPA continues to research the effects of PFAS.  In June 2022, after evaluating over 400 studies published since 2016 and applying human health risk assessment approaches, tools, and models EPA concluded that the new data indicates that the levels of PFOA and/or PFOS exposure at which negative outcomes could occur are much lower than previously understood when the agency issued its 2016 HAs for PFOA and PFOS (70 parts per trillion or ppt).  EPA therefore announced new Interim Updated Health Advisory levels for PFOA of 0.004 ppt and 0.02 ppt for PFOS.[5]

196.    In April, 2024, EPA established legally enforceable levels, called Maximum Contaminant Levels (MCLs), for six PFAS in drinking water: PFOA, PFOS, PFHxS, PFNA, and HFPO-DA as contaminants with individual MCLs, and PFAS mixtures containing at least two or more of PFHxS, PFNA, HFPO-DA, and PFBS using a Hazard Index MCL to account for the combined and co-occurring levels of these PFAS in drinking water. EPA also finalized health-based, non-enforceable Maximum Contaminant Level Goals (MCLGs) for these PFAS.  The MCLs for PFOA and PFOS are each 4 parts per trillion ("ppt").[6]

**B.  Aqueous Film-Forming Foam (AFFF) Contained PFOS and/or PFOA at Relevant Times**

197.    Aqueous Film-Forming Foam ("AFFF") is a water-based foam that was first

---

[4] *See* EPA, *Health Effects Support Document for Perfluorooctane Sulfonate (PFOS)*, Document Number: 822 R-16-002, available at https://www.epa.gov/sites/default/files/2016-05/documents/pfos_hesd_final_508.pdf (last accessed March 11, 2025).

[5] EPA, *Technical Fact Sheet: Drinking Water Health Advisories for Four PFAS (PFOA, PFOS, GenX chemicals, and PFBS)*, Document Number 822-F-22-002, available at  https://nepis.epa.gov/Exe/ZyPURL.cgi?Dockey=P10154ST.txt (last accessed March 11, 2025).

[6] EPA, Per- and *Polyfluoroalkyl Substances (PFAS), Final PFAS National Primary Drinking Water Regulation*, available at https://www.epa.gov/sdwa/and-polyfluoroalkyl-substances-pfas (last accessed March 11 2025).

developed in the 1960s to extinguish flammable liquid fuel fires at airports, among other places.

198.    Generally, AFFF is used to extinguish fires, particularly fires that involve petroleum or other flammable liquids. AFFF is typically sprayed directly onto a fire, where it then works by coating the ignited fuel source, preventing its contact with oxygen, and suppressing combustion.

199.    The AFFF products made by Defendants during the relevant time period contained either or both PFOA and PFOS. AFFF produced, marketed, and/or sold by 3M was the only AFFF produced from fluorochemicals manufactured through electrochemical fluorination ("ECF"), a process that generates PFOS. All other Defendants used telomerization to produce AFFF. Fluorochemicals synthesized through telomerization degrade into PFOA, but not PFOS.

200.    When used as the Defendants intended and directed, AFFF causes PFOA, PFOS, and/or other PFAS compounds to enter the body of those handling, using, or otherwise exposed to the foam (including firefighters).  When using AFFF, firefighters may absorb PFOA and PFOS through their skin, inhale PFOA and PFOS compounds, or inadvertently ingest PFOA and PFOS compounds. Additionally, when used as the Defendants intended and directed, AFFF causes PFOA and PFOS to seep into groundwater, and thus, drinking water supplies in the areas in which it is used. Once in the water supply, PFOA and PFOS can travel long distances from where the AFFF was used. This has resulted in widespread contamination of drinking water supplies with PFOA and PFOS nationwide.

201.    Notably, AFFF can be made without PFOA and PFOS.  Unlike AFFF made with PFOA or PFOS, fluorine-free foams do not pose a significant health risk to individuals.

202.    Despite having knowledge of this fact—as well as having knowledge regarding the toxic nature of AFFF made with PFOA and/or PFOS—Defendants continued to manufacture, distribute and/or sell AFFF with PFOA and/or PFOS, which has ultimately led to Plaintiffs' injuries.

### C. Defendants' Knowledge of PFOA and PFOS Hazards

203.    On information and belief, by the 1970s, Defendants knew, or reasonably should have known, among other things, that: (1) PFOA and PFOS are toxic; and (2) when AFFF is used per the instructions given by the manufacturer, PFOA and PFOS migrate through the subsurface, mix easily with groundwater, resist natural degradation, render drinking water unsafe and/or non-potable, and can be removed from public drinking water supplies only at substantial expense.

204.    At all times pertinent herein, Defendants also knew or should have known that PFOA and PFOS present a risk to human health and could be absorbed into the lungs and gastrointestinal tract, potentially causing severe damage to the liver, kidneys, and central nervous system, in addition to other toxic effects, and that PFOA and PFOS are known carcinogens that cause genetic damage.

205.    For instance, in 1980, 3M published data in peer reviewed literature showing that humans retain PFOA in their bodies for years. Based on that data, 3M estimated that it could take a person up to 1.5 years to clear just half of the accumulated PFOA from their body after all exposures had ceased.[7]

206.    By the early 1980s, the industry suspected a correlation between PFOA exposure and human health effects. Specifically, manufacturers observed bioaccumulation of PFOA in workers' bodies and birth defects in children of workers.

207.    In 1981, DuPont tested for and found PFOA in the blood of female plant workers in Parkersburg, West Virginia. DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect, and one a nostril and eye defect.[8]

---

[7] See Ubel, F.A., Sorenson, S.D., and Roach, D.E., *Health status of plant workers exposed to fluorochemicals - a preliminary report.* Journal Am. Ind Hyg. Assoc. J 41:584-89 (1980).

[8] See DuPont, *C-8 Blood Sampling Results,* available at
https://static.ewg.org/files/PFOA_013.pdf?_gl=1*anldwl*_ga*NTgxNzgzMTc3LjE2ODI2ODk5ODk.*_ga_CS21GC4

208.    Beginning in 1983, 3M documented a trend of increasing levels of PFOA in the bodies of 3M workers. In an internal memo, 3M's medical officer warned: "[W]e must view this present trend with serious concern. It is certainly possible that [...] exposure opportunities are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body."[9]

209.    Based on information and belief, in 2000, under pressure from the EPA, 3M announced that it was phasing out PFOS and U.S. production of PFOS; 3M's PFOS-based AFFF production did not fully phase out until 2002. The company stopped producing PFOA at approximately the same time.

210.    From 1951, DuPont, and on information and belief, Chemours, designed, manufactured, marketed and sold Fluorosurfactant Products, including Teflon nonstick cookware, and more recently PFAS feedstocks such as Forafac 1157 N, for use in the manufacturing of AFFF products.

211.    On information and belief, by no later than 2001 Old DuPont manufactured, produced, marketed, and sold Fluorosurfactant Products and/or PFAS feedstocks to some or all of the AFFF product manufacturers for use in their AFFF products that were discharged into the environment and harmed Plaintiffs.

212.    DuPont had been studying the potential toxicity of PFOA since at least the 1960s and knew that it was contaminating drinking water drawn from the Ohio River and did not disclose to the public or to government regulators what they knew about the substance's potential effects on humans, animals, or the environment.[10]

---

9KT*MTY4MzU4Nzg2OC4yLjEuMTY4MzU4Nzk0MC4wLjAuMA..&_ga=2.26293428.885409355.1683587869-581783177.1682689989 (last accessed March 11, 2025).

[9] *See* 3M, Internal Memorandum, *Organic Fluorine Levels*, (August 31, 1984), Office of Minnesota Attorney General, Exhibit List, No. 1313,-available at https://www.ag.state.mn.us/Office/Cases/3M/StatesExhibits.asp (last accessed March 11, 2025).

[10] EPA, Consent Agreement and Final Order, *In re E.I. DuPont de Nemours & Co.*, TSCA Docket TSCA-HQ-2004-

213.    By December 2005, the EPA uncovered evidence that DuPont concealed the environmental and health effects of PFOA, and the EPA announced the "Largest Environmental Administrative Penalty in Agency History." The EPA fined DuPont $16,500,000 for violating the Toxic Substances Control Act "Section 8(e)—the requirement that companies report to the EPA substantial risk information about chemicals they manufacture, process or distribute in commerce."[11]

214.    By July 2011, DuPont could no longer credibly dispute the human toxicity of PFOA, which it continued to manufacture. The "C8 Science Panel" created as part of the settlement of a class action over DuPont's releases from the Washington Works plant had reviewed the available scientific evidence and notified DuPont of a "probable link"[12] between PFOA exposure and the serious (and potentially fatal) conditions of pregnancy-induced hypertension and preeclampsia.[13] By October 2012, the C8 Science Panel had notified DuPont of a probable link between PFOA and five other conditions—high cholesterol, kidney cancer, thyroid disease, testicular cancer, and ulcerative colitis.

215.    In July 2015, DuPont spun off its chemicals division by creating Chemours as a new publicly traded company, once wholly owned by DuPont. By mid-2015, DuPont had dumped its perfluorinated chemical liabilities into the lap of the new Chemours.

---

0016 (Dec. 14, 2005), available at https://www.epa.gov/sites/default/files/documents/dupontpfoasettlement121405.pdf (last accessed March 11, 2025).

[11] *Id.*

[12] Under the settlement, "probable link," means that given the available scientific evidence, it is more likely than not that among class members a connection exists between PFOA/C8 exposure and a particular human disease. *See* C8 Panel, *C8 Probable Link Reports*, available at http://www.c8sciencepanel.org/prob_link.html (last accessed March 11, 2025).

[13] *See* C8 Science Panel, Status Report: PFOA (C8) exposure and pregnancy outcome among participants in the C8 Health Project (July 15, 2011), available at http://www.c8sciencepanel.org/pdfs/Status_Report_C8_and_pregnancy_outcome_15July2011.pdf (last accessed March 11, 2025).

216.    Defendants also knew or should have known that: (a) users of AFFF would likely include fire and rescue training organizations and their personnel; (b) fire and rescue personnel were foreseeable users of AFFF containing or degrading into PFOA and/or PFOS in both training and real-life fire emergency scenarios; (c) PFOA and PFOS are dangerous to human health when used by fire and rescue personnel; (d) fire and rescue personnel foreseeably lacked knowledge of these dangers; and, (e) fire and rescue personnel would require warnings of these dangers and/or affirmative instructions in the use of AFFF.

217.    Notwithstanding this knowledge, Defendants negligently and carelessly: (1) designed, manufactured, marketed, purchased, supplied, and/or sold PFOA/PFOS; (2) issued instructions on how AFFF should be used and disposed of; (3) failed to recall and/or warn the users of AFFF of the dangers to human health that result from the standard use and disposal of these products; negligently designed products containing or degrading into PFOA and/or PFOS; and (5) further failed and refused to issue the appropriate warnings and/or recalls to the users of AFFF containing PFOA and/or PFOS, notwithstanding the fact that Defendants knew the identity of the purchasers of the PFOA/PFOS.

218.    Further, Defendants failed to disclose to environmental regulators and the general public the likely existence of and health risks to the public caused by widespread PFOA and PFOS contamination in drinking water supplies across the country as a result of AFFF usage.

219.    As a direct result of Defendants' acts alleged in this Complaint, Plaintiffs suffered severe health effects caused by exposure to AFFF containing PFOA and/or PFOS. As a direct and proximate result, Plaintiffs and their beneficiaries incurred substantial harm, both economic and non-economic.

220.    Defendants had a duty and breached their duty to evaluate and test such products adequately and thoroughly to determine their potential human health impacts before they sold such

products. They also had a duty and breached their duty to minimize the risk of harm to human health caused by PFOA and PFOS.

**D.   The Impact of PFOA and PFOS on the Plaintiffs**

221.   Plaintiffs have been significantly and continuously exposed to PFOA and PFOS over many years as a result of Defendants' conduct.

222.   Plaintiffs have been diagnosed with the serious injuries set forth above, including kidney cancer, testicular cancer, thyroid disease, and ulcerative colitis.

223.   Plaintiffs' injuries were caused by Defendants' Fluorosurfactant Products.

224.   The use of Fluorosurfactant Products as directed and intended by the manufacturers caused Plaintiffs' exposure to PFOA and PFOS, which caused Plaintiffs' injuries.

225.   Therefore, as a direct and proximate result of Defendants' tortious conduct as set forth in this complaint, Plaintiffs were damaged in the following ways:

a.   Plaintiffs suffered physical pain and mental anguish;

b.   Plaintiffs incurred hospital, medical, pharmaceutical and other expenses; and

c.   Plaintiffs experienced undue stress related to their diagnoses, medical conditions, and uncertainty about their prognosis.

## FIRST CAUSE OF ACTION
## STRICT LIABILITY – DEFECTIVE DESIGN

226.   Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

227.   Plaintiffs were harmed by Fluorosurfactant Products which were designed, manufactured, formulated, marketed, sold and/or distributed by Defendants, or that Defendants assumed or acquired liabilities for, and which were defectively designed, did not include sufficient instructions, and did not include sufficient warning of potential health and safety hazards.

228.    Upon information and belief, Defendants' Fluorosurfactant Products were used in a reasonably foreseeable manner and without substantial change in the condition in which the Products were sold.

229.    Defendants knew of the human health risks associated with exposure to PFOA and PFOS and failed to use reasonable care in the design of their Fluorosurfactant Products.

230.    Defendants knew specifically that firefighters and bystanders would be exposed to these toxic compounds during fire protection, training, and response activities even when Fluorosurfactant Products were used as directed and intended by the manufacturer.

231.    When Defendants placed Fluorosurfactant Products into the stream of commerce, they were defective, unreasonably dangerous, and not reasonably fit, suitable, and safe for their intended, foreseeable and ordinary transportation, storage, handling, and uses for the following reasons:

a.  Users of Fluorosurfactant Products and bystanders are exposed to PFOA and PFOS when Fluorosurfactant Products are used, handled, or disposed of as foreseeable, instructed, and intended;

b.  Use of Defendants' Flourosurfectant Products are likely to cause PFOA and PFOS to leach into the groundwater and infiltrate nearby drinking water;

c.  PFOA and PFOS exposure may cause diseases like Plaintiffs';

d.  PFOA and/or PFOS persist and bioaccumulate in the human body; and

e.  PFOA and/or PFOS pose significant threats to human health.

232.    Fluorosurfactant Products containing PFOA and/or PFOS pose greater danger to human health than would be expected by ordinary persons such as Plaintiffs and the general public.

233.    At all times, Defendants could make AFFF that did not contain PFOA or PFOS. Reasonable alternative designs existed which could have prevented Plaintiffs' injuries and damages.

234.    Furthermore, Defendants knew, or should have known, that their Fluorosurfactant Products released PFAS compounds that are toxic, biopersistent, bioaccummulative, and may cause serious medical conditions.

235.    Plaintiffs were, are, and will continue to be harmed by Defendants' defectively designed Fluorosurfactant Products.

236.    The design of Defendants' Fluorosurfactant Products was a substantial factor in causing harm to Plaintiffs.

237.    The gravity of the harm resulting from Defendants' Fluorosurfactant Products was, is, and will be enormous because exposure to PFOA and PFOS causes serious medical conditions, including Plaintiffs'.

238.    The likelihood that this harm would occur was, is, and will be very high because Defendants knew and/or should have known that Defendants' Fluorosurfactant Products release PFOA and PFOS when handled, stored, and used as directed.

239.    At the time of manufacture, there were safer alternative designs that were feasible, cost effective, and advantageous, including not using PFOS, PFOA, and/or their precursor chemicals in products.

240.    Defendants committed each of the above-described acts or omissions consciously and/or deliberately and with wantonness, fraud, and/or malice with regard to Plaintiffs. Such conduct was performed to promote the sales of Defendants' Fluorosurfactant Products, in conscious disregard to the probable dangerous consequences of that conduct and its reasonably foreseeable impacts on the public health and welfare. Therefore, Plaintiffs request an award of punitive damages in an amount sufficient to punish Defendants and that fairly reflects the aggravating circumstances alleged herein.

241.    Therefore, as a direct and proximate result of Defendants' defective design of AFFF, Plaintiffs were physically harmed and are damaged in the following ways:

a.    Plaintiffs suffered, and continue to suffer, physical pain and mental anguish;

b.    Plaintiffs incurred hospital, medical, pharmaceutical and other expenses;

c.    Plaintiffs have endured painful surgeries and treatments for their injuries;

d.    Plaintiffs will continue to suffer – and incur additional costs – for the foreseeable future as a result of their injuries; and

e.    Plaintiffs suffer undue stress from the fear that their cancer may recur and that they may develop additional health conditions.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY- FAILURE TO WARN

242.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

243.    As manufacturers, distributors, suppliers, sellers, and marketers of Fluorosurfactant Products, Defendants had a duty to issue warnings to Plaintiffs, the public, water providers, and public officials of the risks posed by exposure to PFOA and PFOS.

244.    Defendants knew that their Fluorosurfactant Products would be purchased, transported, stored, handled, and used without notice of the hazards that PFOA and PFOS pose to human health.

245.    Defendants breached their duty to warn by unreasonably failing to provide Plaintiffs, public officials, purchasers, downstream handlers, and/or the general public with warnings about the health risks associated with PFOA and PFOS, despite Defendants' knowledge that such exposure may cause serious medical conditions.

246.    Fluorosurfactant Products purchased or otherwise acquired from Defendants were used, discharged, and/or released by and/or near the Plaintiffs.

247.    Defendants' Fluorosurfactant Products were used in a reasonably foreseeable manner and without substantial changes in the condition in which the products were sold.

248.    Defendants' Fluorosurfactant Products to which Plaintiffs were exposed were defective in design and unreasonably dangerous for the reasons set forth above.

249.    Despite the known human health hazards associated with the use and/or disposal of Defendants' Fluorosurfactant Products, Defendants failed to provide adequate warnings of, or take any other precautionary measures to mitigate, those hazards.

250.    In particular, Defendants failed to describe such hazards or provide any precautionary statements regarding such hazards in the labeling of their Fluorosurfactant Products.

251.    Defendants committed each of the above-described acts or omissions consciously and/or deliberately and with wantonness, fraud, and/or malice with regard to Plaintiffs. Such conduct was performed to promote the sales of Defendants' Fluorosurfactant Products, in conscious disregard to the probable dangerous consequences of that conduct and its reasonably foreseeable impacts on the public health and welfare. Therefore, Plaintiffs request an award of punitive damages in an amount sufficient to punish Defendants and that fairly reflects the aggravating circumstances alleged herein.

252.    Therefore, as a direct and proximate result of Defendants' failure to warn, Plaintiffs were physically harmed and are damaged in the following ways:

a.    Plaintiffs suffered, and continue to suffer, physical pain and mental anguish;

b.    Plaintiffs incurred hospital, medical, pharmaceutical and other expenses;

c.    Plaintiffs have endured painful surgeries and treatments for their injuries;

d.    Plaintiffs will continue to suffer – and incur additional costs – for the foreseeable future as a result of their injuries; and

e.    Plaintiffs suffer undue stress from the fear that their cancer may recur and that they may develop additional health conditions.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

253.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

254.    As commercial manufacturers, refiners, formulators, distributors, suppliers, sellers, marketers, shippers, and/or handlers of Fluorosurfactant Products, and/or as those who assumed or acquired liabilities for the manufacture and sale of Fluorosurfactant Products, Defendants owed a duty of care to Plaintiffs not to place into the stream of commerce a defective product that was in a defective condition and unreasonable dangerous to purchasers, end users, as well as to all persons whom Defendants' Fluorosurfactant Products might foreseeably harm, such as Plaintiffs.

255.    Defendants breached their duty by negligently designing, formulating, manufacturing, distributing, selling, supplying, and/or marketing such an unreasonably dangerous product into the stream of commerce even when they knew or should have known of the dangers that their Fluorosurfactant Products posed to human health.

256.    Despite Defendants' knowledge that PFOA and PFOS are toxic, can bioaccumulate, biopersist, and may cause serious medical conditions, Defendants negligently: (a) designed, manufactured, formulated, handled, labeled, instructed, controlled, marketed, promoted, and/or sold Fluorosurfactant Products; (b) issued instructions on how Fluorosurfactant Products should be used and disposed of, thus improperly permitting Plaintiffs' exposure to PFOA and/or PFOS; (c) failed to warn the users of Fluorosurfactant Products of the health risks of exposure to PFOA and/or PFOS inherent in the standard use and disposal of these products; and (d) failed and refused to issue the appropriate warnings to the users of Fluorosurfactant Products regarding the proper use and disposal

of these products, notwithstanding the fact that Defendants knew, or could determine with reasonable certainty, the identity of the purchasers of their Fluorosurfactant Products.

257.    Plaintiffs were foreseeable victims of the harm caused by Defendants' Fluorosurfactant Products.

258.    Plaintiff were, are, and will continue to be harmed as a result of Defendants' above described acts and omissions.

259.    Defendants knew it was substantially certain that their acts or omissions described above would cause injury and damage, including Plaintiffs' exposure and resulting medical condition.

260.    Defendants' conduct lacked any care and was an extreme departure from what a reasonably careful company would do in the same situation to prevent harm to others, and thus Defendants were grossly negligent.

261.    Defendants committed each of the above-described acts or omissions consciously and/or deliberately and with wantonness, fraud, and/or malice with regard to Plaintiffs. Such conduct was performed to promote the sales of Defendants' Fluorosurfactant Products, in conscious disregard to the probable dangerous consequences of that conduct and its reasonably foreseeable impacts on the public health and welfare. Therefore, Plaintiffs request an award of punitive damages in an amount sufficient to punish Defendants and that fairly reflects the aggravating circumstances alleged herein.

262.    Therefore, as a direct and proximate result of Defendants' negligence, Plaintiffs were physically harmed and are damaged in the following ways:

    a.    Plaintiffs suffered, and continue to suffer, physical pain and mental anguish;

    b.    Plaintiffs incurred hospital, medical, pharmaceutical and other expenses;

    c.    Plaintiffs have endured painful surgeries and treatments for their injuries;

d.    Plaintiffs will continue to suffer – and incur additional costs – for the foreseeable future as a result of their injuries; and

e.    Plaintiffs suffer undue stress from the fear that their cancer may recur and that they may develop additional health conditions.

## **FOURTH CAUSE OF ACTION**

### **NEGLIGENCE- FAILURE TO RECALL**

263.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

264.    As manufacturers, refiners, formulators, distributors, suppliers, sellers, marketers, shippers, and/or handlers of Fluorosurfactant Products, and/or as those who assumed or acquired liabilities for the manufacture and sale of Fluorosurfactant Products, Defendants owed a duty to Plaintiffs, as well as to all persons whom Defendants' Fluorosurfactant Products might foreseeably harm, to exercise due care in the instructing, labeling, and warning of the handling, control, use, and disposal of Defendants' Fluorosurfactant Products.

265.    Defendants' Fluorosurfactant Products were designed, manufactured, marketed, distributed, and sold without adequate warning of toxicity and potential human health risks.

266.    Defendants were negligent by not using reasonable care to warn or instruct about the risks associated with their Fluorosurfactant Products.

267.    Defendants knew or reasonably should have known that their Fluorosurfactant Products were dangerous or likely to be dangerous when used or misused in a reasonably foreseeable manner.

268.    Defendants knew or reasonably should have known that users and third parties would not realize the dangers.

269.    Defendants became aware of the human health risks and environmental hazards presented by their Fluorosurfactant Products by no later than the year 2000.

270.    Despite the fact that Defendants became aware of the human health risks and environmental hazards presented by their Fluorosurfactant Products by no later than the year 2000, Defendants (a) failed to recall and/or warn the users of Fluorosurfactant Products of the exposure to PFOA and PFOS inherent in the standard use and disposal of these products; and (b) failed and refused to issue the appropriate warnings and/or recalls to the users of Fluorosurfactant Products regarding the proper use and disposal of these products, notwithstanding the fact that Defendants knew, or could determine with reasonable certainty, the identities of the purchasers of their Fluorosurfactant Products.

271.    Plaintiffs were foreseeable victims of the harm caused by Defendants' Fluorosurfactant Products.

272.    A reasonable manufacturer, seller, or distributor, under the same or similar circumstances would have warned of the dangers or instructed on the safe use of Fluorosurfactant Products.

273.    Plaintiffs were, are, and will continue to be harmed as a result of Defendants' negligence.

274.    Defendants' failure to recall their Fluorosurfactant Products was a substantial factor in causing Plaintiffs' harm.

275.    Defendants' conduct lacked any care and was an extreme departure from what a reasonably careful company would do in the same situation to prevent harm to others, and thus Defendants were grossly negligent.

276.    Defendants committed each of the above-described acts or omissions consciously and/or deliberately and with wantonness, fraud, and/or malice with regard to Plaintiffs. Such conduct was performed to promote the sales of Defendants' Fluorosurfactant Products, in conscious disregard to the probable dangerous consequences of that conduct and its reasonably foreseeable impacts on

the public health and welfare. Therefore, Plaintiffs request an award of punitive damages in an amount sufficient to punish Defendants and that fairly reflects the aggravating circumstances alleged herein.

277.    Therefore, as a direct and proximate result of Defendants' negligence, Plaintiffs were physically harmed and are damaged in the following ways:

    a.  Plaintiffs suffered, and continue to suffer, physical pain and mental anguish;

    b.  Plaintiffs incurred hospital, medical, pharmaceutical and other expenses;

    c.  Plaintiffs have endured painful surgeries and treatments for their injuries;

    d.  Plaintiffs will continue to suffer – and incur additional costs – for the foreseeable future as a result of their injuries; and

    e.  Plaintiffs suffer undue stress from the fear that their cancer may recur and that they may develop additional health conditions.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE ALABAMA UNIFORM FRAUDULENT TRANSFER ACT

**(AGAINST DUPONT, THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, CORTEVA, INC., AND DUPONT DE NEMOURS ONLY)**

150.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

151.    Plaintiffs seek equitable and other relief pursuant to the Alabama Uniform Fraudulent Transfer Act, Ala. Code §§ 8-9A-1 et seq. ("AUFTA"), as adopted by the State of Alabama, against DuPont, Chemours, Chemours FC, Corteva, and DuPont de Nemours (collectively, the "AUFTA Defendants").

152.    Pursuant to Ala. Code § 8-9A-4(a), "[a] transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor."

153.    Subsection (b) of Ala. Code § 8-9A-4 states that, "[i]n determining actual intent under subsection (a), consideration may be given, among other factors, to whether: [...] before the transfer was made the debtor had been sued or threatened with suit; the transfer was of substantially all the debtor's assets; [...] the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred; [and] the transfer occurred shortly before or shortly after a substantial debt was incurred."

154.    Further, Ala. Code § 8-9A-4(c) states that, "[a] transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor:

    a.    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

    b.    Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due."

155.    Upon information and belief, in February 2014, Old DuPont formed The Chemours Company as a wholly-owned subsidiary and used it to spin off Old DuPont's "Performance Chemicals" business line in July 2015.

156.    Upon information and belief, at the time of the spinoff, Old DuPont's Performance Chemicals division contained the Fluorosurfactant Products business segments. In addition to the transfer of the Performance Chemicals division, The Chemours Company accepted broad assumption of liabilities for Old DuPont's historical use, manufacture, and discharge of PFAS.

157.    Upon information and belief, at the time of the transfer of its Performance Chemicals business to The Chemours Company, Old DuPont had been sued, threatened with suit and/or had

knowledge of the likelihood of litigation to be filed regarding Old DuPont's liability for damages and injuries from the manufacture and sale of Fluorosurfactant Products.

158.    The AUFTA Defendants acted with actual intent to hinder, delay and to defraud any creditor of the AUFTA Defendants because: (1) they were engaged and or about to engage in a business for which the remaining assets of The Chemours Company were unreasonably small in relation to the business and; (2) intended to incur, or believed or reasonably should have believed or reasonably should have believed that the Chemours Company would incur, debts beyond its ability to pay as they became due.

159.    The AUFTA Defendants engaged in actions in furtherance of a scheme to transfer Old DuPont's assets out of the reach of Plaintiffs, and other similar parties, that have been damaged as a result of AUFTA Defendants' conduct, omissions, and actions described herein.

160.    As a result of the transfer of assets and liabilities described in this Complaint, the AUFTA Defendants have attempted to limit the availability of assets to cover judgments for all of the liability for damages and injuries from the manufacturing, marketing, distribution and/or sale of Fluorosurfactant Products.

161.    Pursuant to Ala. Code §§ 8-9A-1 et seq., Plaintiffs seeks avoidance of the transfer of Old DuPont's liabilities for the claims brought in this Complaint and to hold the AUFTA Defendants liable for any damages or other remedies that may be awarded by the Court or jury to the Plaintiffs in this action.

162.    Plaintiffs further seek all other rights and remedies that may be available to them under AUFTA, including prejudgment remedies as available under applicable law, as may be necessary to fully compensate Plaintiffs for the damages and injuries they has suffered as alleged in this Complaint.

## SIXTH CAUSE OF ACTION

**VIOLATION OF THE ALABAMA UNIFORM VOIDABLE TRANSACTIONS ACT**
(AGAINST DUPONT, CHEMOURS, CHEMOURS FC, CORTEVA, AND DUPONT DE
NEMOURS ONLY)

163.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

164.    Plaintiffs seek equitable and other relief pursuant to the Alabama Uniform Voidable Transactions Act, Ala. Code §§ 8-9B-1, et seq. ("AUVTA"), as adopted by the State of Alabama in 2018, against Old DuPont, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and New DuPont (collectively, the "AUVTA Defendants").

165.    Pursuant to Ala. Code § 8-9B-5(a), "[a] transfer made by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer:

a.      with actual intent to hinder, delay, or defraud any creditor of the debtor; or

b.      without receiving a reasonably equivalent value in exchange for the transfer, and the debtor:

- was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

- intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due."

166.    Further, Ala. Code § 8-9B-5(b) states that, "[i]n determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether: [...] before the transfer was made, the debtor had been sued or threatened with suit; the transfer was of substantially all the debtor's assets; [...] the value of the consideration received by the debtor was not reasonably

equivalent to the value of the asset transferred; [and] the transfer occurred shortly before or shortly after a substantial debt was incurred."

167.    Upon information and belief, in February 2014, Old DuPont formed The Chemours Company as a wholly-owned subsidiary and used it to spin off Old DuPont's "Performance Chemicals" business line in July 2015.

168.    Upon information and belief, at the time of the spinoff, Old DuPont's Performance Chemicals division contained the Fluorosurfactant Products business segments. In addition to the transfer of the Performance Chemicals division, The Chemours Company accepted broad assumption of liabilities for Old DuPont's historical use, manufacture, and discharge of PFAS.

169.    Upon information and belief, at the time of the transfer of its Performance Chemicals business to The Chemours Company, Old DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding Old DuPont's liability for damages and injuries from the manufacture and sale of Fluorosurfactant Products.

170.    The AUVTA Defendants acted with actual intent to hinder, delay and to defraud any creditor of the AUVTA Defendants because: (1) they were engaged and or about to engage in a business for which the remaining assets of The Chemours Company were unreasonably small in relation to the business and; (2) intended to incur, or believed or reasonably should have believed or reasonably should have believed that the Chemours Company would incur, debts beyond its ability to pay as they became due.

171.    The AUVTA Defendants engaged in actions in furtherance of a scheme to transfer Old DuPont's assets out of the reach of Plaintiff, and other similar parties, that have been damaged as a result of AUVTA Defendants' conduct, omissions, and actions described herein.

172.    As a result of the transfer of assets and liabilities described in this Complaint, the AUVTA Defendants have attempted to limit the availability of assets to cover judgments for all of

the liability for damages and injuries from the manufacturing, marketing, distribution and/or sale of Fluorosurfactant Products.

173.    Pursuant to Ala. Code §§ 8-9B-1, et seq., Plaintiffs seeks avoidance of the transfer of Old DuPont's liabilities for the claims brought in this Complaint and to hold the AUVTA Defendants liable for any damages or other remedies that may be awarded by the Court or jury to the Plaintiffs in this action.

174.    Plaintiffs further seek all other rights and remedies that may be available to them under AUVTA, including prejudgment remedies as available under applicable law, as may be necessary to fully compensate Plaintiffs for the damages and injuries they have suffered as alleged in this Complaint.

## TOLLING OF THE STATUTE OF LIMITATIONS

278.    Plaintiffs hereby incorporate by reference the allegations contained within the preceding paragraphs of this Complaint as if restated in full herein.

### Discovery Rule Tolling

279.    Plaintiffs did not know, nor could they have reasonably discovered by the exercise of reasonable diligence, that exposure to fluorochemical products, including AFFF, PFOA, and PFOS was harmful to human health. The risks of said chemicals and AFFF were not obvious to the users of AFFF, nor were they obvious to individuals such as Plaintiffs in the vicinity of AFFF use. Since Plaintiffs could not have reasonably discovered the defects and risks associated with the use of fluorochemical products, they could not protect themselves from exposure to Defendants' fluorochemical products. For this reason, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiffs' claims.

280.    Plaintiffs had no way of knowing about the risk of serious injury associated with the use of, and exposure to, AFFF and fluorochemical products until very recently. Further, Plaintiffs could not have discovered, through the exercise of reasonable diligence, that exposure to AFFF, PFOA, PFOS, and other fluorochemical products is harmful to human health until very recently.

281.    Plaintiffs had no way of knowing about the risk of serious injury associated with the use of, and exposure to, AFFF and fluorochemical products until very recently. Further, Plaintiffs could not have discovered, through the exercise of reasonable diligence, that exposure to AFFF is harmful to human health until very recently.

282.    During the relevant times, Plaintiffs did not possess specialized scientific or medical knowledge. Plaintiffs did not, and could not, have discovered or known facts that could cause a reasonable person to suspect the risk associated with the use of Defendants' fluorochemical products. Further, a reasonable and diligent investigation by Plaintiffs earlier would not have disclosed that AFFF could cause personal injury.

283.    Wherefore, all applicable statutes of limitations pertaining to Plaintiffs' claims have been tolled by operation of the discovery rule.

**Fraudulent Concealment**

284.    Rather than disclose critical safety and health information regarding its AFFF and fluorochemical products, Defendants have consistently and falsely represented the safety of AFFF products.

285.    This fraudulent concealment continues to the present day.

286.    Wherefore, due to Defendants' knowing and active fraudulent concealment and denial of the facts alleged herein through the relevant time for this action, all applicable statutes of limitations have also been tolled.

**Estoppel**

287.    Defendants were under a continuous duty to consumers, end users, and other persons, such as Plaintiffs, coming into contact with their fluorochemical products, to provide truthful and reliable safety information concerning their products and the risks associated with their use, as well as exposure to AFFF.

288.    Rather than fulfill this duty, Defendants knowingly, affirmatively, and actively concealed important safety information and warnings concerning AFFF and the health risks associated with the same.

289.    Wherefore, Defendants are estopped from relying on any statute of limitations in defense of this action.

**PUNITIVE DAMAGES**

290.    Under the applicable laws of the State of Alabama, Plaintiffs seek punitive damages due to the wanton and willful acts and/or omissions of Defendants as set forth and alleged throughout this Complaint.

**PRAYER FOR RELIEF**

Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

a.    Compensatory damages and all other special damages according to proof including, but not limited to past and future medical and treatment costs; non-economic damages; loss of earnings and future earnings; and household expenses, among others.

b.    Avoiding the transfer of DuPont's liabilities for claims brought in this Complaint;

c.    Punitive damages;

d.    Consequential damages;

e.   Attorneys' fees;

f.   Pre-judgment and post-judgment interest; and

g.   Any other and further relief as the Court deems just, proper, and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by a jury on all of the triable issues of this Complaint.

Dated:    July 22, 2025

Respectfully submitted,

*/s/ David J. Hodge* _____
**MORRIS, KING & HODGE, P.C.**
David Hodge (HOD016)
dhodge@mhklawyers.com
200 Pratt Avenue NE
Huntsville, Alabama 35801
Telephone: (256) 533-1504
Fax: (256) 533-1504

**BARON & BUDD, P.C.**
Holly Werkema (FL Bar No. 71133)
hwerkema@baronbudd.com
*(Pro Hac Vice Forthcoming)*
3102 Oak Lawn Dr., Ste. 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Fax: (214) 279-9915

**COSSICH, SUMICH, PARSIOLA
& TAYLOR, LLC**
Philip F. Cossich, Jr. (LA Bar No. 1788)
pcossich@cossichlaw.com
*(Pro Hac Vice Forthcoming)*
Christina M. Cossich (LA Bar No. 32407)
ccossich@cossichlaw.com
*(Pro Hac Vice Forthcoming)*
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000

***Attorneys for Plaintiffs***



AlaFile E-Notice

47-CV-2025-901332.00

To:  DAVID J HODGE
     dhodge@mkhlawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURIN
     CT CORPORATION SYSTEM
     2700 LAKE COOK RD
     RIVERWOODS, IL, 60015

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  AGC CHEMICALS AMERICAS, INC.
55 E. UWCHLAN AVENUE
SUITE 201
EXTON, PA, 19341

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  AGC, INC. F/K/A ASAHI GLASS CO., LTD.
     11175 CICERO DRIVE
     SUITE 400
     ALPHARETTA, GA, 30022

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  ARCHROMA U.S., INC.
     CT CORPORATION SYSTEM
     2 NORTH JACKSON ST 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  ARKEMA, INC.
CORPORATION SERVICE COMPA
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:     7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  BASF CORPORATION
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  BUCKEYE FIRE EQUIPMENT COMPANY
110 KINGS ROAD
MOUNTAIN, NC, 28086

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CHEMDESIGN PRODUCTS, INC.
2 STANTON STREET
MARINETTE, WI, 54143

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:     7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CLARIANT CORPORATION
     CORPORATION SERVICE COMPA
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CORTEVA, INC.
     CT CORPORATION SYSTEM
     2 NORTH JACKSON ST, 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:     7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DUPONT DE NEMOURS, INC.
     974 CENTRE ROAD
     WILMINGTON, DE, 19805

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DYNAX CORPORATION
     103 FAIRVIEW PARK DRIVE
     ELMSFORD, NY, 10523

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:     7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  E. I. DU PONT DE NEMOURS AND COMPANY
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:     7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  THE CHEMOURS COMPANY
     C T CORPORATION SYSTEM
     2 NORTH JACKSON ST., 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:     7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  THE CHEMOURS COMPANY FC LLC
     C T CORPORATION SYSTEM
     2 NORTH JACKSON ST., 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:     7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  TYCO FIRE PRODUCTS L.P.
     C T CORPORATION SYSTEM
     2 NORTH JACKSON ST., 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:     7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CHEMGUARD, INC.
1 STANTON STREET
MARINETTE, WI, 54143

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following complaint was FILED on 7/22/2025 8:20:49 AM

Notice Date:    7/22/2025 8:20:49 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY), CT CORPORATION SYSTEM 2700 LAKE COOK RD, RIVERWOODS, IL 60015

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of   PETER ABASHIAN
pursuit to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on
.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
in                              County, Alabama on
.

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
in                              County, Alabama on                         who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*                    *(Server's Signature)*                    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** AGC CHEMICALS AMERICAS, INC., 55 E. UWCHLAN AVENUE SUITE 201, EXTON, PA 19341

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

PETER ABASHIAN

*[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on
.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
in
County, Alabama on
.

*(First and Last Name of Person Served)*        *(Name of County)*        *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
in
County, Alabama on
who is:

*(First and Last Name of Person Served)*        *(Name of County)*        *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*        *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*        *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** AGC, INC. F/K/A ASAHI GLASS CO., LTD., 11175 CICERO DRIVE SUITE 400, ALPHARETTA, GA 30022

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.     PETER ABASHIAN

*[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*                    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** ARCHROMA U.S., INC., CT CORPORATION SYSTEM 2 NORTH JACKSON ST 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of   PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                                                                   *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ DAVID J HODGE
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on                                                   .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .
*(First and Last Name of Person Served)*        *(Name of County)*                                    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some

person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*        *(Name of County)*                                    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** ARKEMA, INC., CORPORATION SERVICE COMPA 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                                              ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                                           .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                                                              *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ DAVID J HODGE
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on                                                    .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
in                                    County, Alabama on                              .
*(First and Last Name of Person Served)*          *(Name of County)*                              *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
in                                    County, Alabama on                              who is:
*(First and Last Name of Person Served)*          *(Name of County)*                              *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** BASF CORPORATION, C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE
                                                                                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801
                                                                                                                .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                                                                *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.         /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on
                                                                                                        .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
                                    in                                    County, Alabama on                                    .

*(First and Last Name of Person Served)*        *(Name of County)*                        *(Date)*

Document left:

☐  with above-named Defendant;

☐  with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐  at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
                                    in                                    County, Alabama on                                    who is:

*(First and Last Name of Person Served)*        *(Name of County)*                        *(Date)*

☐  the above-named Defendant;

☐  an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| --- | --- | --- |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** BUCKEYE FIRE EQUIPMENT COMPANY, 110 KINGS ROAD, MOUNTAIN, NC 28086

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

PETER ABASHIAN

*[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** CHEMDESIGN PRODUCTS, INC., 2 STANTON STREET, MARINETTE, WI 54143

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                                     *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

    ☐ with above-named Defendant;

    ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

    ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

    ☐ the above-named Defendant;

    ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:**  CLARIANT CORPORATION, CORPORATION SERVICE COMPA 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
DAVID J HODGE                                                                                                                                    ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                                                    .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                                                              *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ DAVID J HODGE
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on                                                    .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .
*(First and Last Name of Person Served)*     *(Name of County)*                          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*     *(Name of County)*                          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____          _____
*(Badge or Precinct Number of Sheriff or Constable)*          *(Server's Printed Name)*

_____          _____
*(Badge or Precinct Number of Sheriff or Constable)*          *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** CORTEVA, INC., CT CORPORATION SYSTEM 2 NORTH JACKSON ST, 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
DAVID J HODGE

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of      PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                                                                    *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on

.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
in                         County, Alabama on                         .

*(First and Last Name of Person Served)*     *(Name of County)*                              *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
in                         County, Alabama on                         who is:

*(First and Last Name of Person Served)*     *(Name of County)*                              *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** DUPONT DE NEMOURS, INC., 974 CENTRE ROAD, WILMINGTON, DE 19805

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                                                                    *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on

.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in                                County, Alabama on

.

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in                                County, Alabama on                          who is:

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** DYNAX CORPORATION, 103 FAIRVIEW PARK DRIVE, ELMSFORD, NY 10523

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.      PETER ABASHIAN

*[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*      *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*      *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** E. I. DU PONT DE NEMOURS AND COMPANY, C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                              *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

           in                County, Alabama on         .

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

Document left:

     ☐ with above-named Defendant;

     ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

     ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some

         person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

           in             County, Alabama on         who is:

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

     ☐ the above-named Defendant;

     ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*      *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*      *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** THE CHEMOURS COMPANY, C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                                                                      ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                                                      .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                                                                          *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*        *(Name of County)*                              *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*        *(Name of County)*                              *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** THE CHEMOURS COMPANY FC LLC, C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                                 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    PETER ABASHIAN
pursuant to the Alabama Rules of the Civil Procedure.                                                       *[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ DAVID J HODGE
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .
*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

Document left:

☐    with above-named Defendant;

☐    with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐    at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*    *(Name of County)*                *(Date)*

☐    the above-named Defendant;

☐    an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** TYCO FIRE PRODUCTS L.P., C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

PETER ABASHIAN

*[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in _____ County, Alabama on

.

*(First and Last Name of Person Served)*        *(Name of County)*        *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*        *(Name of County)*        *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*        *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*        *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** CHEMGUARD, INC., 1 STANTON STREET, MARINETTE, WI 54143

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

PETER ABASHIAN

*[Name(s)]*

| 07/22/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ DAVID J HODGE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**TWENTY-THIRD JUDICIAL CIRCUIT**

| | |
|---|---|
| PETER ABASHIAN, ROBERT ALLEN, WARREN AYLER, SR., SHERRY BAIRD HOGAN, KRISTY BEASON, STEVEN BELL, JAMES BELTZ, PAT BINGHAM, KYLE BISCHOFF, JASON BLACK, ANGELA BLESSING, JOHN BRADLEY, JR., PATSY CAIRNS, PHILIP CARSON, ROBERT CLARK, THELMA COLEMAN, BOBBY COLLIER, SCOTT COLLIER, DAVID COSGROVE, SR., DANNY CROSSWHITE, FRANK CURATELLA, MELODY DAILEY, PATRICK DISMUKES, EDGAR DRAKE, MARTHA GARRARD, ROBERT GINGRICH, SANDRA GIVENS, RHEA GONTARSKI, CHASITI GRAY, AMY HAM, SEDRICK HOLSTICK, RYAN HUBER, JULIANNA JAMISON, CATHY JOHNSON, JOSHUA KING, JOSEPH KYSER, HAZEL LANGSTON, JESSIE LAVON, LAWRENCE LILES, CATHY LOPEZ, FERNANDIUS LOWMAN, RONALD MARTIN, PEGGY MAYO, TOMMY MCKEE, MICHAEL MCLAIN, DAVID MELSON, JR., GREGORY MILLER, ROGERS MITCHELL, WANDA MORGAN, TIMOTHY NICHOLS, DEIRDRE PARKER, MELVIN PARRISH, SHERIA PERKINS, WILLIAM PEVAHOUSE, MINNIE PICKARD, BESSIE PUGH, LAVONNE RAGAN, ROBERT SHEPARD, SAMUEL SIDES, SUE SISK, RICHARD SLAYTON, GARY SMITH, JAMIE SMITH, LORETTA STURKIE, RICHARD TAMBER, MARY TARDY, HARVEY THOMAS, RONNIE TOOMEY, SUSAN WELLS, DONNIE WILLIAMS, RODERICK WILLIAMS, DEBORAH WITHERS, AND JOHN WYNN, | **CASE NO.** **COMPLAINT** **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | |
| vs. | |
| 3M COMPANY (f/k/a Minnesota Mining and | |

Manufacturing, Co.); AGC CHEMICALS )
AMERICAS, INC.; AGC, INC. (f/k/a Asahi )
Glass Co., Ltd.);  ARCHROMA U.S., INC.; )
ARKEMA, INC.; BASF CORPORATION; )
BUCKEYE FIRE EQUIPMENT CO.; )
CHEMDESIGN PRODUCTS, INC.; )
CHEMGUARD, INC.; CLARIANT )
CORPORATION; CORTEVA, INC.; )
DUPONT DE NEMOURS, INC.; DYNAX )
CORPORATION; E.I. DU PONT DE )
NEMOURS AND COMPANY; THE )
CHEMOURS COMPANY; THE )
CHEMOURS COMPANY FC, LLC; TYCO )
FIRE PRODUCTS, LP; AND JOHN DOE )
DEFENDANTS 1-49, )
                                                           )
        **Defendants.**                            )
                                                           )

---

## **COMPLAINT**

Plaintiffs Peter Abashian, Robert Allen, Warren Ayler, Sr., Sherry Baird Hogan, Kristy

Beason, Steven Bell, James Beltz, Pat Bingham, Kyle Bischoff, Jason Black, Angela Blessing, John

Bradley, Jr., Patsy Cairns, Philip Carson, Robert Clark, Thelma Coleman, Bobby Collier, Scott

Collier, David Cosgrove, Sr., Danny Crosswhite, Frank Curatella, Melody Dailey, Patrick Dismukes,

Edgar Drake, Martha Garrard, Robert Gingrich, Sandra Givens, Rhea Gontarski, Chaisti Gray, Amy

Ham, Sedrick Holstick, Ryan Huber, Julianna Jamison, Cathy Johnson, Joshua King, Joseph Kyser,

Hazel Langston, Jessie Lavon, Lawrence Liles, Cathy Lopez, Fernandius Lowman, Ronald Martin,

Peggy Mayo, Tommy McKee, Michael McLain, David Melson, Jr., Gregory Miller, Rogers Mitchell,

Wanda Morgan, Timothy Nichols, Deirdre Parker, Melvin Parrish, Sheria Perkins, William

Pevahouse, Minnie Pickard, Bessie Pugh, Lavonne Ragan, Robert Shepard, Samuel Sides, Sue Sisk,

Richard Slayton, Gary Smith,  Jamie Smith, Loretta Sturkie, Richard Tamber, Mary Tardy, Harvey

Thomas, Ronnie Toomey, Susan Wells, Donnie Williams, Roderick Williams, Deborah Withers, and

John Wynn, by and through undersigned counsel, bring this action against Defendants 3M Company

(f/k/a Minnesota Mining and Manufacturing, Co.), AGC Chemicals Americas, Inc., AGC, Inc. (f/k/a Asahi Glass Co., Ltd.), Archroma U.S., Inc., Arkema Inc., BASF Corporation, Buckeye Fire Equipment Company, Chemdesign Products, Inc., Chemguard, Inc., Clariant Corporation, Corteva, Inc., DuPont De Nemours, Inc., Dynax Corporation, E. I. Du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, and Tyco Fire Products, LP (individually and as successor-in-interest to The Ansul Company). Plaintiffs hereby allege, upon information and belief, as follows:

## I.    SUMMARY OF THE CASE

1.    Plaintiffs bring this action against Defendants who manufactured aqueous film-forming foam ("AFFF"), exposure to which resulted in Plaintiffs' serious personal injuries. The AFFF manufactured by Defendants contained per- and polyfluoroalkyl substances ("PFAS") including, but not limited to, perfluorooctanoic acid ("PFOA") and/or perfluorooctane sulfonic acid ("PFOS").

2.    PFOS and PFOA are fluorosurfactants that repel oil, grease, and water. PFOS, PFOA, and/or their chemical precursors, are or were components of AFFF products, which are firefighting suppressant agents used in training and firefighting activities for fighting Class B fires. Class B fires include fires involving hydrocarbon fuels such as petroleum or other flammable liquids.

3.    PFOS and PFOA are mobile, persist indefinitely in the environment, bioaccumulate in individual organisms and humans, and biomagnify up the food chain. PFOS and PFOA are also associated with multiple and significant adverse health effects in humans, including but not limited to kidney cancer, testicular cancer, high cholesterol, thyroid disease, ulcerative colitis, and pregnancy-induced hypertension.

4.    At various times from the 1960s through today, Defendants designed, manufactured, marketed, distributed, and/or sold AFFF products containing PFOS, PFOA, and/or their chemical

precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or perfluourinated chemicals contained in AFFF.

5.    This Complaint refers to AFFF, PFOA, PFOS, PFAS compounds, and fluorosurfactants collectively as "Fluorosurfactant Products."

6.    Defendants manufactured, marketed and/or sold Fluorosurfactant Products with the knowledge that firefighters would be exposed to these toxic compounds during fire protection, training, and response activities even when the AFFF was used as directed and intended by the manufacturer.

7.    Defendants manufactured, marketed and/or sold Fluorosurfactant Products with the knowledge that PFAS are toxic, persist indefinitely, and would be routinely released into the environment, including the drinking water supply, even when the AFFF was used as directed and intended by Defendants.

8.    Due to the widespread PFAS contamination caused by Defendants' Fluorosurfactant Products, including the contamination of Plaintiffs' drinking water supplies, Plaintiffs have suffered serious personal injuries set forth in detail below. Plaintiffs' injuries are a direct result of their exposure to the PFAS contamination present in their drinking water supplies.

9.    Plaintiffs, as residents and those who visited, worked, or resided in the contaminated areas, have been unknowingly exposed for many years to dangerous PFAS levels.

10.    Plaintiffs' unwitting exposure to PFAS in their water supply as a result of Defendants' conduct set forth below is the direct and proximate cause of Plaintiffs' injuries.

11.    Plaintiffs file this lawsuit to recover compensatory and all other damages, including but not limited to past and future (1) expenses for care, treatment and hospitalization incident to their injuries;  (2) compensation for physical pain and suffering;  (3) loss of income, wages, or earning capacity; (4) compensation for mental or emotional pain and anguish; (5) physical impairment; (6)

loss of companionship and society;  (7) inconvenience; (8) loss of enjoyment of life; and (9) exemplary damages.

## II.    PARTIES

### A. Plaintiffs

12.    Plaintiff Peter Abashian is a citizen and resident of Madison, Alabama in Madison County. From approximately 1961 to 2025, Plaintiff Peter Abashian was regularly exposed to PFAS through drinking water at residences and workplaces in Vestal, New York; Huntsville, and Madison, Alabama; and Downingtown and Exton, Pennsylvania.

13.    On or about 2007, Plaintiff Peter Abashian was diagnosed with kidney cancer in Huntsville, Alabama and subsequently underwent a radical nephrectomy.

14.    Plaintiff Robert Allen is a citizen and resident of Albertville, Alabama. From approximately 1991 to 2025, Plaintiff Robert Allen was regularly exposed to PFAS through drinking water at residences and workplaces in Albertville and Boaz, Alabama.

15.    On or about 2012, Plaintiff Robert Allen was diagnosed with clear cell renal carcinoma in Boaz, Alabama and subsequently underwent a right radical nephrectomy.

16.    Plaintiff Warren Ayler, Sr. is a citizen and resident of Eight Mile, Alabama. From approximately 1960 to 2025, Plaintiff Warren Ayler, Sr. was regularly exposed to PFAS through drinking water at a residence in Eight Mile, Alabama. Plaintiff Warren Ayler, Sr. was also exposed to PFAS through drinking water while serving in the army and stationed at Fort Benning in Columbus, Georgia.

17.    On or about 2024, Plaintiff Warren Ayler, Sr. was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent related treatment.

18.     Plaintiff Sherry Baird Hogan is a citizen and resident of Sylacauga, Alabama. From approximately 1970 to 2025, Plaintiff Sherry Baird Hogan was regularly exposed to PFAS through drinking water at residences in Sylacauga, Alabama.

19.     On or about 2017, Plaintiff Sherry Baird Hogan was diagnosed with clear cell renal carcinoma in Anniston, Alabama, and subsequently underwent a left partial nephrectomy.

20.     Plaintiff Kristy Beason is a citizen and resident of Piedmont, Alabama. From approximately 2002 to 2009, Plaintiff Kristy Beason was regularly exposed to PFAS through drinking water at residences and workplaces in Anniston, Oxford, and Jacksonville, Alabama.

21.     On or about 2015, Plaintiff Kristy Beason was diagnosed with thyroid disease in Gadsden, Alabama. On or about 2021, Plaintiff Kristy Beason was diagnosed with kidney cancer in Anniston, Alabama and subsequently underwent a radical nephrectomy.

22.     Plaintiff Steven Bell is a citizen and resident of Fort Payne, Alabama. From approximately 1976 to 2024, Plaintiff Steven Bell was regularly exposed to PFAS through drinking water at residences in Sylvania, Rainsville, and Fort Payne, Alabama.

23.     On or about 2009, Plaintiff Steven Bell was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a radical nephrectomy.

24.     Plaintiff James Beltz is a citizen and resident of Ardmore, Alabama. From approximately 1985 to 2019, Plaintiff James Beltz was regularly exposed to PFAS through drinking water at residences in Salina, Kansas and Athens and Madison, Alabama. Plaintiff James Beltz was also exposed to PFAS through drinking water while serving in the army and stationed at Fort Benning in Columbus, Georgia and Fort Riley in Kansas.

25.     On or about 2011, Plaintiff James Beltz was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a total orchiectomy.

26.    Plaintiff Pat Bingham is a citizen and resident of Huntsville, Alabama. From approximately 1964 to 2025, Plaintiff Pat Bingham was regularly exposed to PFAS through drinking water at residences and workplaces in Montgomery and Huntsville, Alabama. Plaintiff Pat Bingham was also exposed to PFAS through drinking water while serving in the air force and stationed at Lackland Air Force Base in San Antonio, Texas, Sheppard Air Force Base in Texas, the Joint Base McGuire-Dixon-Lakehurst in New Hanover, New Jersey, and McChord Air Force Based in Fort Lewis, Washington.

27.    On or about 2010, Plaintiff Pat Bingham was diagnosed with clear cell renal carcinoma in Huntsville, Alabama and subsequently underwent a partial nephrectomy.

28.    Plaintiff Kyle Bischoff is a citizen and resident of Gadsden, Alabama. From approximately 1994 to 2025, Plaintiff Kyle Bischoff was regularly exposed to PFAS through drinking water at residences in Auburn and Gadsden, Alabama and Chattanooga and Hixson, Tennessee.

29.    On or about 2016, Plaintiff Kyle Bischoff was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a radical nephrectomy.

30.    Plaintiff Jason Black is a citizen and resident of Athens, Alabama. From approximately 1970 to 2025, Plaintiff Jason Black was regularly exposed to PFAS through drinking water at residences and workplaces in Athena and Auburn, Alabama.

31.    On or about 2011, Plaintiff Jason Black was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a total orchiectomy and chemotherapy.

32.    Plaintiff Angela Blessing is a citizen and resident of Anniston, Alabama. From approximately 1992 to 2025, Plaintiff Angela Blessing was regularly exposed to PFAS through drinking water at residences in Anniston, Weaver, Jacksonville, and Oxford, Alabama.

33.     On or about 2000, Plaintiff Angela Blessing was diagnosed with thyroid disease in Oxford, Alabama. On or about 2017, Plaintiff Angela Blessing was diagnosed with kidney cancer in Anniston, Alabama and subsequently underwent a total nephrectomy.

34.     Plaintiff John Bradley, Jr. is a citizen and resident of Muscle Shoals, Alabama. From approximately 1976 to 2025, Plaintiff John Bradley, Jr. was regularly exposed to PFAS through drinking water at residences and workplaces in Tuscumbia, Muscle Shoals, and Decatur, Alabama.

35.     On or about 2012, Plaintiff John Bradley, Jr. was diagnosed with clear cell renal carcinoma in Sheffield, Alabama and subsequently underwent a partial nephrectomy.

36.     Plaintiff Patsy Cairns is a citizen and resident of Birmingham, Alabama. From approximately 1954 to 2025, Plaintiff Patsy Cairns was regularly exposed to PFAS through drinking water at residences and workplaces in Birmingham, Vestavia, Irondale, and Hoover, Alabama.

37.     On or about 2024, Plaintiff Patsy Cairns was diagnosed with clear cell renal carcinoma in Birmingham, Alabama and subsequently underwent immunotherapy.

38.     Plaintiff Philip Carson is a citizen and resident of Bradenton, Florida. From approximately 2011 to 2025, Plaintiff Philip Carson was regularly exposed to PFAS through drinking water at residences in Mobile, Alabama; Sanford, Maine; and Bradenton, Florida.

39.     On or about 2014, Plaintiff Philip Carson was diagnosed with testicular cancer in York, Maine and subsequently underwent a total right orchiectomy.

40.     Plaintiff Robert Clark is a citizen and resident of Huntsville, Alabama. From approximately 1987 to 2025, Plaintiff Robert Clark was regularly exposed to PFAS through drinking water at residences and workplaces in Huntsville, Alabama.

41.     On or about 2021, Plaintiff Robert Clark was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent chemotherapy treatment.

42.    Plaintiff Thelma Coleman is a citizen and resident of Mobile, Alabama. From approximately 1964 to 2025, Plaintiff Thelma Coleman was regularly exposed to PFAS through drinking water at a residence in Mobile, Alabama.

43.    On or about 2010, Plaintiff Thelma Coleman was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent a radical nephrectomy.

44.    Plaintiff Bobby Collier is a citizen and resident of Sylacauga, Alabama. From approximately 1988 to 2025, Plaintiff was regularly exposed to PFAS through drinking water at residences in Morris, Birmingham, Bessemer, and Sylacauga, Alabama.

45.    On or about 2015, Plaintiff Bobby Collier was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a partial nephrectomy. On or about 2015, Plaintiff Bobby Collier was diagnosed with thyroid disease in Sylacauga, Alabama.

46.    Plaintiff Scott Collier is a citizen and resident of Irvington, Alabama. From approximately 1998 to 2012, Plaintiff was regularly exposed to PFAS through drinking water at residences in Grand Bay and Theodore, Alabama.

47.    On or about 2017, Plaintiff Scott Collier was diagnosed with testicular cancer in Mobile, Alabama and subsequently underwent a left total orchiectomy and chemotherapy. On or about November 2020, Plaintiff Scott Collier was again diagnosed with testicular cancer that metastasized to his kidney in Mobile, Alabama and subsequently underwent a radical nephrectomy.

48.    Plaintiff David Cosgrove, Sr. is a citizen and resident of Huntsville, Alabama. From approximately 1998 to 2025, Plaintiff David Cosgrove, Sr. was regularly exposed to PFAS through drinking water at residences and workplaces in Huntsville and Madison, Alabama.

49.    On or about 2007, Plaintiff David Cosgrove, Sr. was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a total orchiectomy and chemotherapy.

50.    Plaintiff Danny Crosswhite is a citizen and resident of Sheffield, Alabama. From approximately 1982 to 2025, Plaintiff was regularly exposed to PFAS through drinking water at residences and workplaces in Tuscumbia, Sheffield, and Muscle Shoals, Alabama.

51.    On or about 2025, Plaintiff Danny Crosswhite was diagnosed with testicular cancer in Sheffield, Alabama and subsequently underwent a total orchiectomy.

52.    Plaintiff Frank Curatella is a citizen and resident of Hoover, Alabama. From approximately 1988 to 2025, Plaintiff Frank Curatella was regularly exposed to PFAS through drinking water at residences and workplaces in Florence, Hoover, and Birmingham, Alabama and Cockeysville, Maryland.

53.    On or about 2013, Plaintiff Frank Curatella was diagnosed with testicular cancer in Baltimore, Maryland and subsequently underwent a total orchiectomy.

54.    Plaintiff Melody Dailey is a citizen and resident of Tuscumbia, Alabama. From approximately 1985 to 2025, Plaintiff Melody Dailey was regularly exposed to PFAS through drinking water at residences in Kenosha and Ladysmith, Wisconsin; Waukegan and Zion, Illinois; and Hillsboro, Russellville, and Tuscumbia, Alabama.

55.    On or about 2008, Plaintiff Melody Dailey was diagnosed with thyroid disease in Red Bay, Alabama. On or about 2021, Plaintiff Melody Dailey was diagnosed with kidney cancer in Nashville, Tennessee and subsequently underwent a radical nephrectomy.

56.    Plaintiff Patrick Dismukes is a citizen and resident of Prattville, Alabama. From approximately 1985 to 2025, Plaintiff Patrick Dismukes was regularly exposed to PFAS through drinking water at residences in Rockford, Millbrook, and Prattville, Alabama.

57.    On or about 2016, Plaintiff Patrick Dismukes was diagnosed with kidney cancer in Montgomery, Alabama and subsequently underwent a partial nephrectomy.

58.    Plaintiff Edgar Drake is a citizen and resident of Leeds, Alabama. From approximately 1949 to 2025, Plaintiff Edgar Drake was regularly exposed to PFAS through drinking water at residences and workplaces in Leeds and Birmingham, Alabama.

59.    On or about 2019, Plaintiff Edgar Drake was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left radical nephrectomy.

60.    Plaintiff Martha Garrard is a citizen and resident of Boaz, Alabama. From approximately 1989 to 2025, Plaintiff Martha Garrard was regularly exposed to PFAS through drinking water at residences in Boaz, Guntersville, and Albertville, Alabama.

61.    On or about 2021, Plaintiff Martha Garrard was diagnosed with kidney cancer in Guntersville, Alabama and subsequently underwent a right partial nephrectomy.

62.    Plaintiff Robert Gingrich is a citizen and resident of Falkville, Alabama. From approximately 1990 to 2024, Plaintiff Robert Gingrich was regularly exposed to PFAS through drinking water at residences and workplaces in Falkville and Vinemont, Alabama.

63.    On or about 2018, Plaintiff Robert Gingrich was diagnosed with Kidney Cancer in Birmingham, Alabama and subsequently underwent a left radical nephrectomy.

64.    Plaintiff Sandra Givens is a citizen and resident of Salem, Alabama. From approximately 1999 to 2018, Plaintiff Sandra Givens was regularly exposed to PFAS through drinking water at residences in Brunswick, Maine; LaPlace, Louisiana; Fairhope, Alabama; and Marinette, Wisconsin.

65.    On or about 2005, Plaintiff Sandra Givens was diagnosed with thyroid disease. On or about 2022, Plaintiff Sandra Givens was diagnosed with clear cell renal carcinoma in Opelika, Alabama and subsequently underwent a radical nephrectomy.

66.    Plaintiff Rhea Gontarski is a citizen and resident of Loxley, Alabama. From approximately 2013 to 2025, Plaintiff Rhea Gontarski was regularly exposed to PFAS through drinking water at a residence in Loxley, Alabama.

67.    On or about 2021, Plaintiff Rhea Gontarski was diagnosed with kidney cancer in Fairhope, Alabama and subsequently underwent a right radical nephrectomy.

68.    Plaintiff Chasiti Gray is a citizen and resident of Trussville, Alabama. From approximately 1979 to 2025, Plaintiff Chasiti Gray was regularly exposed to PFAS through drinking water at residences in Trussville, Hoover, Birmingham, and Dothan, Alabama.

69.    On or about 2025, Plaintiff Chasiti Gray was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a right partial nephrectomy, an open distal pancreatectomy, and a splenectomy.

70.    Plaintiff Amy Ham is a citizen and resident of Bakerhill, Alabama. From approximately 1998 to 2014, Plaintiff Amy Ham was regularly exposed to PFAS through drinking water at residences and workplaces in Fortson, Georgia and Montgomery and Dothan, Alabama.

71.    On or about 2014, Plaintiff Amy Ham was diagnosed with kidney cancer in Dothan, Alabama and subsequently underwent a left radical nephrectomy.

72.    Plaintiff Sedrick Holstick is a citizen and resident of Gadsden, Alabama. From approximately 1984 to 2025, Plaintiff Sedrick Holstick was regularly exposed to PFAS through drinking water at residences in Gadsden, Birmingham, and Bessemer, Alabama.

73.    On or about 2014, Plaintiff Sedrick Holstick was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a bilateral radical nephrectomy.

74.    Plaintiff Ryan Huber is a citizen and resident of Parowan, Utah. From approximately 2003 to 2015, Plaintiff Ryan Huber was regularly exposed to PFAS through drinking water at residences and workplaces in Logan, Ogen, and Brigham City, Utah and Madison, Alabama.

75.     On or about August 2013, Plaintiff Ryan Huber was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a total right orchiectomy.

76.     Plaintiff Julianna Jamison is a citizen and resident of Birmingham, Alabama. From approximately 1965 to 2025, Plaintiff Julianna Jamison was regularly exposed to PFAS through drinking water at residences and workplaces in Birmingham and Mountain Brook, Alabama.

77.     On or about 2019, Plaintiff Julianna Jamison was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left partial nephrectomy. On or about 2000, Plaintiff Julianna Jamison was diagnosed with thyroid disease in Birmingham, Alabama.

78.     Plaintiff Cathy Johnson is a citizen and resident of Huntsville, Alabama. From approximately 1982 to 2025, Plaintiff Cathy Johnson was regularly exposed to PFAS through drinking water at residences in Gadsden, Huntsville, and Madison, Alabama and Bradenton, Florida.

79.     On or about 2017, Plaintiff Cathy Johnson was diagnosed with stage 2 kidney cancer in Huntsville, Alabama, and subsequently underwent a cryoablation.

80.     Plaintiff Joshua King is a citizen and resident of Ozark, Alabama. From approximately 2001 to 2015, Plaintiff Joshua King was regularly exposed to PFAS through drinking water at residences and workplaces in Ariton, Alabama.

81.     On or about 2020, Plaintiff Joshua King was diagnosed with testicular cancer in Dothan, Alabama and subsequently underwent a right total orchiectomy.

82.     Plaintiff Joseph Kyser is a citizen and resident of Bay Minette, Alabama. From approximately 1987 to 2025, Plaintiff Joseph Kyser was regularly exposed to PFAS through drinking water at residences in Bay Minette, Mobile, and Saraland, Alabama.

83.     On or about 2017, Plaintiff Joseph Kyser was diagnosed with stage 2 kidney cancer in Mobile, Alabama and subsequently underwent a left radical nephrectomy in New Orleans, Louisiana.

84.     Plaintiff Hazel Langston is a citizen and resident of Jemison, Alabama. From approximately 1958 to 1990, Plaintiff Hazel Langston was regularly exposed to PFAS through drinking water at workplaces in Clanton and Warrior, Alabama.

85.     On or about 2022, Plaintiff Hazel Langston was diagnosed with stage 3 kidney cancer in Alabaster, Alabama and subsequently underwent a right radical nephrectomy.

86.     Plaintiff Jessie Lavon is a citizen and resident of Greensboro, Alabama. From approximately 2003 to 2020, Plaintiff Jessie Lavon was regularly exposed to PFAS through drinking water at residences in Irondale and Mobile, Alabama.

87.     On or about 2006, Plaintiff Jessie Lavon was diagnosed with kidney cancer in Tuscaloosa, Alabama and subsequently underwent a right radical nephrectomy.

88.     Plaintiff Lawrence Liles is a citizen and resident of Mobile, Alabama. From approximately 1978 to 2025, Plaintiff Lawrence Liles was regularly exposed to PFAS through drinking water at residences and workplaces in Mobile, Alabama; Bethesda, Maryland; and Santa Barbara, Lafayette, and Moraga, California.

89.     On or about 2024, Plaintiff Lawrence Liles was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent a right partial nephrectomy.

90.     Plaintiff Cathy Lopez is a citizen and resident of Athens, Alabama. From approximately 1991 to 2025, Plaintiff Cathy Lopez was regularly exposed to PFAS through drinking water at residences in Athens, Decatur, and Tanner, Alabama.

91.     On or about 2020, Plaintiff Cathy Lopez was diagnosed with kidney cancer in Madison, Alabama and subsequently underwent a left radical nephrectomy. On or about 2005, Plaintiff Cathy Lopez was diagnosed with thyroid disease in Athens, Alabama.

92.     Plaintiff Fernandius Lowman is a citizen and resident of Bay Minette, Alabama. From approximately 1998 to 2025, Plaintiff Fernandius Lowman was regularly exposed to PFAS through

drinking water at residences and workplaces in Bay Minette, Florence, Mobile, and Sheffield, Alabama.

93.     On or about 2024, Plaintiff Fernandius Lowman was diagnosed with testicular cancer in Mobile, Alabama, and subsequently underwent a right total orchiectomy.

94.     Plaintiff Ronald Martin is a citizen and resident of Castleberry, Alabama. From approximately 1990 to 1994, Plaintiff Ronald Martin was regularly exposed to PFAS through drinking water at a workplace in Mobile, Alabama.

95.     On or about 2025, Plaintiff Ronald Martin was diagnosed with kidney cancer in Pensacola, Florida and subsequently underwent a radical nephrectomy.

96.     Plaintiff Peggy Mayo is a citizen and resident of Anniston, Alabama. From approximately 1990 to 2025, Plaintiff Peggy Mayo was regularly exposed to PFAS through drinking water at residences and workplaces in Anniston, Jacksonville, Oxford, and Southside, Alabama.

97.     On or about 2019, Plaintiff Peggy Mayo was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left radical nephrectomy.

98.     Plaintiff Tommy McKee is a citizen of Pensacola, Florida. From approximately 1997 to 2025, Plaintiff Tommy McKee was regularly exposed to PFAS through drinking water at residences and workplaces in Bay Minette and Mobile, Alabama; Austell, Georgia; and Pensacola, Florida.

99.     On or about June 2016, Plaintiff Tommy McKee was diagnosed with clear cell renal carcinoma in Mobile, Alabama and subsequently underwent a right partial nephrectomy.

100.     Plaintiff Michael McLain is a citizen and resident of Valley, Alabama. From approximately 1981 to 2025, Plaintiff Michael McLain was regularly exposed to PFAS through drinking water at residences in Lanett and Valley, Alabama.

101.    On or about 2006, Plaintiff Michael McLain was diagnosed with testicular cancer in Warm Springs, Georgia and subsequently underwent a left total orchiectomy.

102.    Plaintiff David Melson, Jr. is a citizen and resident of Phenix City, Alabama. From approximately 1991 to 2023, Plaintiff David Melson, Jr. was regularly exposed to PFAS through drinking water at residences and workplaces in Stockbridge, Georgia; Morris, Illinois; East Alton, Illinois; and Phenix City, Alabama.

103.    On or about 2016, Plaintiff David Melson, Jr. was diagnosed with kidney cancer in Columbus, Georgia and subsequently underwent a partial nephrectomy. On or about 2017, Plaintiff David Melson, Jr. was diagnosed with thyroid disease in Columbus, Georgia.

104.    Plaintiff Gregory Miller is a citizen and resident of Falkville, Alabama. From approximately 1993 to 2025, Plaintiff Gregory Miller was regularly exposed to PFAS through drinking water at residences and workplaces in Decatur and Falkville, Alabama.

105.    On or about 2013, Plaintiff Gregory Miller was diagnosed with kidney cancer in Decatur, Alabama and subsequently underwent a left radical nephrectomy.

106.    Plaintiff Rogers Mitchell is a citizen and resident of Millbrook, Alabama. From approximately 1993 to 2025, Plaintiff Rogers Mitchell was regularly exposed to PFAS through drinking water at residences in Millbrook, Montgomery, Prattville, and Wetumpka, Alabama.

107.    On or about 2019, Plaintiff Rogers Mitchell was diagnosed with kidney cancer in Prattville, Alabama and subsequently underwent a right radical nephrectomy in Montgomery, Alabama.

108.    Plaintiff Wanda Morgan is a citizen and resident of Goodwater, Alabama. From approximately 1993 to 2002, Plaintiff Wanda Morgan was regularly exposed to PFAS through drinking water at residences in Alexander City, Alabama.

109.    On or about 2022, Plaintiff Wanda Morgan was diagnosed with clear cell renal carcinoma in Homewood, Alabama and subsequently underwent a left partial nephrectomy. On or about 2009, Plaintiff Wanda Morgan was diagnosed with clear cell renal carcinoma in Alexander City, Alabama and subsequently underwent a cryoablation on the left kidney.

110.    Plaintiff Timothy Nichols is a citizen and resident of Waleska, Georgia. From approximately 1991 to 2025, Plaintiff Timothy Nichols was regularly exposed to PFAS through drinking water at residences in Pleasant Grove and Talladega, Alabama.

111.    On or about 2020, Plaintiff Timothy Nichols was diagnosed with clear cell renal carcinoma in Roswell, Georgia and subsequently underwent a left radical nephrectomy.

112.    Plaintiff Deirdre Parker is a citizen and resident of Anniston, Alabama. From approximately 1989 to 2015, Plaintiff Deirdre Parker was regularly exposed to PFAS through drinking water at residences in Anniston, Alabama.

113.    On or about 2010, Plaintiff Deirdre Parker was diagnosed with kidney cancer in Anniston, Alabama and subsequently underwent a left radical nephrectomy.

114.    Plaintiff Melvin Parrish is a citizen and resident of Lineville, Alabama. From approximately 1977 to 2017, Plaintiff Melvin Parrish was regularly exposed to PFAS through drinking water at residences and workplaces in Birmingham and Fairfield, Alabama. Additionally, Plaintiff Melvin Parrish was regularly exposed to PFAS through drinking water while serving in the army and stationed at Fort Smith in Arkansas, Fort Moore in Georgia, and Columbia, South Carolina.

115.    On or about 2018, Plaintiff Melvin Parrish was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a right partial nephrectomy and radiation treatments.

116.    Plaintiff Sheria Perkins is a citizen and resident of Ohatchee, Alabama. From approximately 1979 to 2025, Plaintiff Sheria Perkins was regularly exposed to PFAS through drinking water at residences in Jacksonville and Ohatchee, Alabama.

117.    On or about 2023, Plaintiff Sheria Perkins was diagnosed with clear cell renal carcinoma in Gadsden, Alabama and subsequently underwent a left radical nephrectomy. On or about 2020, Plaintiff Sheria Perkins was diagnosed with thyroid disease.

118.    Plaintiff William Pevahouse is a citizen and resident of Cullman, Alabama. From approximately 1963 to 2025, Plaintiff William Pevahouse was regularly exposed to PFAS through drinking water at residences in Arley, Cullman, and Hartselle, Alabama.

119.    On or about 2017, Plaintiff William Pevahouse was diagnosed with kidney cancer in Decatur, Alabama and subsequently underwent a right partial nephrectomy and a right cryosurgery.

120.    Plaintiff Minnie Pickard is a citizen and resident of Opelika, Alabama. From approximately 1996 to 2025, Plaintiff Minnie Pickard was regularly exposed to PFAS through drinking water at residences in Opelika, Alabama.

121.    On or about 2025, Plaintiff Minnie Pickard was diagnosed with kidney cancer in Opelika, Alabama and subsequently underwent a right partial nephrectomy.

122.    Plaintiff Bessie Pugh is a citizen and resident of Midway, Alabama. From approximately 2003 to 2019, Plaintiff Bessie Pugh was regularly exposed to PFAS through drinking water at residences in Montgomery, Alabama and Pensacola, Florida.

123.    On or about 2023, Plaintiff Bessie Pugh was diagnosed with kidney cancer in Montgomery, Alabama and subsequently underwent a right radical nephrectomy.

124.    Plaintiff Lavonne Ragan is a citizen and resident of Arab, Alabama. From approximately 1974 to 2025, Plaintiff Lavonne Ragan was regularly exposed to PFAS through drinking water at residences and workplaces in Arab, Huntsville, and Lacey's Spring, Alabama.

125.    On or about 2010, Plaintiff Lavonne Ragan was diagnosed with kidney cancer in Huntsville, Alabama and subsequently underwent a right radical nephrectomy.

126.    Plaintiff Robert Shepard is a citizen and resident of Flowery Branch, Georgia. From approximately 1982 to 1986, Plaintiff Robert Shepard was regularly exposed to PFAS through drinking water at his residence and workplace in Dothan, Alabama.

127.    On or about March 2021, Plaintiff Robert Shepard was diagnosed with kidney cancer in Atlanta, Georgia and subsequently underwent a left radical nephrectomy.

128.    Plaintiff Samuel Sides is a citizen and resident of Cleveland, Alabama. From approximately 1999 to 2025, Plaintiff Samuel Sides was regularly exposed to PFAS through drinking water at residences in Dora and Cleveland, Alabama.

129.    On or about 2025, Plaintiff Samuel Sides was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a right radical nephrectomy.

130.    Plaintiff Sue Sisk is a citizen and resident of Rainsville, Alabama. From approximately 1990 to 2025, Plaintiff Sue Sisk was regularly exposed to PFAS through drinking water at residences in Pisgah and Rainsville, Alabama.

131.    On or about 2015, Plaintiff Sue Sisk was diagnosed with clear cell renal carcinoma in Scottsboro, Alabama and subsequently underwent a right radical nephrectomy.

132.    Plaintiff Richard Slayton is a citizen and resident of Town Creek, Alabama. From approximately 1958 to 1962 and 1990 to 2000, Plaintiff Richard Slayton was regularly exposed to PFAS through drinking water at residences in Hanceville and Town Creek, Alabama.

133.    On or about 2013, Plaintiff Richard Slayton was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left partial nephrectomy. On or about 2023, Plaintiff Richard Slayton was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent an ablation.

134.    Plaintiff Gary Smith is a citizen and resident of Boaz, Alabama. From approximately 1977 to 2025, Plaintiff Gary Smith was regularly exposed to PFAS through drinking water at residences and workplaces in Albertville and Boaz, Alabama.

135.    On or about 2012, Plaintiff Gary Smith was diagnosed with clear cell renal carcinoma in Boaz, Alabama and subsequently underwent a right radical nephrectomy.

136.    Plaintiff Jamie Smith is a citizen and resident of Mount Olive, Alabama. From approximately 1975 to 2025, Plaintiff Jamie Smith was regularly exposed to PFAS through drinking water at residences in Gardendale and Mount Olive, Alabama.

137.    On or about 2016, Plaintiff Jamie Smith was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a left partial nephrectomy.

138.    Plaintiff Loretta Sturkie is a citizen and resident of Lanett, Alabama. From approximately 1972 to 2025, Plaintiff Loretta Sturkie was regularly exposed to PFAS through drinking water at residences and workplaces in Cusseta, Lanett, and Valley, Alabama.

139.    On or about 1995, Plaintiff Loretta Sturkie was diagnosed with thyroid disease in Valley, Alabama. On or about 2010, Plaintiff Loretta Sturkie was diagnosed with kidney cancer in Opelika, Alabama and subsequently underwent a right partial nephrectomy and began a cycle of chemotherapy.  On or about 2022, Plaintiff Loretta Sturkie was diagnosed with ulcerative colitis in Valley, Alabama.

140.    Plaintiff Richard Tamber is a citizen and resident of Odenville, Alabama. From approximately 1943 to 2025, Plaintiff Richard Tamber was regularly exposed to PFAS through drinking water at residences in Odenville, Trussville, Moody, and Birmingham, Alabama and Wheatland, Pennsylvania.

141.    On or about 2012, Plaintiff Richard Tamber was diagnosed with kidney cancer in Birmingham, Alabama and subsequently underwent a right radical nephrectomy.

142.    Plaintiff Mary Tardy is a citizen and resident of Grand Bay, Alabama. From approximately 1989 to 2025, Plaintiff Mary Tardy was regularly exposed to PFAS through drinking water at residences in Grand Bay, Mobile, and Theodore, Alabama.

143.    On or about 2023, Plaintiff Mary Tardy was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent a left partial nephrectomy.

144.    Plaintiff Harvey Thomas is a citizen and resident of Opelika, Alabama. From approximately 1989 to 2025, Plaintiff Harvey Thomas was regularly exposed to PFAS through drinking water at residences in Opelika, Lanett, and Auburn, Alabama.

145.    On or about 2023, Plaintiff Harvey Thomas was diagnosed with testicular cancer in Opelika, Alabama and subsequently underwent a left total orchiectomy.

146.    Plaintiff Ronnie Toomey is a citizen and resident of Saraland, Alabama. From approximately 1994 to 2025, Plaintiff Ronnie Toomey was regularly exposed to PFAS through drinking water at residences in Chickasaw, Daphne, and Saraland, Alabama.

147.    On or about 2014, Plaintiff Ronnie Toomey was diagnosed with testicular cancer in Mobile, Alabama and subsequently underwent a right total nephrectomy.

148.    Plaintiff Susan Wells is a citizen and resident of Mountain Brook, Alabama. From approximately 1978 to 2025, Plaintiff Susan Wells was regularly exposed to PFAS through drinking water at residences and workplaces in Birmingham, Fultondale, Gardendale, Homewood, and Mountain Brook, Alabama.

149.    On or about 2019, Plaintiff Susan Wells was diagnosed with clear cell renal carcinoma in Birmingham, Alabama and subsequently underwent a right partial nephrectomy.

150.    Plaintiff Donnie Williams is a citizen and resident of Huntsville, Alabama. From approximately 1976 to 2025, Plaintiff Donnie Williams was regularly exposed to PFAS through drinking water at residences in Evergreen and Huntsville, Alabama. Plaintiff Donnie Williams was

also exposed to PFAS through drinking water while serving in the military at Redstone Arsenal in Huntsville, Alabama.

151.    On or about 2023, Plaintiff Donnie Williams was diagnosed with kidney cancer in Huntsville, Alabama and subsequently underwent a right radical nephrectomy.

152.    Plaintiff Roderick Williams is a citizen and resident of Mobile, Alabama. From approximately 1981 to 2025, Plaintiff Roderick Williams was regularly exposed to PFAS through drinking water at residences in Mobile and Prichard, Alabama; Rancho Santa Margarita, California; Jonesboro and Riverdale, Georgia; and New Orleans, Louisiana.

153.    On or about 2019, Plaintiff Roderick Williams was diagnosed with kidney cancer in Mobile, Alabama and subsequently underwent related treatment.

154.    Plaintiff Deborah Withers is a citizen and resident of Foley, Alabama. From approximately 1962 to 2025, Plaintiff Deborah Withers was regularly exposed to PFAS through drinking water at residences and workplaces in Foley, Alabama.

155.    On or about 2022, Plaintiff Deborah Withers was diagnosed with thyroid disease in Fairhope, Alabama. On or about 2014, Plaintiff Deborah Withers was diagnosed with kidney cancer in Foley, Alabama and subsequently a right radical nephrectomy.

156.    Plaintiff John Wynn is a citizen and resident of Athens, Alabama. From approximately 1977 to 2022, Plaintiff John Wynn was regularly exposed to PFAS through drinking water at residences and workplaces in Decatur and Madison, Alabama.

157.    On or about 2017, Plaintiff John Wynn was diagnosed with testicular cancer in Huntsville, Alabama and subsequently underwent a right total orchiectomy. On or about 2019, Plaintiff John Wynn was diagnosed with testicular cancer in Huntsville, Alabama and subsequently began a cycle of chemotherapy.

B. **Defendants**

158.    Upon information and belief, the following Defendants designed, manufactured, formulated, marketed, promoted, distributed, and/or sold the Fluorosurfactant Products to which Plaintiffs were exposed.

159.    **3M:** Defendant 3M Company (f/k/a Minnesota Mining and Manufacturing Company) ("3M") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 3M Center, St. Paul, Minnesota 55144. At all times relevant, 3M manufactured, marketed, promoted, distributed, and/or sold AFFF containing PFOA and/or PFOS used to fight fires at numerous military bases, airports, and other locations throughout the country.

160.    3M is the only company that manufactured and/or sold AFFF containing PFOS.

161.    **AGC AMERICA:** Defendant AGC Chemicals Americas, Inc. ("AGC America") is a Delaware corporation with its principal business office at 55 E. Uwchlan Avenue, Suite 201, Exton, Pennsylvania 19341. Upon information and belief, AGC America is a subsidiary of AGC, Inc., a Japanese corporation formerly known as Asahi Glass Company, Ltd.

162.    **AGC:** Defendant AGC, Inc. f/k/a Asahi Glass Co., Ltd. ("AGC"), is a corporation organized under the laws of Japan and does business throughout the United States. AGC has its principal place of business at 1-5-1, Marunouchi, Chiyoda-ku, Tokyo 100-8405 Japan.

163.    **ARCHROMA US:** Defendant Archroma U.S., Inc. ("Archroma US") is a Delaware corporation with its principal place of business located at 5435 77 Center Dr., #10, Charlotte, North Carolina 28217. Upon information and belief, Archroma U.S., Inc. is a subsidiary of Archroma Management, LLC, and supplied Fluorosurfactant Products for use in AFFF.

164.    **ARKEMA:** Defendant Arkema, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 900 1st Avenue, King of Prussia, Pennsylvania 19406. Arkema, Inc. is an operating subsidiary of Arkema France, S.A.

165. **BASF:** Defendant BASF Corporation ("BASF") is a Delaware corporation with its principal place of business at 100 Park Avenue, Florham Park, New Jersey 07932. Upon information and belief, BASF acquired Ciba-Geigy Corporation and/or Ciba Specialty Chemicals.

166. **BUCKEYE:** Defendant Buckeye Fire Equipment Company ("Buckeye") is a foreign corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086. This Defendant manufactured and sold AFFF that contained PFOA.

167. **CHEMDESIGN:** Defendant ChemDesign Products, Inc. ("ChemDesign") is a Texas corporation with its principal place of business located at 2 Stanton Street, Marinette, Wisconsin 54143.

168. **CHEMGUARD:** Defendant Chemguard, Inc. ("Chemguard") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143. This Defendant manufactured and sold AFFF that contained PFOA.

169. **CLARIANT:** Defendant Clariant Corporation ("Clariant") is a New York corporation with its principal place of business located at 4000 Monroe Road, Charlotte, North Carolina 28205.

170. **CORTEVA:** Defendant Corteva, Inc. ("Corteva") is a Delaware corporation with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

171. **DUPONT DE NEMOURS:** Defendant DuPont De Nemours, Inc. (f/k/a DowDuPont, Inc.) is a Delaware corporation with its principal place of business located at 974 Centre Road, Building 730, Wilmington, Delaware 19805. DowDuPont, Inc. was formed in 2017 as a result of the merger of Dow Chemical and DuPont.

172. Upon information and belief, Corteva was originally formed in February 2018 as a

wholly-owned subsidiary of DowDuPont, Inc. On June 1, 2019, DowDuPont, Inc. separated its agriculture business through the spin-off of Corteva. In doing so, DowDuPont, Inc. distributed all issued and outstanding shares of Corteva common stock to DowDuPont, Inc. stockholders by way of a pro-rata dividend. Upon information and belief, following that distribution, Corteva became the direct parent of DuPont, and holds certain DowDuPont, Inc. assets and liabilities.

173.    Following the June 1, 2019 spin-off of Corteva and of another entity, Dow, Inc., DowDuPont, Inc. changed its name to DuPont De Nemours, Inc. ("New DuPont"). Upon information and belief, New DuPont retained assets in the specialty products business lines, as well as the balance of the financial assets and liabilities of DuPont not assumed by Corteva.

174.    **DYNAX:** Defendant Dynax Corporation ("Dynax") is a Delaware corporation with its principal place of business located at 103 Fairview Park Drive, Elmsford, New York 10523. Upon information and belief, this Defendant manufactured Fluorosurfactant Products for use in AFFF.

175.    **DUPONT:** Defendant E. I. Du Pont De Nemours and Company ("DuPont") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

176.    **CHEMOURS:** Defendant The Chemours Company ("Chemours") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, Wilmington, Delaware 19899.

177.    In 2015, DuPont spun off its "Performance Chemicals" business to Chemours, along with certain environmental liabilities. Upon information and belief, at the time of the transfer of its Performance Chemicals business to Chemours, DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding DuPont's liability for damages and injuries arising from the manufacture and sale of PFAS compounds and products that contain PFAS compounds.

178.    **CHEMOURS FC:** Defendant The Chemours Company FC LLC ("Chemours FC"), successor in interest to DuPont Chemical Solutions Enterprise, is a Delaware limited liability company that conducts business throughout the United States. Its principal place of business is 1007 Market Street Wilmington, Delaware, 19899.

179.    **TYCO:** Defendant Tyco Fire Products L.P. ("Tyco") is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business located at 1400 Pennbrook Parkway, Lansdale, Pennsylvania 19446.

180.    Tyco is an indirect subsidiary that is wholly owned by Johnson Controls International P.L.C., an Irish public limited company listed on the New York Stock Exchange

181.    Tyco manufactures the Ansul brand of products and is the successor-in-interest to the corporation formerly known as The Ansul Company ("Ansul") (hereinafter, Ansul and/or Tyco as the successor-in-interest to Ansul will be referred to collectively as "Tyco"). At all times relevant, Tyco manufactured, marketed, promoted, distributed, and/or sold fire suppression products, including AFFF that contained fluorocarbon surfactants containing PFAS.

182.    Upon information and belief, Defendant John Does 1-49 were manufacturers and/or sellers of AFFF products. Although the identities of the John Doe Defendants are currently unknown, it is expected that their names will be ascertained during discovery, at which time the Plaintiffs will move for leave of this Court to add those individuals' actual names to the Complaint as Defendants.

183.    All of the foregoing Defendants, upon information and belief, have previously conducted and/or currently conduct their business throughout the United States. Moreover, some of the foregoing Defendants, if not all, have conducted and/or are currently conducting business in the State of Florida.

184.    Any and all references to a Defendant or Defendants in this Complaint include any predecessors, successors, parents, subsidiaries, affiliates and divisions of the named Defendants.

185.    The term "Defendants," without naming any specific one, refers to all Defendants named in this Complaint jointly and severally. When reference is made to any act or omission of the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of Defendants, and did so while acting within the scope of their employment or agency.

### III.    JURISDICTION & VENUE

186.    This Court has subject matter jurisdiction over this action pursuant to Alabama Code § 12-11-30 because this is an action for damages in excess of twenty thousand dollars ($20,000.00).

187.    Venue is appropriate in Madison County pursuant to Alabama Code § 6-3-7 because a substantial part of the events and omissions giving rise to Plaintiffs' causes of action accrued in this County and because property and resources affected by Defendants' conduct are located in this County.

### IV.    FACTUAL ALLEGATIONS

#### A.  **The PFAS Contaminants at Issue: PFOA and PFOS**

188.    Both PFOA and PFOS fall within a class of chemical compounds known as perfluoroalkyl acids ("PFAAs"). PFAAs are then part of a larger chemical family recognized as per- and polyfluoroalkyl substances ("PFAS"). PFAA is composed of a chain of carbon atoms in which all but one of the carbon atoms are bonded to fluorine atoms, meanwhile the last carbon atom is attached to a functional group. The carbon-fluorine bond is one of the strongest chemical bonds that occur in nature.

189.    PFAAs are sometimes described as long-chain and short-chain compounds, depending on the number of carbon atoms contained in the carbon chain. PFOA and PFOS are considered long-chain PFAAs because they each have eight carbon atoms in their chains.

190.    PFOA and PFOS are stable, man-made chemicals. They are highly water soluble, persistent in the environment and resistant to biologic, environmental, or photochemical degradation. Because these compounds are water soluble and do not readily adsorb to sediments or soil, they tend to stay in the water column and can be transported long distances.

191.    Both PFOA and PFOS are readily absorbed in animal and human tissues after oral exposure and accumulate in the serum, kidney, and liver. They have been found globally in water, soil and air as well as in human food supplies, breast milk, umbilical cord blood, and human blood serum.[1]

192.    Moreover, PFOA and PFOS are persistent in the human body and resistant to metabolic degradation. A short-term exposure can result in a body burden that persists for years and can increase with additional exposures.[2]

193.    Notably, from the time these two compounds were first produced, information has emerged showing negative health effects caused by exposure to PFOA and PFOS. According to EPA, PFOA and PFOS are associated with high cholesterol, thyroid disorders, pregnancy-induced hypertension, preeclampsia, reproductive, developmental, and systemic effects, and cancers.[3]

---

[1] EPA, *Health Effects Support Document for Perfluorooctane Sulfonate (PFOS),* Document No. EPA 822-R-16-002 (May 2016), available at https://www.epa.gov/sites/default/files/2016-05/documents/pfos_hesd_final_508.pdf (last accessed March 11, 2025); EPA, *Health Effects Support Document for Perfluorooctanoic Acid (PFOA)*, available at https://www.epa.gov/sites/default/files/2016-05/documents/pfoa_hesd_final-plain.pdf (last accessed March 11, 2025).

[2] *See* notes 1, 2, *supra. See also* EPA, Technical *Fact Sheet – Perfluorooctane Sulfonate (PFOS) and Perfluorooctanoic Acid (PFOA),* available at  https://www.regulations.gov/document/EPA-HQ-TRI-2022-0270-0009 (last accessed March 11, 2025).

[3] *Id.*

194.    The EPA has warned that there is suggestive evidence of the carcinogenic potential for PFOA and PFOS in humans.[4]

195.    The EPA continues to research the effects of PFAS.  In June 2022, after evaluating over 400 studies published since 2016 and applying human health risk assessment approaches, tools, and models EPA concluded that the new data indicates that the levels of PFOA and/or PFOS exposure at which negative outcomes could occur are much lower than previously understood when the agency issued its 2016 HAs for PFOA and PFOS (70 parts per trillion or ppt).  EPA therefore announced new Interim Updated Health Advisory levels for PFOA of 0.004 ppt and 0.02 ppt for PFOS.[5]

196.    In April, 2024, EPA established legally enforceable levels, called Maximum Contaminant Levels (MCLs), for six PFAS in drinking water: PFOA, PFOS, PFHxS, PFNA, and HFPO-DA as contaminants with individual MCLs, and PFAS mixtures containing at least two or more of PFHxS, PFNA, HFPO-DA, and PFBS using a Hazard Index MCL to account for the combined and co-occurring levels of these PFAS in drinking water. EPA also finalized health-based, non-enforceable Maximum Contaminant Level Goals (MCLGs) for these PFAS.  The MCLs for PFOA and PFOS are each 4 parts per trillion ("ppt").[6]

**B. Aqueous Film-Forming Foam (AFFF) Contained PFOS and/or PFOA at Relevant Times**

197.    Aqueous Film-Forming Foam ("AFFF") is a water-based foam that was first

---

[4] See EPA, *Health Effects Support Document for Perfluorooctane Sulfonate (PFOS)*, Document Number: 822 R-16-002, available at https://www.epa.gov/sites/default/files/2016-05/documents/pfos_hesd_final_508.pdf (last accessed March 11, 2025).

[5] EPA, *Technical Fact Sheet: Drinking Water Health Advisories for Four PFAS (PFOA, PFOS, GenX chemicals, and PFBS)*, Document Number 822-F-22-002, available at https://nepis.epa.gov/Exe/ZyPURL.cgi?Dockey=P10154ST.txt (last accessed March 11, 2025).

[6] EPA, Per- and *Polyfluoroalkyl Substances (PFAS), Final PFAS National Primary Drinking Water Regulation*, available at https://www.epa.gov/sdwa/and-polyfluoroalkyl-substances-pfas (last accessed March 11 2025).

developed in the 1960s to extinguish flammable liquid fuel fires at airports, among other places.

198.    Generally, AFFF is used to extinguish fires, particularly fires that involve petroleum or other flammable liquids. AFFF is typically sprayed directly onto a fire, where it then works by coating the ignited fuel source, preventing its contact with oxygen, and suppressing combustion.

199.    The AFFF products made by Defendants during the relevant time period contained either or both PFOA and PFOS. AFFF produced, marketed, and/or sold by 3M was the only AFFF produced from fluorochemicals manufactured through electrochemical fluorination ("ECF"), a process that generates PFOS. All other Defendants used telomerization to produce AFFF. Fluorochemicals synthesized through telomerization degrade into PFOA, but not PFOS.

200.    When used as the Defendants intended and directed, AFFF causes PFOA, PFOS, and/or other PFAS compounds to enter the body of those handling, using, or otherwise exposed to the foam (including firefighters).  When using AFFF, firefighters may absorb PFOA and PFOS through their skin, inhale PFOA and PFOS compounds, or inadvertently ingest PFOA and PFOS compounds. Additionally, when used as the Defendants intended and directed, AFFF causes PFOA and PFOS to seep into groundwater, and thus, drinking water supplies in the areas in which it is used. Once in the water supply, PFOA and PFOS can travel long distances from where the AFFF was used. This has resulted in widespread contamination of drinking water supplies with PFOA and PFOS nationwide.

201.    Notably, AFFF can be made without PFOA and PFOS.  Unlike AFFF made with PFOA or PFOS, fluorine-free foams do not pose a significant health risk to individuals.

202.    Despite having knowledge of this fact—as well as having knowledge regarding the toxic nature of AFFF made with PFOA and/or PFOS—Defendants continued to manufacture, distribute and/or sell AFFF with PFOA and/or PFOS, which has ultimately led to Plaintiffs' injuries.

## C. <u>Defendants' Knowledge of PFOA and PFOS Hazards</u>

203.    On information and belief, by the 1970s, Defendants knew, or reasonably should have known, among other things, that: (1) PFOA and PFOS are toxic; and (2) when AFFF is used per the instructions given by the manufacturer, PFOA and PFOS migrate through the subsurface, mix easily with groundwater, resist natural degradation, render drinking water unsafe and/or non-potable, and can be removed from public drinking water supplies only at substantial expense.

204.    At all times pertinent herein, Defendants also knew or should have known that PFOA and PFOS present a risk to human health and could be absorbed into the lungs and gastrointestinal tract, potentially causing severe damage to the liver, kidneys, and central nervous system, in addition to other toxic effects, and that PFOA and PFOS are known carcinogens that cause genetic damage.

205.    For instance, in 1980, 3M published data in peer reviewed literature showing that humans retain PFOA in their bodies for years. Based on that data, 3M estimated that it could take a person up to 1.5 years to clear just half of the accumulated PFOA from their body after all exposures had ceased.[7]

206.    By the early 1980s, the industry suspected a correlation between PFOA exposure and human health effects. Specifically, manufacturers observed bioaccumulation of PFOA in workers' bodies and birth defects in children of workers.

207.    In 1981, DuPont tested for and found PFOA in the blood of female plant workers in Parkersburg, West Virginia. DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect, and one a nostril and eye defect.[8]

---

[7] *See* Ubel, F.A., Sorenson, S.D., and Roach, D.E., *Health status of plant workers exposed to fluorochemicals - a preliminary report.* Journal Am. Ind Hyg. Assoc. J 41:584-89 (1980).

[8] *See* DuPont, *C-8 Blood Sampling Results,* available at
https://static.ewg.org/files/PFOA_013.pdf?_gl=1*anldwl*_ga*NTgxNzgzMTc3LjE2ODI2ODk5ODk5ODk.*_ga_CS21GC4

208.    Beginning in 1983, 3M documented a trend of increasing levels of PFOA in the bodies of 3M workers. In an internal memo, 3M's medical officer warned: "[W]e must view this present trend with serious concern. It is certainly possible that [...] exposure opportunities are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body."[9]

209.    Based on information and belief, in 2000, under pressure from the EPA, 3M announced that it was phasing out PFOS and U.S. production of PFOS; 3M's PFOS-based AFFF production did not fully phase out until 2002.  The company stopped producing PFOA at approximately the same time.

210.    From 1951, DuPont, and on information and belief, Chemours, designed, manufactured, marketed and sold Fluorosurfactant Products, including Teflon nonstick cookware, and more recently PFAS feedstocks such as Forafac 1157 N, for use in the manufacturing of AFFF products.

211.    On information and belief, by no later than 2001 Old DuPont manufactured, produced, marketed, and sold Fluorosurfactant Products and/or PFAS feedstocks to some or all of the AFFF product manufacturers for use in their AFFF products that were discharged into the environment and harmed Plaintiffs.

212.    DuPont had been studying the potential toxicity of PFOA since at least the 1960s and knew that it was contaminating drinking water drawn from the Ohio River and did not disclose to the public or to government regulators what they knew about the substance's potential effects on humans, animals, or the environment.[10]

---

9KT*MTY4MzU4Nzg2OC4yLjEuMTY4MzU4Nzk0MC4wLjAuMA..&_ga=2.26293428.885409355.1683587869-581783177.1682689989 (last accessed March 11, 2025).

[9] *See* 3M, Internal Memorandum, *Organic Fluorine Levels*, (August 31, 1984), Office of Minnesota Attorney General, Exhibit List, No. 1313,-available at https://www.ag.state.mn.us/Office/Cases/3M/StatesExhibits.asp (last accessed March 11, 2025).

[10] EPA, Consent Agreement and Final Order, *In re E.I. DuPont de Nemours & Co.*, TSCA Docket TSCA-HQ-2004-

213.    By December 2005, the EPA uncovered evidence that DuPont concealed the environmental and health effects of PFOA, and the EPA announced the "Largest Environmental Administrative Penalty in Agency History." The EPA fined DuPont $16,500,000 for violating the Toxic Substances Control Act "Section 8(e)—the requirement that companies report to the EPA substantial risk information about chemicals they manufacture, process or distribute in commerce."[11]

214.    By July 2011, DuPont could no longer credibly dispute the human toxicity of PFOA, which it continued to manufacture. The "C8 Science Panel" created as part of the settlement of a class action over DuPont's releases from the Washington Works plant had reviewed the available scientific evidence and notified DuPont of a "probable link"[12] between PFOA exposure and the serious (and potentially fatal) conditions of pregnancy-induced hypertension and preeclampsia.[13] By October 2012, the C8 Science Panel had notified DuPont of a probable link between PFOA and five other conditions—high cholesterol, kidney cancer, thyroid disease, testicular cancer, and ulcerative colitis.

215.    In July 2015, DuPont spun off its chemicals division by creating Chemours as a new publicly traded company, once wholly owned by DuPont. By mid-2015, DuPont had dumped its perfluorinated chemical liabilities into the lap of the new Chemours.

---

0016 (Dec. 14, 2005), available at https://www.epa.gov/sites/default/files/documents/dupontpfoasettlement121405.pdf (last accessed March 11, 2025).

[11] *Id.*

[12] Under the settlement, "probable link," means that given the available scientific evidence, it is more likely than not that among class members a connection exists between PFOA/C8 exposure and a particular human disease. *See* C8 Panel, *C8 Probable Link Reports*, available at http://www.c8sciencepanel.org/prob_link.html (last accessed March 11, 2025).

[13] *See* C8 Science Panel, Status Report: PFOA (C8) exposure and pregnancy outcome among participants in the C8 Health Project (July 15, 2011), available at http://www.c8sciencepanel.org/pdfs/Status_Report_C8_and_pregnancy_outcome_15July2011.pdf (last accessed March 11, 2025).

216. Defendants also knew or should have known that: (a) users of AFFF would likely include fire and rescue training organizations and their personnel; (b) fire and rescue personnel were foreseeable users of AFFF containing or degrading into PFOA and/or PFOS in both training and real-life fire emergency scenarios; (c) PFOA and PFOS are dangerous to human health when used by fire and rescue personnel; (d) fire and rescue personnel foreseeably lacked knowledge of these dangers; and, (e) fire and rescue personnel would require warnings of these dangers and/or affirmative instructions in the use of AFFF.

217. Notwithstanding this knowledge, Defendants negligently and carelessly: (1) designed, manufactured, marketed, purchased, supplied, and/or sold PFOA/PFOS; (2) issued instructions on how AFFF should be used and disposed of; (3) failed to recall and/or warn the users of AFFF of the dangers to human health that result from the standard use and disposal of these products; negligently designed products containing or degrading into PFOA and/or PFOS; and (5) further failed and refused to issue the appropriate warnings and/or recalls to the users of AFFF containing PFOA and/or PFOS, notwithstanding the fact that Defendants knew the identity of the purchasers of the PFOA/PFOS.

218. Further, Defendants failed to disclose to environmental regulators and the general public the likely existence of and health risks to the public caused by widespread PFOA and PFOS contamination in drinking water supplies across the country as a result of AFFF usage.

219. As a direct result of Defendants' acts alleged in this Complaint, Plaintiffs suffered severe health effects caused by exposure to AFFF containing PFOA and/or PFOS. As a direct and proximate result, Plaintiffs and their beneficiaries incurred substantial harm, both economic and non-economic.

220. Defendants had a duty and breached their duty to evaluate and test such products adequately and thoroughly to determine their potential human health impacts before they sold such

products. They also had a duty and breached their duty to minimize the risk of harm to human health caused by PFOA and PFOS.

**D.** **The Impact of PFOA and PFOS on the Plaintiffs**

221.    Plaintiffs have been significantly and continuously exposed to PFOA and PFOS over many years as a result of Defendants' conduct.

222.    Plaintiffs have been diagnosed with the serious injuries set forth above, including kidney cancer, testicular cancer, thyroid disease, and ulcerative colitis.

223.    Plaintiffs' injuries were caused by Defendants' Fluorosurfactant Products.

224.    The use of Fluorosurfactant Products as directed and intended by the manufacturers caused Plaintiffs' exposure to PFOA and PFOS, which caused Plaintiffs' injuries.

225.    Therefore, as a direct and proximate result of Defendants' tortious conduct as set forth in this complaint, Plaintiffs were damaged in the following ways:

  a.    Plaintiffs suffered physical pain and mental anguish;

  b.    Plaintiffs incurred hospital, medical, pharmaceutical and other expenses; and

  c.    Plaintiffs experienced undue stress related to their diagnoses, medical conditions, and uncertainty about their prognosis.

## FIRST CAUSE OF ACTION
## STRICT LIABILITY – DEFECTIVE DESIGN

226.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

227.    Plaintiffs were harmed by Fluorosurfactant Products which were designed, manufactured, formulated, marketed, sold and/or distributed by Defendants, or that Defendants assumed or acquired liabilities for, and which were defectively designed, did not include sufficient instructions, and did not include sufficient warning of potential health and safety hazards.

228.    Upon information and belief, Defendants' Fluorosurfactant Products were used in a reasonably foreseeable manner and without substantial change in the condition in which the Products were sold.

229.    Defendants knew of the human health risks associated with exposure to PFOA and PFOS and failed to use reasonable care in the design of their Fluorosurfactant Products.

230.    Defendants knew specifically that firefighters and bystanders would be exposed to these toxic compounds during fire protection, training, and response activities even when Fluorosurfactant Products were used as directed and intended by the manufacturer.

231.    When Defendants placed Fluorosurfactant Products into the stream of commerce, they were defective, unreasonably dangerous, and not reasonably fit, suitable, and safe for their intended, foreseeable and ordinary transportation, storage, handling, and uses for the following reasons:

a.  Users of Fluorosurfactant Products and bystanders are exposed to PFOA and PFOS when Fluorosurfactant Products are used, handled, or disposed of as foreseeable, instructed, and intended;

b.  Use of Defendants' Flourosurfectant Products are likely to cause PFOA and PFOS to leach into the groundwater and infiltrate nearby drinking water;

c.  PFOA and PFOS exposure may cause diseases like Plaintiffs';

d.  PFOA and/or PFOS persist and bioaccumulate in the human body; and

e.  PFOA and/or PFOS pose significant threats to human health.

232.    Fluorosurfactant Products containing PFOA and/or PFOS pose greater danger to human health than would be expected by ordinary persons such as Plaintiffs and the general public.

233.    At all times, Defendants could make AFFF that did not contain PFOA or PFOS. Reasonable alternative designs existed which could have prevented Plaintiffs' injuries and damages.

234.    Furthermore, Defendants knew, or should have known, that their Fluorosurfactant Products released PFAS compounds that are toxic, biopersistent, bioaccummulative, and may cause serious medical conditions.

235.    Plaintiffs were, are, and will continue to be harmed by Defendants' defectively designed Fluorosurfactant Products.

236.     The design of Defendants' Fluorosurfactant Products was a substantial factor in causing harm to Plaintiffs.

237.    The gravity of the harm resulting from Defendants' Fluorosurfactant Products was, is, and will be enormous because exposure to PFOA and PFOS causes serious medical conditions, including Plaintiffs'.

238.    The likelihood that this harm would occur was, is, and will be very high because Defendants knew and/or should have known that Defendants' Fluorosurfactant Products release PFOA and PFOS when handled, stored, and used as directed.

239.    At the time of manufacture, there were safer alternative designs that were feasible, cost effective, and advantageous, including not using PFOS, PFOA, and/or their precursor chemicals in products.

240.    Defendants committed each of the above-described acts or omissions consciously and/or deliberately and with wantonness, fraud, and/or malice with regard to Plaintiffs. Such conduct was performed to promote the sales of Defendants' Fluorosurfactant Products, in conscious disregard to the probable dangerous consequences of that conduct and its reasonably foreseeable impacts on the public health and welfare. Therefore, Plaintiffs request an award of punitive damages in an amount sufficient to punish Defendants and that fairly reflects the aggravating circumstances alleged herein.

241. Therefore, as a direct and proximate result of Defendants' defective design of AFFF, Plaintiffs were physically harmed and are damaged in the following ways:

a. Plaintiffs suffered, and continue to suffer, physical pain and mental anguish;

b. Plaintiffs incurred hospital, medical, pharmaceutical and other expenses;

c. Plaintiffs have endured painful surgeries and treatments for their injuries;

d. Plaintiffs will continue to suffer – and incur additional costs – for the foreseeable future as a result of their injuries; and

e. Plaintiffs suffer undue stress from the fear that their cancer may recur and that they may develop additional health conditions.

## SECOND CAUSE OF ACTION
### STRICT LIABILITY- FAILURE TO WARN

242. Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

243. As manufacturers, distributors, suppliers, sellers, and marketers of Fluorosurfactant Products, Defendants had a duty to issue warnings to Plaintiffs, the public, water providers, and public officials of the risks posed by exposure to PFOA and PFOS.

244. Defendants knew that their Fluorosurfactant Products would be purchased, transported, stored, handled, and used without notice of the hazards that PFOA and PFOS pose to human health.

245. Defendants breached their duty to warn by unreasonably failing to provide Plaintiffs, public officials, purchasers, downstream handlers, and/or the general public with warnings about the health risks associated with PFOA and PFOS, despite Defendants' knowledge that such exposure may cause serious medical conditions.

246. Fluorosurfactant Products purchased or otherwise acquired from Defendants were used, discharged, and/or released by and/or near the Plaintiffs.

247.    Defendants' Fluorosurfactant Products were used in a reasonably foreseeable manner and without substantial changes in the condition in which the products were sold.

248.    Defendants' Fluorosurfactant Products to which Plaintiffs were exposed were defective in design and unreasonably dangerous for the reasons set forth above.

249.    Despite the known human health hazards associated with the use and/or disposal of Defendants' Fluorosurfactant Products, Defendants failed to provide adequate warnings of, or take any other precautionary measures to mitigate, those hazards.

250.    In particular, Defendants failed to describe such hazards or provide any precautionary statements regarding such hazards in the labeling of their Fluorosurfactant Products.

251.    Defendants committed each of the above-described acts or omissions consciously and/or deliberately and with wantonness, fraud, and/or malice with regard to Plaintiffs. Such conduct was performed to promote the sales of Defendants' Fluorosurfactant Products, in conscious disregard to the probable dangerous consequences of that conduct and its reasonably foreseeable impacts on the public health and welfare. Therefore, Plaintiffs request an award of punitive damages in an amount sufficient to punish Defendants and that fairly reflects the aggravating circumstances alleged herein.

252.    Therefore, as a direct and proximate result of Defendants' failure to warn, Plaintiffs were physically harmed and are damaged in the following ways:

a.    Plaintiffs suffered, and continue to suffer, physical pain and mental anguish;

b.    Plaintiffs incurred hospital, medical, pharmaceutical and other expenses;

c.    Plaintiffs have endured painful surgeries and treatments for their injuries;

d.    Plaintiffs will continue to suffer – and incur additional costs – for the foreseeable future as a result of their injuries; and

e.      Plaintiffs suffer undue stress from the fear that their cancer may recur and that they

may develop additional health conditions.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

253.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

254.    As commercial manufacturers, refiners, formulators, distributors, suppliers, sellers,

marketers, shippers, and/or handlers of Fluorosurfactant Products, and/or as those who assumed or

acquired liabilities for the manufacture and sale of Fluorosurfactant Products, Defendants owed a duty

of care to Plaintiffs not to place into the stream of commerce a defective product that was in a

defective condition and unreasonable dangerous to purchasers, end users, as well as to all persons

whom Defendants' Fluorosurfactant Products might foreseeably harm, such as Plaintiffs.

255.    Defendants breached their duty by negligently designing, formulating,

manufacturing, distributing, selling, supplying, and/or marketing such an unreasonably dangerous

product into the stream of commerce even when they knew or should have known of the dangers that

their Fluorosurfactant Products posed to human health.

256.    Despite Defendants' knowledge that PFOA and PFOS are toxic, can bioaccumulate,

biopersist, and may cause serious medical conditions, Defendants negligently: (a) designed,

manufactured, formulated, handled, labeled, instructed, controlled, marketed, promoted, and/or sold

Fluorosurfactant Products; (b) issued instructions on how Fluorosurfactant Products should be used

and disposed of, thus improperly permitting Plaintiffs' exposure to PFOA and/or PFOS; (c) failed to

warn the users of Fluorosurfactant Products of the health risks of exposure to PFOA and/or PFOS

inherent in the standard use and disposal of these products; and (d) failed and refused to issue the

appropriate warnings to the users of Fluorosurfactant Products regarding the proper use and disposal

of these products, notwithstanding the fact that Defendants knew, or could determine with reasonable certainty, the identity of the purchasers of their Fluorosurfactant Products.

257.    Plaintiffs were foreseeable victims of the harm caused by Defendants' Fluorosurfactant Products.

258.    Plaintiff were, are, and will continue to be harmed as a result of Defendants' above described acts and omissions.

259.    Defendants knew it was substantially certain that their acts or omissions described above would cause injury and damage, including Plaintiffs' exposure and resulting medical condition.

260.    Defendants' conduct lacked any care and was an extreme departure from what a reasonably careful company would do in the same situation to prevent harm to others, and thus Defendants were grossly negligent.

261.    Defendants committed each of the above-described acts or omissions consciously and/or deliberately and with wantonness, fraud, and/or malice with regard to Plaintiffs. Such conduct was performed to promote the sales of Defendants' Fluorosurfactant Products, in conscious disregard to the probable dangerous consequences of that conduct and its reasonably foreseeable impacts on the public health and welfare. Therefore, Plaintiffs request an award of punitive damages in an amount sufficient to punish Defendants and that fairly reflects the aggravating circumstances alleged herein.

262.    Therefore, as a direct and proximate result of Defendants' negligence, Plaintiffs were physically harmed and are damaged in the following ways:

a.    Plaintiffs suffered, and continue to suffer, physical pain and mental anguish;

b.    Plaintiffs incurred hospital, medical, pharmaceutical and other expenses;

c.    Plaintiffs have endured painful surgeries and treatments for their injuries;

d.    Plaintiffs will continue to suffer – and incur additional costs – for the foreseeable future as a result of their injuries; and

e.    Plaintiffs suffer undue stress from the fear that their cancer may recur and that they may develop additional health conditions.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE- FAILURE TO RECALL

263.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

264.    As manufacturers, refiners, formulators, distributors, suppliers, sellers, marketers, shippers, and/or handlers of Fluorosurfactant Products, and/or as those who assumed or acquired liabilities for the manufacture and sale of Fluorosurfactant Products, Defendants owed a duty to Plaintiffs, as well as to all persons whom Defendants' Fluorosurfactant Products might foreseeably harm, to exercise due care in the instructing, labeling, and warning of the handling, control, use, and disposal of Defendants' Fluorosurfactant Products.

265.    Defendants' Fluorosurfactant Products were designed, manufactured, marketed, distributed, and sold without adequate warning of toxicity and potential human health risks.

266.    Defendants were negligent by not using reasonable care to warn or instruct about the risks associated with their Fluorosurfactant Products.

267.    Defendants knew or reasonably should have known that their Fluorosurfactant Products were dangerous or likely to be dangerous when used or misused in a reasonably foreseeable manner.

268.    Defendants knew or reasonably should have known that users and third parties would not realize the dangers.

269.    Defendants became aware of the human health risks and environmental hazards presented by their Fluorosurfactant Products by no later than the year 2000.

270.    Despite the fact that Defendants became aware of the human health risks and environmental hazards presented by their Fluorosurfactant Products by no later than the year 2000, Defendants (a) failed to recall and/or warn the users of Fluorosurfactant Products of the exposure to PFOA and PFOS inherent in the standard use and disposal of these products; and (b) failed and refused to issue the appropriate warnings and/or recalls to the users of Fluorosurfactant Products regarding the proper use and disposal of these products, notwithstanding the fact that Defendants knew, or could determine with reasonable certainty, the identities of the purchasers of their Fluorosurfactant Products.

271.    Plaintiffs were foreseeable victims of the harm caused by Defendants' Fluorosurfactant Products.

272.    A reasonable manufacturer, seller, or distributor, under the same or similar circumstances would have warned of the dangers or instructed on the safe use of Fluorosurfactant Products.

273.    Plaintiffs were, are, and will continue to be harmed as a result of Defendants' negligence.

274.    Defendants' failure to recall their Fluorosurfactant Products was a substantial factor in causing Plaintiffs' harm.

275.    Defendants' conduct lacked any care and was an extreme departure from what a reasonably careful company would do in the same situation to prevent harm to others, and thus Defendants were grossly negligent.

276.    Defendants committed each of the above-described acts or omissions consciously and/or deliberately and with wantonness, fraud, and/or malice with regard to Plaintiffs. Such conduct was performed to promote the sales of Defendants' Fluorosurfactant Products, in conscious disregard to the probable dangerous consequences of that conduct and its reasonably foreseeable impacts on

the public health and welfare. Therefore, Plaintiffs request an award of punitive damages in an amount sufficient to punish Defendants and that fairly reflects the aggravating circumstances alleged herein.

277.    Therefore, as a direct and proximate result of Defendants' negligence, Plaintiffs were physically harmed and are damaged in the following ways:

   a.   Plaintiffs suffered, and continue to suffer, physical pain and mental anguish;

   b.   Plaintiffs incurred hospital, medical, pharmaceutical and other expenses;

   c.   Plaintiffs have endured painful surgeries and treatments for their injuries;

   d.   Plaintiffs will continue to suffer – and incur additional costs – for the foreseeable future as a result of their injuries; and

   e.   Plaintiffs suffer undue stress from the fear that their cancer may recur and that they may develop additional health conditions.

## **FIFTH CAUSE OF ACTION**

### **VIOLATION OF THE ALABAMA UNIFORM FRAUDULENT TRANSFER ACT**

**(AGAINST DUPONT, THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, CORTEVA, INC., AND DUPONT DE NEMOURS ONLY)**

150.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

151.    Plaintiffs seek equitable and other relief pursuant to the Alabama Uniform Fraudulent Transfer Act, Ala. Code §§ 8-9A-1 et seq. ("AUFTA"), as adopted by the State of Alabama, against DuPont, Chemours, Chemours FC, Corteva, and DuPont de Nemours (collectively, the "AUFTA Defendants").

152.    Pursuant to Ala. Code § 8-9A-4(a), "[a] transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor."

153.    Subsection (b) of Ala. Code § 8-9A-4 states that, "[i]n determining actual intent under subsection (a), consideration may be given, among other factors, to whether: [...] before the transfer was made the debtor had been sued or threatened with suit; the transfer was of substantially all the debtor's assets; [...] the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred; [and] the transfer occurred shortly before or shortly after a substantial debt was incurred."

154.    Further, Ala. Code § 8-9A-4(c) states that, "[a] transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor:

    a.    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

    b.    Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due."

155.    Upon information and belief, in February 2014, Old DuPont formed The Chemours Company as a wholly-owned subsidiary and used it to spin off Old DuPont's "Performance Chemicals" business line in July 2015.

156.    Upon information and belief, at the time of the spinoff, Old DuPont's Performance Chemicals division contained the Fluorosurfactant Products business segments. In addition to the transfer of the Performance Chemicals division, The Chemours Company accepted broad assumption of liabilities for Old DuPont's historical use, manufacture, and discharge of PFAS.

157.    Upon information and belief, at the time of the transfer of its Performance Chemicals business to The Chemours Company, Old DuPont had been sued, threatened with suit and/or had

knowledge of the likelihood of litigation to be filed regarding Old DuPont's liability for damages and injuries from the manufacture and sale of Fluorosurfactant Products.

158.    The AUFTA Defendants acted with actual intent to hinder, delay and to defraud any creditor of the AUFTA Defendants because: (1) they were engaged and or about to engage in a business for which the remaining assets of The Chemours Company were unreasonably small in relation to the business and; (2) intended to incur, or believed or reasonably should have believed or reasonably should have believed that the Chemours Company would incur, debts beyond its ability to pay as they became due.

159.    The AUFTA Defendants engaged in actions in furtherance of a scheme to transfer Old DuPont's assets out of the reach of Plaintiffs, and other similar parties, that have been damaged as a result of AUFTA Defendants' conduct, omissions, and actions described herein.

160.    As a result of the transfer of assets and liabilities described in this Complaint, the AUFTA Defendants have attempted to limit the availability of assets to cover judgments for all of

the liability for damages and injuries from the manufacturing, marketing, distribution and/or sale of Fluorosurfactant Products.

161.    Pursuant to Ala. Code §§ 8-9A-1 et seq., Plaintiffs seeks avoidance of the transfer of Old DuPont's liabilities for the claims brought in this Complaint and to hold the AUFTA Defendants liable for any damages or other remedies that may be awarded by the Court or jury to the Plaintiffs in this action.

162.    Plaintiffs further seek all other rights and remedies that may be available to them under AUFTA, including prejudgment remedies as available under applicable law, as may be necessary to fully compensate Plaintiffs for the damages and injuries they has suffered as alleged in this Complaint.

## SIXTH CAUSE OF ACTION

**VIOLATION OF THE ALABAMA UNIFORM VOIDABLE TRANSACTIONS ACT**
(AGAINST DUPONT, CHEMOURS, CHEMOURS FC, CORTEVA, AND DUPONT DE NEMOURS ONLY)

163.    Plaintiffs reallege and reaffirm all allegations set forth in the preceding paragraphs.

164.    Plaintiffs seek equitable and other relief pursuant to the Alabama Uniform Voidable Transactions Act, Ala. Code §§ 8-9B-1, et seq. ("AUVTA"), as adopted by the State of Alabama in 2018, against Old DuPont, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and New DuPont (collectively, the "AUVTA Defendants").

165.    Pursuant to Ala. Code § 8-9B-5(a), "[a] transfer made by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer:

a.    with actual intent to hinder, delay, or defraud any creditor of the debtor; or

b.    without receiving a reasonably equivalent value in exchange for the transfer, and the debtor:

   •    was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

   •    intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due."

166.    Further, Ala. Code § 8-9B-5(b) states that, "[i]n determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether: [...] before the transfer was made, the debtor had been sued or threatened with suit; the transfer was of substantially all the debtor's assets; [...] the value of the consideration received by the debtor was not reasonably

equivalent to the value of the asset transferred; [and] the transfer occurred shortly before or shortly after a substantial debt was incurred."

167.    Upon information and belief, in February 2014, Old DuPont formed The Chemours Company as a wholly-owned subsidiary and used it to spin off Old DuPont's "Performance Chemicals" business line in July 2015.

168.    Upon information and belief, at the time of the spinoff, Old DuPont's Performance Chemicals division contained the Fluorosurfactant Products business segments. In addition to the transfer of the Performance Chemicals division, The Chemours Company accepted broad assumption of liabilities for Old DuPont's historical use, manufacture, and discharge of PFAS.

169.    Upon information and belief, at the time of the transfer of its Performance Chemicals business to The Chemours Company, Old DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding Old DuPont's liability for damages and injuries from the manufacture and sale of Fluorosurfactant Products.

170.    The AUVTA Defendants acted with actual intent to hinder, delay and to defraud any creditor of the AUVTA Defendants because: (1) they were engaged and or about to engage in a business for which the remaining assets of The Chemours Company were unreasonably small in relation to the business and; (2) intended to incur, or believed or reasonably should have believed or reasonably should have believed that the Chemours Company would incur, debts beyond its ability to pay as they became due.

171.    The AUVTA Defendants engaged in actions in furtherance of a scheme to transfer Old DuPont's assets out of the reach of Plaintiff, and other similar parties, that have been damaged as a result of AUVTA Defendants' conduct, omissions, and actions described herein.

172.    As a result of the transfer of assets and liabilities described in this Complaint, the AUVTA Defendants have attempted to limit the availability of assets to cover judgments for all of

the liability for damages and injuries from the manufacturing, marketing, distribution and/or sale of Fluorosurfactant Products.

173.    Pursuant to Ala. Code §§ 8-9B-1, et seq., Plaintiffs seeks avoidance of the transfer of Old DuPont's liabilities for the claims brought in this Complaint and to hold the AUVTA Defendants liable for any damages or other remedies that may be awarded by the Court or jury to the Plaintiffs in this action.

174.    Plaintiffs further seek all other rights and remedies that may be available to them under AUVTA, including prejudgment remedies as available under applicable law, as may be necessary to fully compensate Plaintiffs for the damages and injuries they have suffered as alleged in this Complaint.

## TOLLING OF THE STATUTE OF LIMITATIONS

278.    Plaintiffs hereby incorporate by reference the allegations contained within the preceding paragraphs of this Complaint as if restated in full herein.

### Discovery Rule Tolling

279.    Plaintiffs did not know, nor could they have reasonably discovered by the exercise of reasonable diligence, that exposure to fluorochemical products, including AFFF, PFOA, and PFOS was harmful to human health. The risks of said chemicals and AFFF were not obvious to the users of AFFF, nor were they obvious to individuals such as Plaintiffs in the vicinity of AFFF use. Since Plaintiffs could not have reasonably discovered the defects and risks associated with the use of fluorochemical products, they could not protect themselves from exposure to Defendants' fluorochemical products. For this reason, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiffs' claims.

280.    Plaintiffs had no way of knowing about the risk of serious injury associated with the use of, and exposure to, AFFF and fluorochemical products until very recently. Further, Plaintiffs could not have discovered, through the exercise of reasonable diligence, that exposure to AFFF, PFOA, PFOS, and other fluorochemical products is harmful to human health until very recently.

281.    Plaintiffs had no way of knowing about the risk of serious injury associated with the use of, and exposure to, AFFF and fluorochemical products until very recently. Further, Plaintiffs could not have discovered, through the exercise of reasonable diligence, that exposure to AFFF is harmful to human health until very recently.

282.    During the relevant times, Plaintiffs did not possess specialized scientific or medical knowledge. Plaintiffs did not, and could not, have discovered or known facts that could cause a reasonable person to suspect the risk associated with the use of Defendants' fluorochemical products. Further, a reasonable and diligent investigation by Plaintiffs earlier would not have disclosed that AFFF could cause personal injury.

283.    Wherefore, all applicable statutes of limitations pertaining to Plaintiffs' claims have been tolled by operation of the discovery rule.

**Fraudulent Concealment**

284.    Rather than disclose critical safety and health information regarding its AFFF and fluorochemical products, Defendants have consistently and falsely represented the safety of AFFF products.

285.    This fraudulent concealment continues to the present day.

286.    Wherefore, due to Defendants' knowing and active fraudulent concealment and denial of the facts alleged herein through the relevant time for this action, all applicable statutes of limitations have also been tolled.

**Estoppel**

287.    Defendants were under a continuous duty to consumers, end users, and other persons, such as Plaintiffs, coming into contact with their fluorochemical products, to provide truthful and reliable safety information concerning their products and the risks associated with their use, as well as exposure to AFFF.

288.    Rather than fulfill this duty, Defendants knowingly, affirmatively, and actively concealed important safety information and warnings concerning AFFF and the health risks associated with the same.

289.    Wherefore, Defendants are estopped from relying on any statute of limitations in defense of this action.

## PUNITIVE DAMAGES

290.    Under the applicable laws of the State of Alabama, Plaintiffs seek punitive damages due to the wanton and willful acts and/or omissions of Defendants as set forth and alleged throughout this Complaint.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

a.    Compensatory damages and all other special damages according to proof including, but not limited to past and future medical and treatment costs; non-economic damages; loss of earnings and future earnings; and household expenses, among others.

b.    Avoiding the transfer of DuPont's liabilities for claims brought in this Complaint;

c.    Punitive damages;

d.    Consequential damages;

   e.  Attorneys' fees;

   f.  Pre-judgment and post-judgment interest; and

   g.  Any other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by a jury on all of the triable issues of this Complaint.

Dated:    July 22, 2025

                                          Respectfully submitted,

                                          */s/ David J. Hodge* _____
                                          **MORRIS, KING & HODGE, P.C.**
                                          David Hodge (HOD016)
                                          dhodge@mhklawyers.com
                                          200 Pratt Avenue NE
                                          Huntsville, Alabama 35801
                                          Telephone: (256) 533-1504
                                          Fax: (256) 533-1504

                                          **BARON & BUDD, P.C.**
                                          Holly Werkema (FL Bar No. 71133)
                                          hwerkema@baronbudd.com
                                          *(Pro Hac Vice Forthcoming)*
                                          3102 Oak Lawn Dr., Ste. 1100
                                          Dallas, Texas 75219
                                          Telephone: (214) 521-3605
                                          Fax: (214) 279-9915

                                          **COSSICH, SUMICH, PARSIOLA
                                          & TAYLOR, LLC**
                                          Philip F. Cossich, Jr. (LA Bar No. 1788)
                                          pcossich@cossichlaw.com
                                          *(Pro Hac Vice Forthcoming)*
                                          Christina M. Cossich (LA Bar No. 32407)
                                          ccossich@cossichlaw.com
                                          *(Pro Hac Vice Forthcoming)*
                                          8397 Highway 23, Suite 100
                                          Belle Chasse, LA 70037
                                          Telephone: (504) 394-9000

                                          ***Attorneys for Plaintiffs***



AlaFile E-Notice

47-CV-2025-901332.00

To:   DAVID J HODGE
      dhodge@mkhlawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:      11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CLARIANT CORPORATION
CORPORATION SERVICE COMPA
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:    11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: BASF CORPORATION
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  AGC CHEMICALS AMERICAS, INC.
55 E. UWCHLAN AVENUE
SUITE 201
EXTON, PA, 19341

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DYNAX CORPORATION
103 FAIRVIEW PARK DRIVE
ELMSFORD, NY, 10523

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:      11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: BUCKEYE FIRE EQUIPMENT COMPANY
110 KINGS ROAD
MOUNTAIN, NC, 28086

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CORTEVA, INC.
     CT CORPORATION SYSTEM
     2 NORTH JACKSON ST, 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  ARCHROMA U.S., INC.
CT CORPORATION SYSTEM
2 NORTH JACKSON ST 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  E. I. DU PONT DE NEMOURS AND COMPANY
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  ARKEMA, INC.
     CORPORATION SERVICE COMPA
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  AGC, INC. F/K/A ASAHI GLASS CO., LTD.
11175 CICERO DRIVE
SUITE 400
ALPHARETTA, GA, 30022

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:      11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  THE CHEMOURS COMPANY
     C T CORPORATION SYSTEM
     2 NORTH JACKSON ST., 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DUPONT DE NEMOURS, INC.
974 CENTRE ROAD
WILMINGTON, DE, 19805

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURI
CT CORPORATION SYSTEM
2700 LAKE COOK RD
RIVERWOODS, IL, 60015

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  THE CHEMOURS COMPANY FC LLC
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: TYCO FIRE PRODUCTS L.P.
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CHEMDESIGN PRODUCTS, INC.
2 STANTON STREET
MARINETTE, WI, 54143

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:     11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CHEMGUARD, INC.
    1 STANTON STREET
    MARINETTE, WI, 54143

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following alias summons was FILED on 11/12/2025 10:15:58 AM

Notice Date:    11/12/2025 10:15:58 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** CLARIANT CORPORATION, CORPORATION SERVICE COMPA 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

_____
*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

_____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on _____

*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____
*(Type of Process Server)*

_____
*(Server's Signature)*

_____
*(Address of Server)*

_____
*(Badge or Precinct Number of Sheriff or Constable)*

_____
*(Server's Printed Name)*

_____
*(Badge or Precinct Number of Sheriff or Constable)*

_____
*(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** BASF CORPORATION, C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to

*(First and Last Name of Person Served)* in *(Name of County)* County, Alabama on *(Date)*

Document left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by

*(First and Last Name of Person Served)* in *(Name of County)* County, Alabama on *(Date)* who is:

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*

*(Badge or Precinct Number of Sheriff or Constable)*

*(Server's Signature)*

*(Server's Printed Name)*

*(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** AGC CHEMICALS AMERICAS, INC., 55 E. UWCHLAN AVENUE SUITE 201, EXTON, PA 19341

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                                               ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.                    _____

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

[ ] Certified Mail is hereby requested.                                       _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .
*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

Document left:

    [ ] with above-named Defendant;

    [ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

    [ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

    [ ] the above-named Defendant;

    [ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | |
|---|---|
| *(Type of Process Server)* | *(Server's Signature)*   *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** DYNAX CORPORATION, 103 FAIRVIEW PARK DRIVE, ELMSFORD, NY 10523

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in County, Alabama on .

*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

Document left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by

in County, Alabama on who is:

*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** BUCKEYE FIRE EQUIPMENT COMPANY, 110 KINGS ROAD, MOUNTAIN, NC 28086

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of
pursuant to the Alabama Rules of the Civil Procedure. _____
*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .
*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, and am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____
*(Type of Process Server)*

_____
*(Server's Signature)*

_____
*(Address of Server)*

_____
*(Badge or Precinct Number of Sheriff or Constable)*

_____
*(Server's Printed Name)*

_____
*(Badge or Precinct Number of Sheriff or Constable)*

_____
*(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** CORTEVA, INC., CT CORPORATION SYSTEM 2 NORTH JACKSON ST, 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                                         ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                          .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.                          _____

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☐ Certified Mail is hereby requested.                          _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*        *(Name of County)*                          *(Date)*

Document left:

    ☐ with above-named Defendant;

    ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

    ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*        *(Name of County)*                          *(Date)*

    ☐ the above-named Defendant;

    ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____        _____        _____
*(Type of Process Server)*                *(Server's Signature)*                        *(Address of Server)*

_____        _____        _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

_____        _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** ARCHROMA U.S., INC., CT CORPORATION SYSTEM 2 NORTH JACKSON ST 605, MONTGOMERY, AL 36104

<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                                          ,

<em>[Name(s) of Attorney(s)]</em>

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                    .

<em>[Address(es) of Plaintiff(s) or Attorney(s)]</em>

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.                    _____
<em>[Name(s)]</em>

| 11/12/2025 | /s/ DEBRA KIZER | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

[ ] Certified Mail is hereby requested.                                    _____

<em>(Plaintiff's/Attorney's Signature)</em>

## RETURN ON SERVICE

<em>Certified Mail</em>

[ ] Return receipt of certified mail received in this office on _____ .
<em>(Date)</em>

<em>Personal/Authorized</em>

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .
<em>(First and Last Name of Person Served)</em>          <em>(Name of County)</em>                    <em>(Date)</em>

Document left:

    [ ] with above-named Defendant;

    [ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

    [ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

<em>Return of Non-Service</em>

[ ] I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
<em>(First and Last Name of Person Served)</em>          <em>(Name of County)</em>                    <em>(Date)</em>

    [ ] the above-named Defendant;

    [ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |

| _____ | _____ | _____ |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |

| _____ | _____ | |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** E. I. DU PONT DE NEMOURS AND COMPANY, C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in                           County, Alabama on

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in                           County, Alabama on                           who is:

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*                    *(Server's Signature)*                    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>**47-CV-2025-901332.00** |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** ARKEMA, INC., CORPORATION SERVICE COMPA 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                              ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                               .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of
pursuant to the Alabama Rules of the Civil Procedure.                          _____
                                                                                              *[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.                          _____

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*           *(Name of County)*                                    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*           *(Name of County)*                                    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am
at least 19 years of age, and am not a party to this proceeding, and I am not related within the third degree by blood or
marriage to the party seeking service of process.

_____            _____            _____
*(Type of Process Server)*                              *(Server's Signature)*                              *(Address of Server)*

_____            _____
*(Badge or Precinct Number of Sheriff or Constable)*        *(Server's Printed Name)*

_____            _____
*(Badge or Precinct Number of Sheriff or Constable)*        *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** AGC, INC. F/K/A ASAHI GLASS CO., LTD., 11175 CICERO DRIVE SUITE 400, ALPHARETTA, GA 30022

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure. _____
*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)* | *(Name of County)* | *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)* | *(Name of County)* | *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____    _____    _____
*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____    _____    _____
*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

_____    _____
*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** THE CHEMOURS COMPANY, C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in County, Alabama on .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in County, Alabama on who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| --- | --- | --- |

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| --- | --- | --- |

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |
| --- | --- | --- |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** DUPONT DE NEMOURS, INC., 974 CENTRE ROAD, WILMINGTON, DE 19805
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of _____
pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.       _____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

[ ] Return receipt of certified mail received in this office on _____.
*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____.
*(First and Last Name of Person Served)*     *(Name of County)*                    *(Date)*

Document left:

   [ ] with above-named Defendant;

   [ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

   [ ] at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*     *(Name of County)*                    *(Date)*

   [ ] the above-named Defendant;

   [ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____      _____      _____
*(Type of Process Server)*          *(Server's Signature)*              *(Address of Server)*

_____      _____      _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

_____      _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURI, CT CORPORATION SYSTEM 2700 LAKE COOK RD, RIVERWOODS, IL 60015

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                              ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                    .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of _____ pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.                                        

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*                *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*                *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____                    _____                    _____
*(Type of Process Server)*              *(Server's Signature)*                  *(Address of Server)*

_____                    _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

_____                    _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** THE CHEMOURS COMPANY FC LLC, C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in            County, Alabama on

*(First and Last Name of Person Served)*     *(Name of County)*          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in            County, Alabama on            who is:

*(First and Last Name of Person Served)*     *(Name of County)*          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, and I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
|---|---|---|

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |
|---|---|---|

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** TYCO FIRE PRODUCTS L.P., C T CORPORATION SYSTEM 2 NORTH JACKSON ST., 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                                                                          ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.                                    _____
                                                                                                 *[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

[ ] Certified Mail is hereby requested.                                    _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on    _____ .

*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*                                    *(Date)*

Document left:

    [ ] with above-named Defendant;

    [ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

    [ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*                                    *(Date)*

    [ ] the above-named Defendant;

    [ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, and I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |

| _____ | _____ | |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |

| _____ | _____ | |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** CHEMDESIGN PRODUCTS, INC., 2 STANTON STREET, MARINETTE, WI 54143

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of
pursuant to the Alabama Rules of the Civil Procedure.                              _____

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☐ Certified Mail is hereby requested.                              _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*        *(Name of County)*                              *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*        *(Name of County)*                              *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | |
|---|---|
| *(Type of Process Server)* | *(Server's Signature)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |

*(Address of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2025-901332.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** CHEMGUARD, INC., 1 STANTON STREET, MARINETTE, WI 54143

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE                                                                                                        ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                              .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.                              _____
                                                                                                    *[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☐ Certified Mail is hereby requested.

_____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*                              *(Date)*

Document left:

    ☐ with above-named Defendant;

    ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

    ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*                              *(Date)*

    ☐ the above-named Defendant;

    ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____          _____          _____
*(Type of Process Server)*                              *(Server's Signature)*                              *(Address of Server)*

_____          _____          _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

_____          _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

ELECTRONICALLY FILED
11/13/2025 1:23 PM
47-CV-2025-901332.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | C |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COURT, ALABAMA
### PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** AGC CHEMICALS AMERICAS, INC , 55 E. UWCHLAN AVENUE SUITE 201, EXTON, PA 19341

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of _____ pursuant to the Alabama Rules of the Civil Procedure.                      *[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____

*(Date)*

*Personal/Authorized*

☒ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
Tina Crisanti          in     Dauphin       County, Alabama Pennsylvania on   Nov 12, 2025

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |

Document left:

☐ with above-named Defendant;

☒ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☒ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| Private | | 5455 N. Front St. |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | Michael A. Dipalo | Harrisburg, PA. 17110 |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| | 717-402-2100 | **Service Return Copy** |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |



 Wolters Kluwer

**SOP Intake** Portal

**Date:** Wed, Nov 12, 2025

**Time:** 9:41 AM

**Name:** Drop Service

**Phone:** 717-234-2300

**Juris Served:** PA

**Job ID:** 737081

**Total Entries:** 1

Receipt of the following documents at the date, time and location indicated above.

| Entity Served | Agent Name | Case No. |
|---|---|---|
| AGC CHEMICALS AMERICAS, INC. | CT CORPORATION SYSTEM | 47-CV-2025-901332.00 |

NOTE: This document serves solely as a record of the delivery of the listed documents at the specified date, time, and location and does not indicate or constitute CT's acceptance of service of any such documents. CT reserves the right to reject service of process as it deems necessary or appropriate.

Intake Specialist: Tina Crisanti

CT Corporation, a Wolters Kluwer Company



AlaFile E-Notice

47-CV-2025-901332.00

To:  DAVID J HODGE
dhodge@mkhlawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:      11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURI (
     CT CORPORATION SYSTEM
     2700 LAKE COOK RD
     RIVERWOODS, IL, 60015-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:     11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  AGC CHEMICALS AMERICAS, INC. (PRO SE)
     55 E. UWCHLAN AVENUE
     SUITE 201
     EXTON, PA, 19341-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:     11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:   AGC, INC. F/K/A ASAHI GLASS CO., LTD. (PRO SE)
11175 CICERO DRIVE
SUITE 400
ALPHARETTA, GA, 30022-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:      11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  ARCHROMA U.S., INC. (PRO SE)
CT CORPORATION SYSTEM
2 NORTH JACKSON ST 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:     11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  ARKEMA, INC. (PRO SE)
CORPORATION SERVICE COMPA
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:      11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: BASF CORPORATION (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:        11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: BUCKEYE FIRE EQUIPMENT COMPANY (PRO SE)
110 KINGS ROAD
MOUNTAIN, NC, 28086-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:      11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CHEMDESIGN PRODUCTS, INC. (PRO SE)
2 STANTON STREET
MARINETTE, WI, 54143-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:      11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CLARIANT CORPORATION (PRO SE)
CORPORATION SERVICE COMPA
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:      11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CORTEVA, INC. (PRO SE)
     CT CORPORATION SYSTEM
     2 NORTH JACKSON ST, 605
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:     11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:   DUPONT DE NEMOURS, INC. (PRO SE)
974 CENTRE ROAD
WILMINGTON, DE, 19805-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:        11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DYNAX CORPORATION (PRO SE)
103 FAIRVIEW PARK DRIVE
ELMSFORD, NY, 10523-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:     11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: E. I. DU PONT DE NEMOURS AND COMPANY (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:     11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:   THE CHEMOURS COMPANY (PRO SE)
      C T CORPORATION SYSTEM
      2 NORTH JACKSON ST., 605
      MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:      11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  THE CHEMOURS COMPANY FC LLC (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:        11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  TYCO FIRE PRODUCTS L.P. (PRO SE)
     C T CORPORATION SYSTEM
     2 NORTH JACKSON ST., 605
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:      11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:   CHEMGUARD, INC. (PRO SE)
1 STANTON STREET
MARINETTE, WI, 54143-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:     11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:   DAVID J HODGE
      dhodge@mkhlawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:24:02
PM

Notice Date:      11/13/2025 1:24:02 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390

State of Alabama
Unified Judicial System
Form C-34  Rev. 4/2024

# SUMMONS

## - CIVIL -

ELECTRONICALLY FILED
11/13/2025 1:25 PM
47-CV-2025-901332.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA CO
PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC

**NOTICE TO:** CHEMDESIGN PRODUCTS, INC., 2 STANTON STREET, MARINETTE, WI 54143
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
DAVID J HODGE
_____,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801                                          .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
   this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of     _____
   pursuant to the Alabama Rules of the Civil Procedure.                                        *[Name(s)]*

_____          /s/ DEBRA KIZER          By: _____
*(Date)*          11/12/2025          *(Signature of Clerk)*          *(Name)*

☐ Certified Mail is hereby requested.          _____
                                                *(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on     _____ .
                                                                  *(Date)*

*Personal/Authorized*

☒ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
*Laura Garling* in *Dane* County, ~~Alabama~~ on *11/12/25* .
*(First and Last Name of Person Served)*          *(Name of County)*          *Wisc.*          *(Date)*

Document left:

☐   with above-named Defendant;

☒   with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐   at the above-named Defendant's dwelling house or place or usual place of abode with some
    person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

☐   the above-named Defendant;

☐   an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☒ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am
at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or
marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*
N/A          *Joanne Van Norman*          6401 Monona Dr.

*(Badge or Precinct Number of Sheriff or Constable)*          *(Server's Printed Name)*          Madison, WI
11

*(Badge or Precinct Number of Sheriff or Constable)*          *(Telephone Number of Designated Process Server)*          **Service Return Copy**
                                                               608-251-1181



AlaFile E-Notice

47-CV-2025-901332.00

To:   DAVID J HODGE
      dhodge@mkhlawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURI (
     CT CORPORATION SYSTEM
     2700 LAKE COOK RD
     RIVERWOODS, IL, 60015-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: AGC CHEMICALS AMERICAS, INC. (PRO SE)
55 E. UWCHLAN AVENUE
SUITE 201
EXTON, PA, 19341-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:      11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  AGC, INC. F/K/A ASAHI GLASS CO., LTD. (PRO SE)
11175 CICERO DRIVE
SUITE 400
ALPHARETTA, GA, 30022-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: ARCHROMA U.S., INC. (PRO SE)
CT CORPORATION SYSTEM
2 NORTH JACKSON ST 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:   ARKEMA, INC. (PRO SE)
CORPORATION SERVICE COMPA
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:   BASF CORPORATION (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:      11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  BUCKEYE FIRE EQUIPMENT COMPANY (PRO SE)
110 KINGS ROAD
MOUNTAIN, NC, 28086-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:      11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: CHEMDESIGN PRODUCTS, INC. (PRO SE)
2 STANTON STREET
MARINETTE, WI, 54143-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CLARIANT CORPORATION (PRO SE)
CORPORATION SERVICE COMPA
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:      11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: CORTEVA, INC. (PRO SE)
CT CORPORATION SYSTEM
2 NORTH JACKSON ST, 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:    11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DUPONT DE NEMOURS, INC. (PRO SE)
974 CENTRE ROAD
WILMINGTON, DE, 19805-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:      11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DYNAX CORPORATION (PRO SE)
103 FAIRVIEW PARK DRIVE
ELMSFORD, NY, 10523-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  E. I. DU PONT DE NEMOURS AND COMPANY (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  THE CHEMOURS COMPANY (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:   THE CHEMOURS COMPANY FC LLC (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  TYCO FIRE PRODUCTS L.P. (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:      11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CHEMGUARD, INC. (PRO SE)
1 STANTON STREET
MARINETTE, WI, 54143-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:      11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DAVID J HODGE
     dhodge@mkhlawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:25:28
PM

Notice Date:     11/13/2025 1:25:28 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390

ELECTRONICALLY FILED
11/13/2025 1:26 PM
47-CV-2025-901332.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

State of Alabama
Unified Judicial System
Form C-34  Rev. 4/2024

# SUMMONS
## - CIVIL -

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC**

**NOTICE TO:** CHEMGUARD, INC., 1 STANTON STREET, MARINETTE, WI 54143

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID J HODGE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 200 Pratt Avenue, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/12/2025 | /s/ DEBRA KIZER | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

[X] I certify that I personally delivered a copy of this Summons and the Complaint or other document to

George Martinez, Intake Specialist in Dallas County, ~~Alabama~~ on 11/11/2025

*(First and Last Name of Person Served)*  *(Name of County)*  Texas  *(Date)*  at 11:26 AM

Document left:

[ ] with above-named Defendant;

[X] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*  *(Name of County)*  *(Date)*

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[X] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | 4834 Swiss Ave. |
| PSC-331; Exp 07/31/2026 | Arthur B. Cirillo | Dallas, TX 75204 |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | *(Address of Server)* |
| | 800-361-2611 | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | **Service Return Copy** |



AlaFile E-Notice

47-CV-2025-901332.00

To:   DAVID J HODGE
      dhodge@mkhlawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURI (
CT CORPORATION SYSTEM
2700 LAKE COOK RD
RIVERWOODS, IL, 60015-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: AGC CHEMICALS AMERICAS, INC. (PRO SE)
55 E. UWCHLAN AVENUE
SUITE 201
EXTON, PA, 19341-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:     11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  AGC, INC. F/K/A ASAHI GLASS CO., LTD. (PRO SE)
11175 CICERO DRIVE
SUITE 400
ALPHARETTA, GA, 30022-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  ARCHROMA U.S., INC. (PRO SE)
CT CORPORATION SYSTEM
2 NORTH JACKSON ST 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  ARKEMA, INC. (PRO SE)
CORPORATION SERVICE COMPA
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  BASF CORPORATION (PRO SE)
     C T CORPORATION SYSTEM
     2 NORTH JACKSON ST., 605
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: BUCKEYE FIRE EQUIPMENT COMPANY (PRO SE)
110 KINGS ROAD
MOUNTAIN, NC, 28086-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: CHEMDESIGN PRODUCTS, INC. (PRO SE)
2 STANTON STREET
MARINETTE, WI, 54143-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:        11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CLARIANT CORPORATION (PRO SE)
CORPORATION SERVICE COMPA
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CORTEVA, INC. (PRO SE)
     CT CORPORATION SYSTEM
     2 NORTH JACKSON ST, 605
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:     11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DUPONT DE NEMOURS, INC. (PRO SE)
974 CENTRE ROAD
WILMINGTON, DE, 19805-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DYNAX CORPORATION (PRO SE)
103 FAIRVIEW PARK DRIVE
ELMSFORD, NY, 10523-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:        11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To: E. I. DU PONT DE NEMOURS AND COMPANY (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:        11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  THE CHEMOURS COMPANY (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  THE CHEMOURS COMPANY FC LLC (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  TYCO FIRE PRODUCTS L.P. (PRO SE)
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:     11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  CHEMGUARD, INC. (PRO SE)
1 STANTON STREET
MARINETTE, WI, 54143-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-901332.00

To:  DAVID J HODGE
     dhodge@mkhlawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER ABASHIAN ET AL V. 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFAC
47-CV-2025-901332.00

The following RETURN ON SERVICE - SERVED was FILED on 11/13/2025 1:26:47
PM

Notice Date:      11/13/2025 1:26:47 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390